OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
For The District of Wyoming



Stephan Harris
Clerk of Court

Maggie Botkins
Chief Deputy Clerk

September 3, 2019

Elisabeth A. Shumaker, Clerk of Court
United States Court of Appeals for the 10th Circuit
Byron R. White Courthouse
1823 Stout Street
Denver, Colorado 80257

Re:   *Bronnenberg v. Eggar et al*
      District Court Case Number:  2:19-cv-00021-SWS
      Notice of Appeal filed:  9/3/2019
      **$500.00 fee was not paid * $5.00 fee was not paid**; Receipt # N/A

Dear Ms. Shumaker:

Attached are documents filed in connection with the Notice of Appeal in this case, which will constitute the preliminary record on appeal:

- Copy of the district court docket entries.
- Copy of the notice of appeal.
- Copy of the district court's final judgment or order(s) from which the appeal is taken, as follows:

10 ORDER On 28 U.S.C. § 1915 Screening of Amended Complaint 9 by the Honorable Scott W Skavdahl.

45 ORDER GRANTING 28 Defendant's Motion for Summary Judgment by the Honorable Scott W Skavdahl

46 JUDGMENT in favor of Defendant by the Honorable Scott W Skavdahl.

If any thing further is required, please let me know.

Sincerely,

STEPHAN HARRIS
Clerk of Court

By:   *Tiffany Dyer*
      Deputy Clerk

Attachment(s)

**The procedures and appeals packet may be obtained from our website at http://www.wyd.uscourts.gov**

APPEAL,PROSE,TERMED

# U.S. District Court
## District of Wyoming (Cheyenne)
## CIVIL DOCKET FOR CASE #: <u>2:19–cv–00021–SWS</u>
### *Internal Use Only*

Bronnenberg v. Egger et al

Assigned to: Honorable Scott W Skavdahl

Referred to: Honorable Kelly H Rankin

 Case in other court:  USCA, 19–08026

Cause: 42:1983 Civil Rights Act

Date Filed: 01/30/2019

Date Terminated: 08/05/2019

Jury Demand: Plaintiff

Nature of Suit: 440 Civil Rights: Other

Jurisdiction: Federal Question

**<u>Plaintiff</u>**

| | | |
|---|---|---|
| **Tami Mae Bronnenberg** | represented by | **Tami Mae Bronnenberg** |
| | | P O Box 802 |
| | | Cody, WY 82414 |
| | | 307/899–2150 |
| | | PRO SE |

V.

**<u>Defendant</u>**

| | | |
|---|---|---|
| **Beau J Egger** | represented by | **Adrian K Kowalski** |
| *also known as* | | WYOMING ATTORNEY GENERAL |
| Beau J Eggar | | 2320 Capital Avenue |
| | | Cheyenne, WY 82002 |
| | | 307/777–7580 |
| | | Fax: 307/777/8920 |
| | | Email: <u>adrian.kowalski@wyo.gov</u> |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Daniel E White** |
| | | WYOMING ATTORNEY GENERAL |
| | | 2424 Pioneer Avenue |
| | | Cheyenne, WY 82002 |
| | | 307/777–7495 |
| | | Fax: 307/777–8920 |
| | | Email: <u>heather.hunter@wyo.gov</u> |
| | | *TERMINATED: 06/25/2019* |

**<u>Defendant</u>**

**William K Struemke**
*attorney*
*TERMINATED: 02/25/2019*

**<u>Defendant</u>**

**Sara L Struemke**
*secretary*
*TERMINATED: 02/25/2019*

<u>**Defendant**</u>

**Servicm Legal Services LLC**
*TERMINATED: 02/25/2019*

<u>**Defendant**</u>

**DC Marlin D Richardson**
*TERMINATED: 02/25/2019*

<u>**Defendant**</u>

**Big Horn Basin Chiropractic**
*TERMINATED: 02/25/2019*

<u>**Defendant**</u>

**Cody WY**
*TERMINATED: 02/25/2019*

<u>**Defendant**</u>

**Park County Detention Center**
*TERMINATED: 02/25/2019*

<u>**Defendant**</u>

**Park County Board of County
Commissioners**
*TERMINATED: 02/25/2019*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 01/30/2019 | 1 | | COMPLAINT with Jury Demand filed by Tami Mae Bronnenberg (Attachments: # 1 Requests for Consent to Sue, # 2 Mailing Label) (Court Staff, sbh) (Entered: 01/30/2019) |
| 01/30/2019 | 2 | | MOTION to Proceed In Forma Pauperis filed by Plaintiff Tami Mae Bronnenberg (Court Staff, sbh) Modified to remove termination on 2/25/2019 (Court Staff, scat). (Entered: 01/30/2019) |
| 01/30/2019 | 3 | | MOTION to Appoint Counsel filed by Plaintiff Tami Mae Bronnenberg (Attachments: # 1 Proposed Order) (Court Staff, sbh) Modified on 2/28/2019 (Court Staff, scat). (Entered: 01/30/2019) |
| 01/30/2019 | 4 | | MOTION for Service of Process at Government Expense filed by Plaintiff Tami Mae Bronnenberg (Attachments: # 1 Proposed Order) (Court Staff, sbh) (Entered: 01/30/2019) |
| 02/01/2019 | 5 | | ORDER Dismissing Complaint on 28 U.S.C. §1915 Screening by the Honorable Scott W Skavdahl. All pending Motions in this case are denied as moot. Copy of Order provided to Plaintiff by U.S. Mail.(Court Staff, scat) |

| | | | (Entered: 02/01/2019) |
|---|---|---|---|
| 02/04/2019 | 6 | | MOTION REFERRED TO Judge Kelly H Rankin. MOTION to Amend/Correct 1 Complaint filed by Plaintiff Tami Mae Bronnenberg. (Court Staff, sal) (Entered: 02/04/2019) |
| 02/05/2019 | 7 | | ORDER by the Honorable Kelly H Rankin granting 6 MOTION to Amend/Correct 1 Complaint filed by Plaintiff Tami Mae Bronnenberg. IT IS ORDERED Plaintiff's Motion to Amend 1983 Civil Rights Complaint [Doc. 6] is GRANTED. IT IS FURTHER ORDERED Plaintiff may file an Amended Complaint on or before February 22, 2019. IT IS FURTHER ORDERED Plaintiff provide the Court with a complete Amended Complaint.Plaintiff sent a copy of this Order via U.S. Postal Service sent on 2/5/2019. (Court Staff, sjgc) (Entered: 02/05/2019) |
| 02/14/2019 | 8 | | MOTION for Reconsideration re 5 Order dismissing case, filed by Plaintiff Tami Mae Bronnenberg. (Attachments: # 1 Envelope)(Court Staff, scat) (Entered: 02/14/2019) |
| 02/14/2019 | 9 | | AMENDED COMPLAINT against Defendant Big Horn Basin Chiropractic, Cody WY, Beau J Eggar, Park County Board of County Commissioners, Park County Detention Center, Marlin D Richardson, Servicm Legal Services LLC, Sara L Struemke, William K Struemke, filed by Tami Mae Bronnenberg. (Court Staff, scat) (Additional attachment(s) added on 2/14/2019: # 1 Supplement: Certified copy of Exhibit D (page 14)) (Court Staff, sbh). (Entered: 02/14/2019) |
| 02/25/2019 | 10 | 7 | ORDER On 28 U.S.C. § 1915 Screening of Amended Complaint 9 by the Honorable Scott W Skavdahl. The amended complaint states a claim upon which relief can be granted against Defendant Beau J. Eggar. It is Further ORDERED that the Clerk of Court shall serve Defendant Beau J. Eggar in his individual/personal capacity. It is Further ORDERED that Defendant Eggar shall serve an answer within twenty−one(21) days of being served the summons and complaint. It is Further ORDERED that all other claims alleged in the amended complaint are **dismissed with prejudice**. It is Further ORDERED that 2 Motion for Leave to Proceed in forma pauperis is **granted**; It is Finally ORDERED that 8 Motion for Reconsideration re 9 Amended Complaint is **denied as moot** because the Court has herein screened anew her amended complaint. Copy of Order mailed to Plaintiff on this date. (Court Staff, scat) Modified text on 2/25/2019 (Court Staff, scat). (Entered: 02/25/2019) |
| 02/25/2019 | 11 | | WAIVER of Service Issued for Beau J. Eggar on 2/25/2019. Waiver of Service due by 3/27/2019. (Court Staff, scat) (Entered: 02/25/2019) |
| 02/28/2019 | 12 | | ORDER by the Honorable Scott W Skavdahl denying 3 Motion to Appoint Counsel. Copy of Order mailed to Plaintiff of this date. (Court Staff, scat) (Entered: 02/28/2019) |
| 03/11/2019 | 13 | | WAIVER OF SERVICE Returned Executed by Beau J Eggar. Beau J Eggar 2/25/2019, answer due 4/26/2019 (Court Staff, sal) (Entered: 03/11/2019) |
| 03/12/2019 | 14 | | OBJECTION to 10 Order on 28 U.S.C. § 1915 Screening of Amended Complaint filed by Plaintiff Tami Mae Bronnenberg. (Court Staff, scat) (Main Document 14 replaced on 3/12/2019 to remove duplicate page) (Court Staff, scat). (Entered: 03/12/2019) |

| 03/15/2019 | 15 | | OBJECTION to 12 Order on Motion to Appoint Counsel filed by Plaintiff Tami Mae Bronnenberg. (Attachments: # 1 envelope) (Court Staff, skb) (Main Document 15 replaced on 3/20/2019 to correct pagination) (Court Staff, skb). Modified on 3/20/2019 (Court Staff, skb). (Entered: 03/15/2019) |
| 03/26/2019 | 16 | | NOTICE of Attorney Appearance by Daniel E White on behalf of Beau J Eggar (White, Daniel) (Entered: 03/26/2019) |
| 03/26/2019 | 17 | | NOTICE of Attorney Appearance by Adrian K Kowalski on behalf of Beau J Eggar (Kowalski, Adrian) (Entered: 03/26/2019) |
| 03/26/2019 | 18 | | NOTICE of Unconstitutional Federal Statute, 28 U.S.C. §1915 by Plaintiff Tami Mae Bronnenberg (Court Staff, scat) (Entered: 03/26/2019) |
| 03/26/2019 | 19 | | NOTICE OF INTERLOCUTORY APPEAL as to 10 Order On 28 U.S.C. § 1915 Screening of Amended Complaint by Plaintiff Tami Mae Bronnenberg. (Filing fee not paid– IFP pending) (Court Staff, stbd) (Entered: 03/26/2019) |
| 03/26/2019 | 20 | | NON–PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access MOTION to Appeal in forma pauperis filed by Plaintiff Tami Mae Bronnenberg. (Court Staff, stbd) Modified on 4/2/2019 (Court Staff, stbd). (Entered: 03/26/2019) |
| 03/26/2019 | 21 | | NON–PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access – AFFIDAVIT of Tami Mae Bronnenberg re 20 MOTION to Appeal in forma pauperis filed by Plaintiff Tami Mae Bronnenberg. (Court Staff, stbd) (Entered: 03/26/2019) |
| 03/26/2019 | 22 | | Preliminary Record of appeal sent to USCA and counsel re 19 Notice of Appeal **The procedures and appeals packet may be obtained from our website at www.wyd.uscourts.gov** (Attachments: # 1 Preliminary Record on Appeal Including Notice of Appeal) (Court Staff, stbd) (Entered: 03/26/2019) |
| 03/27/2019 | 23 | | Appeal Number **19–8026** received from USCA for 19 Notice of Appeal filed by Tami Mae Bronnenberg. (Court Staff, stbd) (Entered: 03/28/2019) |
| 04/01/2019 | 24 | | ORDER by the Honorable Scott W Skavdahl granting 20 Motion for Leave to Appeal in forma pauperis (cc: defendant via US Mail)(Court Staff, stbd)Modified on 4/8/2019 (Court Staff, stbd). (Entered: 04/01/2019) |
| 04/03/2019 | 25 | | JUDICIAL NOTICE by Plaintiff Tami Mae Bronnenberg in Support of 18 Notice of Unconstitutional Federal Statute, 28 U.S.C. 1915. (Court Staff, scat) (Entered: 04/03/2019) |
| 04/04/2019 | 26 | | Misdirected Appeal Document– Plaintiff's Motion for Voluntary Dismissal of Notice of Appeal received and forwarded to USCA. (Court Staff, stbd) (Entered: 04/04/2019) |
| 04/05/2019 | 27 | | MANDATE of USCA DISMISSING 19 Notice of Appeal filed by Tami Mae Bronnenberg. (Attachments: # 1 Order) (Court Staff, stbd) (Entered: 04/05/2019) |
| 04/26/2019 | 28 | | Converted to MOTION for Summary Judgment per 30 MOTION to Dismiss filed by Defendant Beau J Eggar. (Kowalski, Adrian) Modified text and event on 4/30/2019 (Court Staff, scat). (Entered: 04/26/2019) |
| 04/26/2019 | 29 | | |

| | | | |
|---|---|---|---|
| | | | MEMORANDUM in Support of 28 Motion for Summary Judgment ~~Motion to Dismiss~~ filed by Defendant Beau J Eggar. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit Unpublished Case Hammett, # 6 Exhibit Unpublished Case Calbart) (Kowalski, Adrian) Modified to remove duplicate text on 4/29/2019 (Court Staff, scat). Modified text on 4/30/2019 (Court Staff, scat). (Entered: 04/26/2019) |
| 04/30/2019 | 30 | | ORDER Converting Defendants 28 MOTION to Dismiss to Motion for Summary Judgment by the Honorable Scott W Skavdahl. Defendant's Motion to Dismiss Plaintiff's Complaint 28 and accompanying memorandum 29 will be treated and considered as a motion for summary judgment under Rule 56 Plaintiff is provided the opportunity to include all materials pertinent to the motion with her response to the motion which she must file no later than 5/17/2019. Copy of Order provided to Plaintiff via US Mail(Court Staff, scat) Modified text on 4/30/2019 (Court Staff, scat). Modified text on 5/2/2019 (Court Staff, scat). (Entered: 04/30/2019) |
| 05/17/2019 | 31 | | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Order Correct Spelling in Caption filed by Plaintiff Tami Mae Bronnenberg. (Attachments: # 1 Proposed Order)(Court Staff, scat) (Additional attachment(s) added on 5/17/2019: # 2 Envelope) (Court Staff, scat). (Entered: 05/17/2019) |
| 05/17/2019 | 32 | | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Permission to File 17 Page Response filed by Plaintiff Tami Mae Bronnenberg. (Attachments: # 1 Proposed Order)(Court Staff, scat) (Entered: 05/17/2019) |
| 05/17/2019 | 33 | | RESPONSE to 28 MOTION for Summary Judgment, filed by Plaintiff Tami Mae Bronnenberg. (Attachments: # 1 Affidavit of Tami Bronnenberg, # 2 Exhibit 1, # 3 Exhibit 2) (Court Staff, scat) (Entered: 05/17/2019) |
| 05/17/2019 | 34 | | ORDER by the Honorable Kelly H Rankin granting 32 Motion to File Excess Pages. Plaintiff may file a response up to seventeen pages in length in opposition to Defendant's Motion for Summary Judgment 28 . Copy of Order mailed to Plaintiff on this date. (Court Staff, sjh) (Entered: 05/17/2019) |
| 05/24/2019 | 35 | | REPLY to 33 Response to Motion *for Summary Judgment* filed by Defendant Beau J Eggar. (Attachments: # 1 Exhibit Unpublished Case Taylor v Burd) (Kowalski, Adrian) (Entered: 05/24/2019) |
| 05/28/2019 | 36 | | MOTION for Declaratory Judgment filed by Plaintiff Tami Mae Bronnenberg. (Attachments: # 1 Proposed Order, # 2 Envelope)(Court Staff, scat) (Entered: 05/28/2019) |
| 06/04/2019 | 37 | | (TEXT−ONLY) ORDER by the Honorable Kelly H Rankin granting 31 Motion for Order. Caption is amended as requested. Plaintiff sent a copy of the docket sheet via U.S. Postal Service sent on 6/4/2019. (Court Staff, sjgc) (Entered: 06/04/2019) |
| 06/04/2019 | 38 | | MOTION for Summary Judgment, filed by Plaintiff Tami Mae Bronnenberg. (Attachments: # 1 Proposed Order, # 2 Exhibit, # 3 Exhibit, # 4 Envelope)(Court Staff, scat) (Entered: 06/04/2019) |
| 06/11/2019 | 39 | | RESPONSE to 36 Motion for Judgment filed by Defendant Beau J Egger. (Attachments: # 1 Exhibit Unpublished Case Lawrence v. Kuenhold, # 2 Exhibit Unpublished Case Potomac v. Pella, # 3 Exhibit Unpublished Case |

| | | | Robinson v. Blank) (Kowalski, Adrian) (Entered: 06/11/2019) |
|---|---|---|---|
| 06/18/2019 | 40 | | RESPONSE to 38 Motion for Summary Judgment filed by Defendant Beau J Egger. (Attachments: # 1 Exhibit Unpublished Case Bencomo v. Bd Cty Commrs, # 2 Exhibit Unpublished Case Scott v. City of Albuquerque) (Kowalski, Adrian) (Entered: 06/18/2019) |
| 06/24/2019 | 41 | | BRIEF in support of 36 Motion for Judgment filed by Plaintiff Tami Mae Bronnenberg. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Envelope) (Court Staff, scat) (Entered: 06/24/2019) |
| 06/25/2019 | 42 | | MOTION REFERRED TO Judge Kelly H Rankin. MOTION to Withdraw as Attorney filed by Defendant Beau J Egger. (Attachments: # 1 Proposed Order)(White, Daniel) (Entered: 06/25/2019) |
| 06/25/2019 | 43 | | ORDER by the Honorable Kelly H Rankin granting 42 Motion to Withdraw as Attorney. Attorney Daniel E White terminated. (Court Staff, sjh) (Entered: 06/25/2019) |
| 07/01/2019 | 44 | | REPLY to 40 Response filed by Plaintiff Tami Mae Bronnenberg. (Attachments: # 1 Appendix, # 2 Envelope) (Court Staff, stbd) (Entered: 07/01/2019) |
| 08/05/2019 | 45 | 19 | ORDER GRANTING 28 Defendant's Motion for Summary Judgment by the Honorable Scott W Skavdahl. Officer Egger is entitled to qualified immunity. It is Further ORDERED that Plaintiff's 36 Motion for Declaratory Judgment and 38 Motion for Summary Judgment are DENIED. Final judgment in Defendants' favor and against Plaintiff shall be entered in this matter and the case will be closed. Copy of Order provided to Plaintiff via US Mail. (Court Staff, scat) Modified text on 8/8/2019 (Court Staff, sjlg). (Entered: 08/05/2019) |
| 08/05/2019 | 46 | 28 | JUDGMENT in favor of Defendant by the Honorable Scott W Skavdahl. Copy of Judgment provided to Plaintiff via US Mail.(Court Staff, scat) (Additional attachment(s) added on 8/5/2019: # 1 Bill of Costs) (Court Staff, scat). (Entered: 08/05/2019) |
| 09/03/2019 | 47 | 31 | NOTICE OF APPEAL as to 10 ORDER On 28 U.S.C. § 1915 Screening of Amended Complaint 45 Order on Motion for Judgment, Order on Motion for Summary Judgment & 46 Judgment, by Plaintiff Tami Mae Bronnenberg. (Attachments: # 1 Envelope) (Court Staff, stbd) (Entered: 09/03/2019) |

# UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 FEB 25  AM 8: 38

STEPHAN HARRIS, CLERK
CASPER

TAMI MAE BRONNENBERG,

       Plaintiff,

      v.

BEAU J. EGGAR, Arresting Officer; WILLIAM K.
STRUEMKE, Attorney; SARA L. STRUEMKE,
Secretary; SERVICM LEGAL SERVICES, LLC;
MARLIN D. RICHARDSON, DC; BIG HORN BASIN
CHIROPRACTIC; CITY OF CODY; PARK COUNTY
DETENTION CENTER; BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF PARK;

       Defendants.

Case No. 19-CV-21-SWS

---

## ORDER ON 28 U.S.C. § 1915 SCREENING OF AMENDED COMPLAINT

This matter comes before the Court on Ms. Bronnenberg's *pro se* Amended 1983

Civil Rights Complaint Pursuant to 42 USCS §1983 (Doc. 9), filed on February 14, 2019.

Because Ms. Bronnenberg seeks to proceed *in forma pauperis* in this action without the

prepayment of fees (Doc. 2), the litigation process generally begins with the Court

screening her amended complaint under 28 U.S.C. § 1915. *See Buchheit v. Green*, 705

F.3d 1157, 1161 (10th Cir. 2012) (noting that prompt screening, even for cases involving

non-prisoners, "may be a good thing and conserve the resources of defendants forced to

respond to baseless lawsuits"). Ms. Bronnenberg's original civil rights complaint was

dismissed without prejudice upon initial screening for failure to state a plausible claim

upon which relief could be granted.  (Doc. 5.)  She then sought and received leave to file

this amended complaint (Docs. 6, 7), which the Court now screens.

## LAW

Section 1915(e)(2)(B) requires a district court to dismiss the case whenever the

court determines the action "fails to state a claim on which relief may be granted or seeks

monetary relief against a defendant who is immune from such relief."  *See Merryfield v.*

*Jordan*, 584 F.3d 923, 926 (10th Cir. 2009).  For § 1915 screening purposes, the Court

accepts the Plaintiff's allegations as true and construes all reasonable inferences drawn

from those allegations in the light most favorable to the Plaintiff.  *See Kay v. Bemis*, 500

F.3d 1214, 1217-18 (10th Cir. 2007).

## DISCUSSION

The underlying basis for Ms. Bronnenburg's amended civil rights complaint seems

to be an allegation that Defendant Beau Eggar[1], a law enforcement officer at the relevant

time, arrested her on January 31, 2017, on an invalid arrest warrant despite her attempts

to explain to him why it was invalid.  (Doc. 9 at pp. 3-4.)  It appears she was released

from detention less than an hour after being booked, ostensibly because the arrest warrant

had indeed been canceled.  (*Id.*)   As for the other defendants, she alleges generally that

they are somehow also responsible for her arrest and they conspired together to

wrongfully arrest her.

**1.    Ms. Bronnenburg has stated a plausible § 1983 claim for false arrest/false
       imprisonment under the Fourth Amendment against Defendant Beau Egger.**

---

[1] Ms. Bronnenburg also spells this defendant's name as "Egger" in her amended complaint.

Officer Eggar "was relying on" an arrest warrant as his basis for arresting Ms. Bronnenburg. (Doc. 9 at p. 3.) Attached as "Exhibit A" to her amended complaint is an "Order Vacating Warrant and Resetting Previously Scheduled Hearing," entered by the state district judge of the Fifth Judicial District of Wyoming. (Doc. 9 at p. 11.) It was entered on January 17, 2017, and it ordered "that the Warrant issued January 9, 2017 in this matter is vacated." (*Id.*) Ms. Bronnenburg alleges she showed this order to Officer Eggar at the time he arrested her on January 31, 2017, to convince him not to execute the arrest warrant, but he ignored her and arrested her anyway. (Doc. 9 at pp. 3-4, 5.) Nowhere in her amended complaint does Ms. Bronnenburg suggest the arrest warrant on which Officer Eggar relied was somehow invalid on its face (*see generally* Doc. 9), but its facial validity can be reasonably questioned at this point, particularly considering that the order vacating the warrant had been filed two weeks prior to Ms. Bronnenburg's arrest.

Generally, an officer executing an arrest warrant that is valid on its face enjoys absolute immunity (also known as "quasi-judicial immunity"). "Just as judges acting in their judicial capacity are absolutely immune from liability under section 1983, official[s] charged with the duty of executing a facially valid court order enjoy[] absolute immunity from liability for damages in a suit challenging conduct prescribed by that order." *Moss v. Kopp*, 559 F.3d 1155, 1163 (10th Cir. 2009) (alterations in original) (quoting *Turney v. O'Toole*, 898 F.2d 1470, 1472 (10th Cir. 1990)). However, to be entitled to this absolute immunity, "the judge issuing the disputed order must be immune from liability in his or her own right, the officials executing the order must act within the scope of their own

jurisdiction, and the officials must only act as prescribed by the order in question." *Id.* The amended complaint does not suggest whether these absolute-immunity requirements are or are not met. But construing Ms. Bronnenburg's alleges as true and making all reasonable inferences in her favor, as the Court must do at this preliminary stage, the Court finds a plausible claim of false arrest/false imprisonment in violation of the Fourth Amendment has been stated in the amended complaint, and the question remains whether Officer Eggar is entitled to absolute immunity from that claim.

2.   **Ms. Bronnenburg has not stated any other plausible § 1983 claims against Officer Eggar or against any other defendant.**

Ms. Bronnenburg's "Cause of Action" section in her amended complaint attempts to assert several other claims against Officer Eggar and the other defendants, but those allegations do not create viable claims under 42 U.S.C. § 1983 for several reasons.

First, there is no due process claim stated in connection with her false arrest/false imprisonment because there is no allegation that legal process was ever instituted against Ms. Bronnenburg. Indeed, her amended complaint suggests she was released about an hour after booking and nothing more ever came of it. (Doc. 9 at pp. 3-4.) Thus, there is no due process violation stated in her amended complaint. *See Mondragon v. Thompson*, 519 F.3d 1078, 1083 (10th Cir. 2008) (explaining that a false arrest/false imprisonment claim under the Fourth Amendment accrues during "[t]he period of time between an unlawful arrest and the institution of legal process," whereas a due process claim under the Fourteenth Amendment accrues during "[t]he period of time between the institution of [legal] process and its favorable termination").

Case 2:19-cv-00022-SWS Document 40   Filed 02/25/19   Page 5 of 85

Second, as to her claims of Wyoming Constitution violations, 42 U.S.C. § 1983 "applies to federal constitutional violations and not to state constitutional violations." *Herrera v. Santa Fe Public Schools*, 41 F. Supp. 3d 1027, 1081 n.123 (D.N.M. 2014); *see also Davis v. Reynolds*, 890 F.2d 1105, 1109 n.3 (10th Cir. 1989) (describing a claim grounded in the state constitution as a state law claim) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1983)); *Brock v. Herbert*, 2012 WL 1029355, at *2 (D. Utah Mar. 26, 2012) (unpublished) (describing alleged violations of the Utah Constitution as "exclusively state law claims"). To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the U.S. Constitution or federal law, *West v. Atkins*, 487 U.S. 42, 48 (1988); an alleged violation of state law does not amount to a § 1983 claim. However, Ms. Bronnenburg relies on § 1983 as the basis for asserting all her claims, even naming her complaint "Amended 1983 Civil Rights Complaint Pursuant to 42 USCS §1983." (Doc. 9.) Section 1983 does not afford Ms. Bronnenburg the right to bring state law claims in federal court. This principle also precludes her claims alleging the defendants violated state criminal statutes and state rules of criminal procedure.

Third, as to her claims alleging violations of federal criminal statutes (such as kidnapping and conspiracy to kidnap in violation of 18 U.S.C. § 1201), "a plaintiff may not recover civil damages for an alleged violation of a criminal statute." *Shaw v. Niece*, 727 F.2d 947, 949 (10th Cir. 1984). Criminal statutes "do not provide for a private civil cause of action." *Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2002) (unpublished) (stating that 18 U.S.C. §§ 241 and 242 do not create a private civil cause of action); *see also Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (holding that

Page 5 of 12

private citizens cannot compel enforcement of criminal law); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) ("criminal statutes that do not provide for a private right of action [] are [] not enforceable through a civil action"). Ms. Bronnenburg's claims that the defendants violated certain criminal statutes are not viable causes of action in this civil lawsuit.

Fourth, her claims alleging the defendants violated the Federal Rules of Criminal Procedure are also incognizable because "rules governing procedure in the federal courts do not give rise to private causes of action." *Good v. Khosrowshahi*, 296 F. App'x 676, 680 (10th Cir. 2008) (unpublished); *see also Duncan v. Jackson Energy Auth.*, No. 1:15-CV-1238-JDB-EGB, 2016 WL 4079033, at *2 (W.D. Tenn. June 28, 2016) (unpublished), *report and recommendation adopted*, No. 15-1238, 2016 WL 4074482 (W.D. Tenn. July 29, 2016) (unpublished) (stating that "[n]either the Federal Rules of Civil Procedure nor the Federal Rules of Criminal Procedure provides" a plaintiff with a private cause of action against a defendant); *Heiken v. Meeks*, No. 2:17-CV-304-WKW, 2018 WL 1163467, at *3 (M.D. Ala. Feb. 12, 2018) (unpublished), *report and recommendation adopted*, No. 2:17-CV-304-WKW, 2018 WL 1157550 (M.D. Ala. Mar. 5, 2018) (unpublished) (holding that a state's rules of criminal procedure "do not create a private right of action for violations of the rules"). Ms. Bronnenburg's claims that the defendants violated certain rules of criminal procedure are not viable causes of action in this civil lawsuit.

Fifth, as to all defendants except Officer Eggar, Ms. Bronnenburg's claims of a mass conspiracy to kidnap or falsely arrest her fail to state a plausible claim upon which

relief can be granted. Under the U.S. Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), federal pleading "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010) (internal quotation marks omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). "In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008) (emphasis in original) (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1970-71 n.10 (2007)). Ms. Bronnenburg's amended complaint, however, entirely fails to set forth any factual allegations in support of her claims against the remaining defendants. Ms. Bronnenburg's bald assertions, *e.g.*, that a local attorney and a local chiropractor conspired to have Ms. Bronnenburg falsely arrested so they could hold her "for collections (ransom)" (Doc. 9 at p. 5), are untethered to any supporting factual allegations and constitute no more than speculation and conjecture, which fails to state a plausible claim on which relief can be granted. "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989); *see also Fuller v. Davis*, 594 F. App'x 935, 939 (10th Cir. 2014)

(unpublished) (affirming the trial court's dismissal of a § 1983 claim of conspiracy because the "plaintiff's conjecture that [a defendant] conspired with other defendants to create an unenforceable no-contact order is too speculative and conclusory" to state a plausible claim for relief). Indeed, most of Ms. Bronnenburg's allegations against the remaining defendants consist of assertions that the defendants have certain duties, *e.g.*, that the local attorney is bound by Wyoming's attorney oath, but never actually alleges those duties were breached (let alone how they were breached). (*See* Doc. 9 at pp. 6-8.) A cause of action unsupported by factual allegations must be dismissed for failure to state a claim on which relief may be granted.

Sixth, concerning the § 1983 claims against the governmental entities (here, the City of Cody, the Park County Detention Center, and the Park County Board of County Commissioners), Ms. Bronnenburg has not identified any policy, custom, or practice as the driving force behind the alleged constitutional violation. Section 1983 does not allow governmental entities to be held vicariously liable for the unlawful acts of their employees under *respondeat superior* principles. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 691 (1978). That is, they cannot be liable solely because they employed a liable employee. Instead, governmental entities may only be liable under § 1983 for their own unconstitutional conduct, specifically where constitutional deprivation is inflicted pursuant to the governmental entity's policy, custom, or practice. *Monell*, at 690–91, 694. "Locating a policy ensures that a municipality [or other governmental entity] is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those

Page 8 of 12

of the municipality." *Board of County Commissioners of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403–04 (1997).

Here, Ms. Bronnenburg did not identify any policy from the Park County Detention Center or the Board of County Commissioners, let alone a policy that caused her alleged constitutional deprivation. (*See* Doc. 9 at p. 8.) As to the City of Cody, Ms. Bronnenburg identified a city policy that prohibits its employees from discriminating against or harassing others. (Doc. 9 at p. 7.) She did not explain how this policy caused her alleged constitutional deprivation. (*See id.*) In fact, it seems she has asserted the defendants *violated* this policy and their policy violation led to her alleged constitutional deprivation. (*See id.*) This is no basis for municipal liability under § 1983, though. As noted above, the City of Cody cannot be held liable under § 1983 for the illegal conduct of its employees unless the city caused such illegal conduct through a city policy, custom, or practice. Ms. Bronnenburg's allegation here is that one or more city employees caused her alleged constitutional violation because they failed to follow the city's non-discrimination/non-harassment policy, but this is the exact opposite of the municipal liability allowed under § 1983.

Seventh and finally, Ms. Bronnenburg sued each defendant "Individually, Personally, City **AND** County Officially" (sic). (Doc. 9 at pp. 1-3 (emphasis in original).) It is reasonable to construe this language as Ms. Bronnenburg's attempt to sue the defendants in both their individual and official capacities. However, official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)

(quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n.55 (1978)). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." *Id.* at 166 (internal citation omitted). Because the Court determined above that Ms. Bronnenburg failed to state plausible claims against the governmental entities, the official-capacity claims must be dismissed along with those governmental-entity claims because they are one and the same.

### 3. All claims except for false arrest/false imprisonment against Defendant Eggar are dismissed with prejudice because further amendment would be futile.

When dismissing *pro se* claims for failure to state a plausible claim upon which relief can be granted, "the district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim." *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001). "Pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

The Court dismisses with prejudice all claims except the false arrest/false imprisonment claim against Defendant Eggar because Ms. Bronnenburg was previously provided an opportunity to amend her complaint to state plausible claims for relief. (*See* Doc. 5 (dismissing without prejudice the original complaint); Doc. 7 (granting request for leave to amend the original complaint).) Ms. Bronnenburg was provided the opportunity to cure the deficiencies in her original complaint and did so with regard to her false

arrest/false imprisonment claim under the Fourth Amendment against Defendant Eggar. She has not cured her other pleading deficiencies, though, and after two bites at the same apple, the Court finds her repeated failures to plausibly state her other claims do not warrant additional amendment. Consequently, the Court concludes allowing further amendment would be futile.

### ORDER

**IT IS THEREFORE ORDERED** that the amended complaint (Doc. 9) states a plausible claim upon which relief can be granted against Defendant Beau J. Eggar in his individual/personal capacity for false arrest/false imprisonment in violation of the Fourth Amendment.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve Defendant Beau J. Eggar, in his individual/personal capacity, as follows:

1.  The Clerk shall send Defendant Eggar a copy of the complaint, a notice of lawsuit, and a copy of this Order on 28 U.S.C. § 1915 Screening of Amended Complaint, and the Clerk shall request Defendant Eggar to waive service of a summons in the manner set forth in Fed. R. Civ. P. 4(d); and

2.  If Defendant Eggar fails to return a waiver of service within thirty (30) days from the date on which the request for waiver was sent, the Clerk of Court shall issue a summons for Defendant Eggar and shall deliver the summons (along with a copy of the complaint and this Order) to the United States Marshal for service on Defendant Eggar pursuant to Fed. R. Civ. P. 4(c)(3).

**IT IS FURTHER ORDERED** that Defendant Eggar shall serve an answer within twenty-one (21) days of being served the summons and complaint, or, if service of the summons is timely waived under Fed. R. Civ. P. 4(d), then within sixty (60) days after the date when the request for waiver was sent.

**IT IS FURTHER ORDERED** that all other claims alleged in the amended complaint are **dismissed with prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** that Ms. Bronnenburg's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **granted** under 28 U.S.C. § (a). However, "like any *ifp* litigant, [Ms. Bronnenburg] remains liable for the full amount of the filing fee." *Brown v. Eppler*, 725 F.3d 1221, 1231 (10th Cir. 2013); *see also Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) ("[A]ll § 1915(a) does for any litigant is excuse the pre-payment of fees. Unsuccessful litigants are liable for fees and costs and must pay when they are able.").

**IT IS FINALLY ORDERED** that Ms. Bronnenburg's "Motion to Reconsideration" (Doc. 8) is **denied as moot** because the Court has herein screened anew her amended complaint.

**DATED:** February 25, 2019.

Scott W. Skavdahl
United States District Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 AUG -5  AM 8: 51

STEPHAN HARRIS, CLERK
CASPER

TAMI MAE BRONNENBERG,

       Plaintiff,

v.

BEAU J. EGGER, Arresting Officer,

       Defendant.

Case No. 19-CV-21-SWS

---

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

This case comes before the Court on the following motions:

(1)     Defendant Egger's Motion to Dismiss Plaintiff's Complaint (Doc. 28), which was converted into a motion for summary judgment under Fed. R. Civ. P. 12(d) (Doc. 30). Plaintiff filed an opposition (Doc. 33), and Defendant replied (Doc. 35).

(2)     Plaintiff's Motion for Declaratory Judgment (Doc. 36), Defendant's opposition (Doc. 39), and Plaintiff's reply (Doc. 41).

(3)     Plaintiff's Motion for Summary Judgment (Doc. 38), Defendant's opposition (Doc. 40), and Plaintiff's reply (Doc. 44).

Having considered the parties' arguments, the record herein, and being otherwise fully advised, the Court finds Defendant Egger is entitled to qualified immunity in this action. Consequently, Defendant's motion for summary judgment must be granted and Plaintiff's opposing motions denied.

## BACKGROUND

Plaintiff Tami Bronnenberg proceeds pro se without the aid of a lawyer in this matter. Therefore, her "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," but the Court cannot "assume the role of advocate." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

After screening Ms. Bronnenberg's amended civil rights complaint (Doc. 9), the Court found she had stated a plausible claim under 42 U.S.C. § 1983 for false arrest/false imprisonment in violation of the Fourth Amendment against Defendant Egger.[1]   (Doc. 10.)   More specifically, she contends Defendant Egger, a law enforcement officer working for the City of Cody, Wyoming, at the relevant time, arrested her on January 31, 2017, on an invalid arrest warrant despite her attempts to explain to him why it was invalid and showing him a court order canceling the warrant. (Doc. 9 at pp. 3-4.) The evidence submitted by the parties establishes that the warrant had indeed been vacated by the state district court judge, and Ms. Bronnenberg was released from detention less than an hour after being booked into the local jail. (*See* Doc. 9 at pp. 11-13; Doc. 29-2 at pp. 2-3.) The Court determines the dispositive question is whether Officer Egger is protected by qualified immunity in relation to arresting Ms. Bronnenberg.

## SUMMARY JUDGMENT AND QUALIFIED IMMUNITY

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

---

[1] The remainder of Ms. Bronnenberg's claims were dismissed in screening under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted. (Doc. 10.)

of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if there is sufficient evidence on

each side so that a rational trier of fact could resolve the issue either way," and it is

material "if under the substantive law it is essential to the proper disposition of the

claim." *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013) (internal quotation

marks omitted). "The district court must draw all reasonable inferences in favor of the

nonmoving party." *Pioneer Centres Holding Co. Employee Stock Ownership Plan & Tr.

v. Alerus Fin., N.A.*, 858 F.3d 1324, 1334 (10th Cir. 2017).

Qualified immunity protects government officials "from liability for civil damages

insofar as their conduct does not violate clearly established statutory or constitutional

rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S.

800, 818 (1982).

> When a defendant asserts qualified immunity at summary judgment, the
> burden shifts to the *plaintiff*, who must clear two hurdles in order to defeat
> the defendant's motion. The plaintiff must demonstrate on the facts alleged
> both that the defendant violated his constitutional or statutory rights, and
> that the right was clearly established at the time of the alleged unlawful
> activity.

*Cox v. Glanz*, 800 F.3d 1231, 1245 (10th Cir. 2015) (emphasis in original) (quoting

*Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009)). Though the Court must still

view the evidence in the light most favorable to the non-moving party, the "record must

clearly demonstrate the plaintiff has satisfied his heavy two-part burden; otherwise, the

defendants are entitled to qualified immunity." *Felders ex rel. Smedley v. Malcom*, 755

F.3d 870, 878 (10th Cir. 2014) (quoting *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir.

2001)).

## DISCUSSION

Examining the first step of the qualified-immunity analysis, Ms. Bronnenberg has not established Officer Egger violated her constitutional rights. The affidavit from Defendant Egger establishes that a facially-valid warrant for Ms. Bronnenberg's arrest existed at the time he arrested her, that he called into dispatch to confirm the validity of the arrest warrant, and that dispatch affirmed through the "RIMS Computer Aided Dispatch System" the arrest warrant was still active. (Doc. 29-2 at pp. 1-3; *see also* Doc. 29-1 at p. 2; Doc. 29-3 at pp. 1-2; Doc. 29-4.) Ms. Bronnenberg does not dispute these material facts, but essentially contends Officer Egger's actions were unconstitutional anyway. She asserts Officer Egger "was relying on" an arrest warrant as his basis for arresting Ms. Bronnenburg. (Doc. 9 at p. 3.) Attached as "Exhibit A" to her amended complaint is an "Order Vacating Warrant and Resetting Previously Scheduled Hearing," entered by the state district judge of the Fifth Judicial District of Wyoming. (Doc. 9 at p. 11.) It was entered on January 17, 2017, and it ordered "that the Warrant issued January 9, 2017 in this matter is vacated." (*Id.*) Ms. Bronnenburg alleges she showed this order to Officer Egger at the time he arrested her on January 31, 2017, to convince him not to execute the arrest warrant, but he ignored her and arrested her anyway. (Doc. 9 at pp. 3-4, 5.)

Generally, an officer executing an arrest warrant that is valid on its face enjoys absolute immunity (also known as "quasi-judicial immunity"). "Just as judges acting in their judicial capacity are absolutely immune from liability under section 1983, official[s] charged with the duty of executing a facially valid court order enjoy[] absolute immunity

from liability for damages in a suit challenging conduct prescribed by that order." *Moss v. Kopp*, 559 F.3d 1155, 1163 (10th Cir. 2009) (alterations in original) (quoting *Turney v. O'Toole*, 898 F.2d 1470, 1472 (10th Cir. 1990)). And "[f]acially valid does not mean lawful. An erroneous order can be valid." *Turney*, 898 F.2d at 1473 (internal quotation marks omitted) (citing *Baker v. McCollan*, 443 U.S. 137, 143–44 (1979)). To be entitled to absolute immunity, "the judge issuing the disputed order must be immune from liability in his or her own right, the officials executing the order must act within the scope of their own jurisdiction, and the officials must only act as prescribed by the order in question." *Moss*, 559 F.3d at 1163.

The undisputed evidence presented by the parties in their competing summary judgment motions establishes the state district court judge issued the arrest warrant due to Ms. Bronnenberg's earlier failure to appear on a show cause order (Doc. 29-4), and there is no suggestion the state judge lacked this authority. Next, the undisputed evidence shows Officer Egger, a police officer for the City of Cody, Wyoming, acted within the scope of his jurisdiction as he executed what appeared to be a valid arrest warrant within the city limits of Cody, Wyoming. (Doc. 29-2 at p. 1.) Finally, the undisputed evidence demonstrates Officer Egger acted in conformity with the arrest warrant and not beyond it by arresting Ms. Bronnenberg and immediately transporting her to the local detention center. (Doc. 29-1 at p. 2.) Consequently, all requirements for absolute (or quasi-judicial) immunity are met here, and Officer Egger is immune from liability under § 1983.

The Tenth Circuit has considered similar situations on multiple occasions. For example, in *Hill v. Bogans*, 735 F.2d 391 (10th Cir. 1984), the plaintiff asserted the officer violated the plaintiff's civil rights "by failing to check the validity of the warrant when requested to do so." 735 F.2d at 393. The Tenth Circuit disagreed, saying, "Unless a warrant is facially invalid an officer has no constitutional duty to independently determine its validity." *Id.* (citing *Baker*, 443 U.S. at 145-46). The court held the police officers "acted reasonably in relying on routine police procedures [i.e., calling the police station] for establishing the existence of an outstanding warrant." *Id.*; *see also Smith v. City of Lakewood*, 83 F.3d 433 (10th Cir. 1996) (unpublished table decision) (stating that a facially-valid arrest warrant "unquestionably justified Smyth's arrest by Kuebler"); *Taylor v. Robinson*, 2016 WL 9488864, at *4 (D.N.M. Dec. 5, 2016) ("Because dispatch informed Burd that there was an active warrant for Plaintiff's arrest, the Court finds that it was reasonable for Burd to rely on this information.").

Here, Officer Egger acted reasonably when arresting Ms. Bronnenberg. He relied on routine police procedures to determine the arrest warrant's continuing validity by calling into dispatch, which checked the RIMS computer system and informed Officer Egger the arrest warrant was still active. Based on that information, Officer Egger executed the facially-valid arrest warrant. Even in the face of Ms. Bronnenberg's protests, Officer Egger's actions were constitutionally reasonable because an officer "is not required by the Fourth Amendment to obtain a copy of the warrant, research supporting documentation, or go behind the facial validity of a warrant before making the arrest." *Smyth*, 83 F.3d 433; *see also Lauer v. Dahlberg*, 717 F. Supp. 612, 614 (N.D. Ill.

1989) (determining that an officer was not required to further investigate the arrest warrant's validity even where, like alleged here, the officer was presented with "an uncertified copy of the [warrant] recall order").

It is unfortunate that the state court judge's order vacating the arrest warrant was not timely registered into the RIMS computer system.  The disruption to Ms. Bronnenberg's life, though relatively brief, was significant and should not be ignored.  However, it's not appropriate to make Officer Egger answer for that mistake when there's no evidence to suggest it was his doing.  "Simple fairness requires that state officers 'not be called upon to answer for the legality of decisions which they are powerless to control.'"  *Turney v. O'Toole*, 898 F.2d 1470, 1473 (10th Cir. 1990) (quoting *Valdez v. City & County of Denver*, 878 F.2d 1285, 1289 (10th Cir. 1989)).  The undisputed evidence presented by the parties' summary judgment motions shows Officer Egger did not violate Ms. Bronnenberg's constitutional rights when he arrested her pursuant to the facially-valid warrant because he acted as a reasonable officer in doing so and is protected by absolute (quasi-judicial) immunity.

Turning now to the second prong of the qualified immunity analysis, Ms. Bronnenberg has also failed to show the alleged right was clearly established at the time of the alleged unlawful activity.  It is difficult to isolate exactly what right she contends was violated by Officer Eggers.  (*See* Doc. 33.)  For example, she discussed the need for an arrest warrant or search warrant to be supported by probable cause (Doc. 33 at pp. 4-5), which is an accurate reflection of the Fourth Amendment.  However, there's no evidence to suggest the state court judge's arrest warrant was not supported by probable

cause. (Doc. 29-4 (stating the arrest warrant was issued due to Ms. Bronnenberg's failure to appear for a prior show cause hearing).) And even if the arrest warrant did lack supporting probable cause when it was issued, that would not demand money damages against Officer Eggers for executing the facially-valid warrant. *Turney*, 898 F.2d at 1473 (officers should "not be called upon to answer for the legality of decisions which they are powerless to control").

At best, Ms. Bronnenberg relies upon general Fourth Amendment principles in alleging Officer Eggers violated her constitutional rights, but the U.S. Supreme Court demands that "the clearly established right must be defined with specificity." *City of Escondido, Cal. v. Emmons*, 139 S. Ct. 500, 503 (2019) (per curiam). The Supreme Court "has repeatedly told courts ... not to define clearly established law at a high level of generality." *Id.* (quoting *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (per curiam)). Ms. Bronnenberg has not set forth a clearly-established right that Officer Eggers allegedly violated. "[T]here is no clearly established law to the effect that an arrest based on execution of a court's bench warrant may constitute false arrest." *Zamora v. City of Belen*, 383 F. Supp. 2d 1315, 1338 (D.N.M. 2005). The Court cannot conclude that "every reasonable official would have understood" that Officer Egger's conduct here was unreasonable and in violation of the Fourth Amendment. *Aschcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

## CONCLUSION AND ORDER

Based on the undisputed evidence presented by the parties, Ms. Bronnenberg has not overcome either prong of the qualified immunity defense. Consequently, Officer

Eggers is entitled to qualified immunity, which protects him against liability for civil damages.

Ms. Bronnenberg's request for a declaratory judgment (*see* Doc. 9 at p. 9) must be denied because it seeks a declaration aimed at past conduct, but the "Eleventh Amendment does not permit judgments against state officers declaring that they violated federal law in the past." *Johns v. Stewart*, 57 F.3d 1544, 1553 (10th Cir. 1995). Finally, Ms. Bronnenberg's request for an injunction against any future constitutional deprivations (*see* Doc. 9 at p. 9) must also be denied because "the complaint alleged no threatened violations other those specifically charged," yet "the necessary determination [for an injunction to issue] is that there exists some cognizable danger of recurrent violation." *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953).

**IT IS THEREFORE ORDERED** that Defendant Egger's Motion to Dismiss Plaintiff's Complaint (Doc. 28) is **GRANTED**. Officer Egger is entitled to qualified immunity.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Declaratory Judgment (Doc. 36) and Plaintiff's Motion for Summary Judgment (Doc. 38) are **DENIED**. Final judgment in Defendants' favor and against Plaintiff shall be entered in this matter and the case will be closed.

**DATED:** July 31st, 2019.

Scott W. Skavdahl
United States District Judge



**FILED**

*9:21 am, 8/5/19*

**Stephan Harris**
**Clerk of Court**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

TAMI MAE BRONNENBERG

                                Plaintiff

vs                                        Case Number:  19-CV-21-SWS

BEAU J. EGGER, Arresting Officer

                                Defendant

## JUDGMENT IN A CIVIL ACTION

This matter comes before the Court on  Defendants' Motion to Dismiss which was converted into a motion for Summary Judgment  (ECF No. 28) and Plaintiff's Motions for Declaratory Judgment (ECF No. 36) and for Summary Judgment (ECF No. 38). Pursuant to the Order  entered August 5, 2019, incorporated by reference herein,  GRANTING Defendant's Motion for Summary Judgment and Denying Plaintiff's Motions for Declaratory Judgment and for Summary Judgment,

IT IS HEREBY ORDERED AND ADJUDGED that a Judgment be entered on behalf of the Defendants and the matter is dismissed.

Dated this 5th day of August, 2019.

                                      Stephan Harris
                                      Clerk of Court

                                      By Crystal Toner
                                    Deputy Clerk

AO 133    (Rev. 12/09)  Bill of Costs

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| v. | ) |
|  | ) |
|  | )    Case No.: |
|  | ) |
|  | ) |

## BILL OF COSTS

Judgment having been entered in the above entitled action on _____ against _____ ,
                                                                    *Date*

the Clerk is requested to tax the following as costs:

| | |
|---|---|
| Fees of the Clerk  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $_____ |
| Fees for service of summons and subpoena . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case . . . . . . | _____ |
| Fees and disbursements for printing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| Fees for witnesses *(itemize on page two)*  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| Docket fees under 28 U.S.C. 1923 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| Costs as shown on Mandate of Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| Compensation of court-appointed experts  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828  . . . . . | _____ |
| Other costs *(please itemize)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
|  TOTAL | $_____ |

*SPECIAL NOTE:*  Attach to your bill an itemization and documentation for requested costs in all categories.

| Declaration |
|---|

        I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed.  A copy of this bill has been served on all parties in the following manner:

        ❏    Electronic service              ❏    First class mail, postage prepaid

        ❏    Other: _____

        s/ Attorney: _____

                Name of Attorney: _____

For: _____              Date: _____
                *Name of Claiming Party*

| Taxation of Costs |
|---|

Costs are taxed in the amount of _____ and included in the judgment.

_____        By: _____        _____
        *Clerk of Court*                              *Deputy Clerk*                              *Date*

# UNITED STATES DISTRICT COURT

| Witness Fees (computation, cf. 28 U.S.C. 1821 for statutory fees) | | | | | | | |
|---|---|---|---|---|---|---|---|
| | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | |
| NAME , CITY AND STATE OF RESIDENCE | Days | Total Cost | Days | Total Cost | Miles | Total Cost | Total Cost Each Witness |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | TOTAL | | |

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
    "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
    "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
**RULE 54(d)(1)**

Costs Other than Attorneys' Fees.

    Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 day's notice. On motion served within the next 7 days, the court may review the clerk's action.

## RULE 6

(d) Additional Time After Certain Kinds of Service.

    When a party may or must act within a specified time after service and service is made under Rule5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

## RULE 58(e)

Cost or Fee Awards:

    Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2),  the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

UNITED STATES DISTRICT COURT FOR THE 10TH CIRCUIT COURT

DISTRICT OF WYOMING

FILE NUMBER _____

TAMI M. BRONNENBERG            )
                                            )
                       Plaintiff,      )
                                              )
              V.                    )
                                              )     **NOTICE**
BEAU J. EGGAR, Arresting Officer; WILLIAM K.   )
STRUEMKE, Attorney; SARA L. STRUEMKE,    )      **OF**
Secretary; SERVICM LEGAL SERVICES, LLC;     )
MARLIN D. RICHARDSON, DC; BIG HORN BASIN  )    **APPEAL**
CHIROPRACTIC; CITY OF CODY; PARK COUNTY  )
DETENTION CENTER; BOARD OF COUNTY        )
COMMISSIONERS OF THE COUNTY OF PARK;     )
                                              )
                      Defendants.     )

---

**NOTICE** is hereby given that plaintiff, Tami M. Bronnenberg, in the

above named case hereby appeal to the United States Court of Appeals for

the 10th Circuit from the **JUDGMENT IN A CIVIL ACTION**, "**Order**

**Granting Defendant's Motion for Summary Judgment**, entered in this

action on August 5, 2019"; "Order on 28 U.S.C. §1915 Screening of

Amended (1983 Civil Rights) Complaint." **IN PART**, **Ordered that all**

**other claims alleged in the amended complaint are dismissed with**

**prejudice under 28 U.S.C. §1915 (e) (2) (B) (ii),** entered in this action on

1

February 25, 2019. (Voluntary dismissal of the appeal will not preclude a

timely appeal from a final judgment or otherwise appealable order at a later

date.) See, Order, March 27, 2019 by Elisabeth a. Shumaker, Clerk of Court

for the 10th Circuit Court of Appeals.

     Dated: August 30, 2019

                                      Tami M. Bronnenberg, Pro-se
                                      P.O. Box 802
                                      Cody, Wyoming 82414

2

UNITED STATES DISTRICT COURT FOR THE 10TH CIRCUIT COURT

DISTRICT OF WYOMING

FILE NUMBER _____

| | |
|---|---|
| TAMI M. BRONNENBERG | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | )   . |
| | ) **MOTION FOR** |
| BEAU J. EGGAR, Arresting Officer; WILLIAM K. | ) **PERMISSION** |
| STRUEMKE, Attorney; SARA L. STRUEMKE, | ) **TO APPEAL** |
| Secretary; SERVICM LEGAL SERVICES, LLC; | ) **IN FORMA** |
| MARLIN D. RICHARDSON, DC; BIG HORN BASIN | ) **PAUPERIS** |
| CHIROPRACTIC; CITY OF CODY; PARK COUNTY | ) |
| DETENTION CENTER; BOARD OF COUNTY | ) |
| COMMISSIONERS OF THE COUNTY OF PARK; | ) |
| | ) |
| Defendants. | ) |

Comes now the plaintiff above mentioned, Ms. Bronnenberg, pro-se, and

respectfully requests for permission to appeal in forma pauperis with

accompanying affidavit in support of motion.

Dated this З О  day of August, 2019.

Tami Mae Bronnenberg, Pro-se
P.O. Box 802
Cody, Wyoming 82414

UNITED STATES DISTRICT COURT FOR THE 10TH CIRCUIT COURT

DISTRICT OF WYOMING

FILE NUMBER _____

| | |
|---|---|
| TAMI M. BRONNENBERG | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) |
| | ) |
| BEAU J. EGGAR, Arresting Officer; WILLIAM K. | ) |
| STRUEMKE, Attorney; SARA L. STRUEMKE, | ) |
| Secretary; SERVICM LEGAL SERVICES, LLC; | ) |
| MARLIN D. RICHARDSON, DC; BIG HORN BASIN | ) |
| CHIROPRACTIC; CITY OF CODY; PARK COUNTY | ) |
| DETENTION CENTER; BOARD OF COUNTY | ) |
| COMMISSIONERS OF THE COUNTY OF PARK; | ) |
| | ) |
| Defendants. | ) |

---

**AFFIDAVIT ACCOMPANYING MOTION FOR PERMISSION TO
APPEAL IN FORMA PAUPERIS.**

I swear or affirm under penalty of perjury that, because of my poverty,
I cannot prepay the docket fees of my appeal or post a bond for them. I
believe I am entitled to redress. I swear or affirm under penalty of perjury
under United States laws that my answers on this form are true and correct.
(28 U.S.C. §1746; 18 U.S.C. §1621.) Signed: _____

Dated: August 30, 2019. My issues on appeal are:

1

1. Whether it is not the federal court's duty to decide a controverted question of state law first, Siler v. Louisville & Nashville R, Co. (1909) 213 U.S. 175, 29 S.Ct. 451, 455, 53 S.Ct. 451,455, 53 L. Ed. 653; Delaware v. Van Arsdall, 475 U.S. 175, 707, 106 S.Ct. 1431, 1450, 89 L.Ed. 2d (1986); Ellis v. City of La Mesa 990 F2d 1518 (9th Cir.1993); Seals v. Quarterly County Court, 562 F2d 390, 392 (6th Cir. 1977); Johnson v. State of Wyoming Hearing Examiner's Office, 838 P. 2d 158 (Wyo. 1992).

2. Whether non-compliance with Wyoming legal decisions, ORDER VACATING WARRANT AND RESETTING PREVIOUSLY SCHEDULED HEARING, In the fifth Judicial District Court, Civil Action No. 28047, filed January 17, 2017, marked Exhibit –A- to Amended Complaint; Whiteley v. Warden of Wyoming Penitentiary, 401 U.S. 560, 28 L. Ed. 2d 306, 91 S. ct. 1031 (1971), was sufficient to show that Bronnenberg's arrest and imprisonment was not consistent with the United States Constitution of America, Amendment 4.

3. Whether non-compliance with Wyoming legal decisions, ORDER VACATING WARRANT AND RESETTING PREVIOUSLY SCHEDULED HEARING, In the fifth Judicial District Court, Civil Action No. 28047, filed January 17, 2017, marked Exhibit –A- to Amended Complaint; Whiteley v. Warden of Wyoming Penitentiary, 401 U.S. 560, 28

L. Ed. 2d 306, 91 S. Ct. 1031 (1971) was sufficient to show that

Bronnenberg's arrest and imprisonment was denial of Due process of law

and the Equal Protection of the Laws pursuant to the United States

Constitution of America, Amendment 5, Amendment 14.

     4.  A. Defendants: William K. Struemke, Attorney; Sara L. Struemke,

Secretary; Servicm Legal Services, LLC; Marlin D. Richardson, D.C; Big

Horn Basin Chiropractic; City of Cody; Park County Detention Center;

Board of County Commissioners of the County of Park should not be

dismissed with prejudice from the case at hand. They are equally responsible

for Federal Constitutional violations for **False Arrest/False imprisonment),**

**under the Fourth Amendment, Due Process Clause of the Fourteenth**

**Amendment of the United States Constitution, and those rights were**

**clearly established at the time.** See, Exhibits -A- through -F- attached to

the Amended 1983 Civil Rights Complaint; Order on 28 U.S.C. §1915

Screening of Amended Complaint p. 7. (". . . local attorney and local

chiropractor conspired to have Ms. Bronnenberg falsely arrested . . .") (Doc.

9 at p. 5). See, Tower v. Grover, 467 U.S. 914, 104 S. Ct. 2820, 81 L. Ed 2d

758 (1984); Polk County v. Dodson, 454 U.S. 312, 102 S. Ct. 445, 70 L. Ed.

2d 509 (1981); Dennis v. Sparks, 449 US 24 at Pp. 919-920, 101 S. Ct. 183,

66 L. Ed. 2d 185 (1980); Adickes v. Kress & Co, 398 U.S. 144, 90 S. Ct. 1598, 26 L. Ed 2d 142 (1970).

B. The text and structure of Statute **28 U.S.C. §1915** is unconstitutional because it discriminates against Ms. Bronnenberg as an "indigent person", (a class of indigent people) the word indigent has been removed from **28 U.S.C. §1915**. Ms. Bronnenberg has been included with the (class of indigent prisoners). Which I believe to be discriminatory towards Ms. Bronnenberg. Depriving a "person" of his or her "liberty, (of being included with a class of criminals) . . . without due process of law." Is in violation of the United States Constitution, Amendment 5. I do believe defamation is considered to be a civil wrong. The United States District Court of Wyoming lacks jurisdiction on this issue because the Court exercised its statutory authority in an unreasonable fashion. See, **(Act of Congress providing for equal rights of citizens 28 USC §1343(3)).**

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, mounts before any deductions for taxes or otherwise. Please see attached pages 54 through 58 of form 4 of the Federal Rules of Appellant Procedure.

4

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ ○ | $ NA | $ ○ | $ NA |
| Self-employment | $ ○ | $ NA | $ ○ | $ NA |
| Income from real property (such as rental income) | $ ○ | $ ○ | $ ○ | $ ○ |
| Interest and dividends | $ ○ | $ ○ | $ ○ | $ ○ |
| Gifts | $ ○ | $ ○ | $ ○ | $ ○ |
| Alimony | $ ○ | $ ○ | $ ○ | $ ○ |
| Child support | $ ○ | $ ○ | $ ○ | $ ○ |
| Retirement (such as social security, pensions, annuities, insurance) | $ ○ | $ ○ | $ ○ | $ ○ |
| Disability (such as social security, insurance payments) | $ 901 | $ ○ | $ 901 | $ ○ |
| Unemployment payments | $ | $ | $ | $ |
| Public-assistance (such as welfare) | $ 350 | $ ○ | $ 350 | $ ○ |
| Other (specify): | $ ○ | $ ○ | $ ○ | $ ○ |
| Total monthly income: | $ | $ | $ | $ |

2.   *List your employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| NA | — | — | $ — |
| | | | $ |
| | | | $ |

3. List your spouse's employment history for the past two years, most recent employer first. *(Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

4. How much cash do you and your spouse have? $ 0

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial Institution | Type of Account | Amount you have | Amount your spouse has |
|---|---|---|---|
| Pinnacle Bank | Checking | $ 0 | $ NA |
| | | $ | $ |
| | | $ | $ |

*If you are a prisoner seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.*

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

| Home | Other real estate | Motor vehicle #1 |
|---|---|---|
| (Value) $ | (Value) $ | (Value) $ |
| NA | NA | Make and year: |
| | | Model: |
| | | Registration #: |

| Motor vehicle #2 | Other assets | Other assets |
|---|---|---|
| (Value) $ | (Value) $ | (Value) $ |
| Make and year: | | |
| Model: | | |
| Registration #: | | |

6.  State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| | $ | $ |
| | $ | $ |
| | $ | $ |
| | $ | $ |

7.  State the persons who rely on you or your spouse for support.

| Name [or, if under 18, initials only] | Relationship | Age |
|---|---|---|
| A.C.W | Son | 6 |
| | | |
| | | |

8.  Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.

| | You | Your Spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home)<br>Are real estate taxes included? [ ] Yes [X] No<br>Is property insurance included? [ ] Yes [X] No | $ 270 | $ |

| | | |
|---|---|---|
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $300 | $ |
| Home maintenance (repairs and upkeep) | $ — | $ |
| Food | $100 | $ |
| Clothing | $ | $ |
| Laundry and dry-cleaning | $ | $ |
| Medical and dental expenses | $68 | $ |
| Transportation (not including motor vehicle payments) | $95 | $ |
| Recreation, entertainment, newspapers, magazines, etc. | $ | $ |
| Insurance (not deducted from wages or included in mortgage payments) | | |
|     Homeowner's or renter's: | $ | $ |
|     Life: | $31.62 | $ |
|     Health: | $ | $ |
|     Motor vehicle: | $35 | $ |
|     Other: | $ | $ |
| Taxes (not deducted from wages or included in mortgage payments) (specify): | $ | $ |
| Installment payments | | |
|     Motor Vehicle: | $ | $ |
|     Credit card (name): | $ | $ |
|     Department store (name): | $ | $ |
|     Other: | $ | $ |
| Alimony, maintenance, and support paid to others | $ | $ |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $ | $ |
| Other (specify): | $ | $ |
|     Total monthly expenses: | $ | $ |

9.  *Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?*

    [ ] Yes [X] No      If yes, describe on an attached sheet.

10. *Have you spent — or will you be spending — any money for expenses or attorney fees in connection with this lawsuit?* [ ] Yes [X] No

    *If yes, how much?* $ _____

11. *Provide any other information that will help explain why you cannot pay the docket fees for your appeal.* I live on disability and have a 6 yr old I am raising. There is NO money for anything other than monthly expenses

12. *State the city and state of your legal residence.* Cody Wyoming

    *Your daytime phone number:* (307) 899 2150

    *Your age:* 50   *Your years of schooling:* 11th grade GED, CNA license. at one time

(As amended Apr. 24, 1998, eff. Dec. 1, 1998; Apr. 28, 2010, eff. Dec. 1, 2010; Apr. 16, 2013, eff. Dec. 1, 2013; Apr. 26, 2018, eff. Dec. 1, 2018.)



**FILED**

9:21 am, 8/5/19
**Stephan Harris**
**Clerk of Court**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

TAMI MAE BRONNENBERG

                                        Plaintiff

vs                                                  Case Number: 19-CV-21-SWS

BEAU J. EGGER, Arresting Officer

                                        Defendant

---

## JUDGMENT IN A CIVIL ACTION

---

This matter comes before the Court on Defendants' Motion to Dismiss which was converted into a motion for Summary Judgment (ECF No. 28) and Plaintiff's Motions for Declaratory Judgment (ECF No. 36) and for Summary Judgment (ECF No. 38). Pursuant to the Order entered August 5, 2019, incorporated by reference herein, GRANTING Defendant's Motion for Summary Judgment and Denying Plaintiff's Motions for Declaratory Judgment and for Summary Judgment,

IT IS HEREBY ORDERED AND ADJUDGED that a Judgment be entered on behalf of the Defendants and the matter is dismissed.

Dated this 5th day of August, 2019.

                                        Stephan Harris
                                        Clerk of Court

                                        By Crystal Toner
                                        _____
                                        Deputy Clerk

WY 37                                                      Rev. 10/30/2017

## UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 AUG -5  AM 8: 51

STEPHAN HARRIS, CLERK
CASPER

TAMI MAE BRONNENBERG,

      Plaintiff,

v.

                                Case No. 19-CV-21-SWS

BEAU J. EGGER, Arresting Officer,

      Defendant.

---

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

This case comes before the Court on the following motions:

(1)    Defendant Egger's Motion to Dismiss Plaintiff's Complaint (Doc. 28), which was converted into a motion for summary judgment under Fed. R. Civ. P. 12(d) (Doc. 30). Plaintiff filed an opposition (Doc. 33), and Defendant replied (Doc. 35).

(2)    Plaintiff's Motion for Declaratory Judgment (Doc. 36), Defendant's opposition (Doc. 39), and Plaintiff's reply (Doc. 41).

(3)    Plaintiff's Motion for Summary Judgment (Doc. 38), Defendant's opposition (Doc. 40), and Plaintiff's reply (Doc. 44).

Having considered the parties' arguments, the record herein, and being otherwise fully advised, the Court finds Defendant Egger is entitled to qualified immunity in this action. Consequently, Defendant's motion for summary judgment must be granted and Plaintiff's opposing motions denied.

# BACKGROUND

Plaintiff Tami Bronnenberg proceeds pro se without the aid of a lawyer in this matter. Therefore, her "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," but the Court cannot "assume the role of advocate." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

After screening Ms. Bronnenberg's amended civil rights complaint (Doc. 9), the Court found she had stated a plausible claim under 42 U.S.C. § 1983 for false arrest/false imprisonment in violation of the Fourth Amendment against Defendant Egger.[1] (Doc. 10.) More specifically, she contends Defendant Egger, a law enforcement officer working for the City of Cody, Wyoming, at the relevant time, arrested her on January 31, 2017, on an invalid arrest warrant despite her attempts to explain to him why it was invalid and showing him a court order canceling the warrant. (Doc. 9 at pp. 3-4.) The evidence submitted by the parties establishes that the warrant had indeed been vacated by the state district court judge, and Ms. Bronnenberg was released from detention less than an hour after being booked into the local jail. (*See* Doc. 9 at pp. 11-13; Doc. 29-2 at pp. 2-3.) The Court determines the dispositive question is whether Officer Egger is protected by qualified immunity in relation to arresting Ms. Bronnenberg.

## SUMMARY JUDGMENT AND QUALIFIED IMMUNITY

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

---

[1] The remainder of Ms. Bronnenberg's claims were dismissed in screening under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted. (Doc. 10.)

of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way," and it is material "if under the substantive law it is essential to the proper disposition of the claim." *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013) (internal quotation marks omitted). "The district court must draw all reasonable inferences in favor of the nonmoving party." *Pioneer Centres Holding Co. Employee Stock Ownership Plan & Tr. v. Alerus Fin., N.A.*, 858 F.3d 1324, 1334 (10th Cir. 2017).

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

> When a defendant asserts qualified immunity at summary judgment, the burden shifts to the *plaintiff*, who must clear two hurdles in order to defeat the defendant's motion. The plaintiff must demonstrate on the facts alleged both that the defendant violated his constitutional or statutory rights, and that the right was clearly established at the time of the alleged unlawful activity.

*Cox v. Glanz*, 800 F.3d 1231, 1245 (10th Cir. 2015) (emphasis in original) (quoting *Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009)). Though the Court must still view the evidence in the light most favorable to the non-moving party, the "record must clearly demonstrate the plaintiff has satisfied his heavy two-part burden; otherwise, the defendants are entitled to qualified immunity." *Felders ex rel. Smedley v. Malcom*, 755 F.3d 870, 878 (10th Cir. 2014) (quoting *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001)).

## DISCUSSION

Examining the first step of the qualified-immunity analysis, Ms. Bronnenberg has not established Officer Egger violated her constitutional rights. The affidavit from Defendant Egger establishes that a facially-valid warrant for Ms. Bronnenberg's arrest existed at the time he arrested her, that he called into dispatch to confirm the validity of the arrest warrant, and that dispatch affirmed through the "RIMS Computer Aided Dispatch System" the arrest warrant was still active. (Doc. 29-2 at pp. 1-3; *see also* Doc. 29-1 at p. 2; Doc. 29-3 at pp. 1-2; Doc. 29-4.) Ms. Bronnenberg does not dispute these material facts, but essentially contends Officer Egger's actions were unconstitutional anyway. She asserts Officer Egger "was relying on" an arrest warrant as his basis for arresting Ms. Bronnenburg. (Doc. 9 at p. 3.) Attached as "Exhibit A" to her amended complaint is an "Order Vacating Warrant and Resetting Previously Scheduled Hearing," entered by the state district judge of the Fifth Judicial District of Wyoming. (Doc. 9 at p. 11.) It was entered on January 17, 2017, and it ordered "that the Warrant issued January 9, 2017 in this matter is vacated." (*Id.*) Ms. Bronnenburg alleges she showed this order to Officer Egger at the time he arrested her on January 31, 2017, to convince him not to execute the arrest warrant, but he ignored her and arrested her anyway. (Doc. 9 at pp. 3-4, 5.)

Generally, an officer executing an arrest warrant that is valid on its face enjoys absolute immunity (also known as "quasi-judicial immunity"). "Just as judges acting in their judicial capacity are absolutely immune from liability under section 1983, official[s] charged with the duty of executing a facially valid court order enjoy[] absolute immunity

from liability for damages in a suit challenging conduct prescribed by that order." *Moss v. Kopp*, 559 F.3d 1155, 1163 (10th Cir. 2009) (alterations in original) (quoting *Turney v. O'Toole*, 898 F.2d 1470, 1472 (10th Cir. 1990)). And "[f]acially valid does not mean lawful. An erroneous order can be valid." *Turney*, 898 F.2d at 1473 (internal quotation marks omitted) (citing *Baker v. McCollan*, 443 U.S. 137, 143–44 (1979)). To be entitled to absolute immunity, "the judge issuing the disputed order must be immune from liability in his or her own right, the officials executing the order must act within the scope of their own jurisdiction, and the officials must only act as prescribed by the order in question." *Moss*, 559 F.3d at 1163.

The undisputed evidence presented by the parties in their competing summary judgment motions establishes the state district court judge issued the arrest warrant due to Ms. Bronnenberg's earlier failure to appear on a show cause order (Doc. 29-4), and there is no suggestion the state judge lacked this authority. Next, the undisputed evidence shows Officer Egger, a police officer for the City of Cody, Wyoming, acted within the scope of his jurisdiction as he executed what appeared to be a valid arrest warrant within the city limits of Cody, Wyoming. (Doc. 29-2 at p. 1.) Finally, the undisputed evidence demonstrates Officer Egger acted in conformity with the arrest warrant and not beyond it by arresting Ms. Bronnenberg and immediately transporting her to the local detention center. (Doc. 29-1 at p. 2.) Consequently, all requirements for absolute (or quasi-judicial) immunity are met here, and Officer Egger is immune from liability under § 1983.

The Tenth Circuit has considered similar situations on multiple occasions. For example, in *Hill v. Bogans*, 735 F.2d 391 (10th Cir. 1984), the plaintiff asserted the officer violated the plaintiff's civil rights "by failing to check the validity of the warrant when requested to do so." 735 F.2d at 393. The Tenth Circuit disagreed, saying, "Unless a warrant is facially invalid an officer has no constitutional duty to independently determine its validity." *Id.* (citing *Baker*, 443 U.S. at 145-46). The court held the police officers "acted reasonably in relying on routine police procedures [i.e., calling the police station] for establishing the existence of an outstanding warrant." *Id.*; *see also Smith v. City of Lakewood*, 83 F.3d 433 (10th Cir. 1996) (unpublished table decision) (stating that a facially-valid arrest warrant "unquestionably justified Smyth's arrest by Kuebler"); *Taylor v. Robinson*, 2016 WL 9488864, at *4 (D.N.M. Dec. 5, 2016) ("Because dispatch informed Burd that there was an active warrant for Plaintiff's arrest, the Court finds that it was reasonable for Burd to rely on this information.").

Here, Officer Egger acted reasonably when arresting Ms. Bronnenberg. He relied on routine police procedures to determine the arrest warrant's continuing validity by calling into dispatch, which checked the RIMS computer system and informed Officer Egger the arrest warrant was still active. Based on that information, Officer Egger executed the facially-valid arrest warrant. Even in the face of Ms. Bronnenberg's protests, Officer Egger's actions were constitutionally reasonable because an officer "is not required by the Fourth Amendment to obtain a copy of the warrant, research supporting documentation, or go behind the facial validity of a warrant before making the arrest." *Smyth*, 83 F.3d 433; *see also Lauer v. Dahlberg*, 717 F. Supp. 612, 614 (N.D. Ill.

1989) (determining that an officer was not required to further investigate the arrest warrant's validity even where, like alleged here, the officer was presented with "an uncertified copy of the [warrant] recall order").

It is unfortunate that the state court judge's order vacating the arrest warrant was not timely registered into the RIMS computer system.   The disruption to Ms. Bronnenberg's life, though relatively brief, was significant and should not be ignored. However, it's not appropriate to make Officer Egger answer for that mistake when there's no evidence to suggest it was his doing.  "Simple fairness requires that state officers 'not be called upon to answer for the legality of decisions which they are powerless to control.'"  *Turney v. O'Toole*, 898 F.2d 1470, 1473 (10th Cir. 1990) (quoting *Valdez v. City & County of Denver*, 878 F.2d 1285, 1289 (10th Cir. 1989)).  The undisputed evidence presented by the parties' summary judgment motions shows Officer Egger did not violate Ms. Bronnenberg's constitutional rights when he arrested her pursuant to the facially-valid warrant because he acted as a reasonable officer in doing so and is protected by absolute (quasi-judicial) immunity.

Turning now to the second prong of the qualified immunity analysis, Ms. Bronnenberg has also failed to show the alleged right was clearly established at the time of the alleged unlawful activity.  It is difficult to isolate exactly what right she contends was violated by Officer Eggers.  (*See* Doc. 33.)  For example, she discussed the need for an arrest warrant or search warrant to be supported by probable cause (Doc. 33 at pp. 4-5), which is an accurate reflection of the Fourth Amendment.  However, there's no evidence to suggest the state court judge's arrest warrant was not supported by probable

cause. (Doc. 29-4 (stating the arrest warrant was issued due to Ms. Bronnenberg's failure

to appear for a prior show cause hearing).)   And even if the arrest warrant did lack

supporting probable cause when it was issued, that would not demand money damages

against Officer Eggers for executing the facially-valid warrant. *Turney*, 898 F.2d at 1473

(officers should "not be called upon to answer for the legality of decisions which they are

powerless to control").

At best, Ms. Bronnenberg relies upon general Fourth Amendment principles in

alleging Officer Eggers violated her constitutional rights, but the U.S. Supreme Court

demands that "the clearly established right must be defined with specificity." *City of*

*Escondido, Cal. v. Emmons*, 139 S. Ct. 500, 503 (2019) (per curiam).   The Supreme

Court "has repeatedly told courts ... not to define clearly established law at a high level of

generality." *Id.* (quoting *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (per curiam)).

Ms. Bronnenberg has not set forth a clearly-established right that Officer Eggers

allegedly violated.   "[T]here is no clearly established law to the effect that an arrest based

on execution of a court's bench warrant may constitute false arrest." *Zamora v. City of*

*Belen*, 383 F. Supp. 2d 1315, 1338 (D.N.M. 2005).   The Court cannot conclude that

"every reasonable official would have understood" that Officer Egger's conduct here was

unreasonable and in violation of the Fourth Amendment. *Aschcroft v. al-Kidd*, 563 U.S.

731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

## CONCLUSION AND ORDER

Based on the undisputed evidence presented by the parties, Ms. Bronnenberg has

not overcome either prong of the qualified immunity defense.   Consequently, Officer

Eggers is entitled to qualified immunity, which protects him against liability for civil damages.

Ms. Bronnenberg's request for a declaratory judgment (*see* Doc. 9 at p. 9) must be denied because it seeks a declaration aimed at past conduct, but the "Eleventh Amendment does not permit judgments against state officers declaring that they violated federal law in the past." *Johns v. Stewart*, 57 F.3d 1544, 1553 (10th Cir. 1995). Finally, Ms. Bronnenberg's request for an injunction against any future constitutional deprivations (*see* Doc. 9 at p. 9) must also be denied because "the complaint alleged no threatened violations other those specifically charged," yet "the necessary determination [for an injunction to issue] is that there exists some cognizable danger of recurrent violation." *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953).

**IT IS THEREFORE ORDERED** that Defendant Egger's Motion to Dismiss Plaintiff's Complaint (Doc. 28) is **GRANTED**. Officer Egger is entitled to qualified immunity.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Declaratory Judgment (Doc. 36) and Plaintiff's Motion for Summary Judgment (Doc. 38) are **DENIED**. Final judgment in Defendants' favor and against Plaintiff shall be entered in this matter and the case will be closed.

**DATED:** July 31ˢᵗ, 2019.

Scott W. Skavdahl
United States District Judge

Page 9 of 9

FILED
United States Court of Appeals
Tenth Circuit

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

March 27, 2019

Elisabeth A. Shumaker
Clerk of Court

TAMI MAE BRONNENBERG,

      Plaintiff - Appellant,

v.

BEAU J. EGGAR, arresting officer, et al.,

      Defendants - Appellees.

No. 19-8026
(D.C. No. 2:19-CV-00021-SWS)
(D. Wyo.)

---

## ORDER

---

This matter is before the court on its own initiative following the opening of the appeal and this court's review of the district court's docket. This court has identified a potential jurisdictional defect and is considering whether to summarily dismiss this appeal. 10th Cir. R. 27.3(B). Briefing on the merits is suspended pending further order of the court. *See* 10th Cir. R. 27.3(C).

Pro se appellant Tami Mae Bronnenberg seeks to appeal the district court's February 25, 2019 *Order on 28 U.S.C. § 1915 Screening of Amended Complaint.* [ECF No. 10]. Although that order dismissed with prejudice the majority of Ms. Bronnenberg's claims, it also held she had "state[d] a plausible claim upon which relief can be granted against Defendant Beau J. Eggar in his individual/personal capacity for false arrest/false imprisonment in violation of the Fourth Amendment." [*Id.* at 11]. Mr. Eggar has accepted

service of the amended complaint, and the Fourth Amendment claim against him for false

arrest/false imprisonment remains pending before the district court.

Accordingly, it appears this court lacks jurisdiction over this appeal. *See* 28 U.S.C.

§ 1291; *see also United States v. Nixon*, 418 U.S. 683, 690-92 (1974) ("The finality

requirement of 28 U.S.C. § 1291 embodies a strong congressional policy against

piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding

by interlocutory appeals."); *Albright v. Unum Life Ins. Co.*, 59 F.3d 1089, 1092 (10th Cir.

1995) ("Under § 1291, we have jurisdiction only over 'final' decisions of the district

court—that is, those decisions that leave nothing for the court to do but execute

judgment." (citation and internal quotation marks omitted)).

On or before April 16, 2019, Ms. Bronnenberg shall file a written response to this

order, addressing any basis in law for this court to exercise jurisdiction over this appeal.

In the alternative, Ms. Bronnenberg may either: (1) voluntarily dismiss this appeal, *see*

Fed. R. App. P. 42(b); or (2) elect not to file a response to this show cause order, in which

case the court will dismiss her appeal without further notice, *see* 10th Cir. R. 42.1.

Voluntary dismissal of the appeal will not preclude a timely appeal from a final judgment

or otherwise appealable order at a later date.

Entered for the Court
ELISABETH A. SHUMAKER, Clerk

by: Lisa A. Lee
Counsel to the Clerk

2

# UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 FEB 25  AM 8: 38

STEPHAN HARRIS, CLERK
CASPER

TAMI MAE BRONNENBERG,

       Plaintiff,

    v.

BEAU J. EGGAR, Arresting Officer; WILLIAM K.
STRUEMKE, Attorney; SARA L. STRUEMKE,
Secretary; SERVICM LEGAL SERVICES, LLC;
MARLIN D. RICHARDSON, DC; BIG HORN BASIN
CHIROPRACTIC; CITY OF CODY; PARK COUNTY
DETENTION CENTER; BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF PARK;

       Defendants.

Case No. 19-CV-21-SWS

---

## ORDER ON 28 U.S.C. § 1915 SCREENING OF AMENDED COMPLAINT

---

    This matter comes before the Court on Ms. Bronnenberg's *pro se* Amended 1983

Civil Rights Complaint Pursuant to 42 USCS §1983 (Doc. 9), filed on February 14, 2019.

Because Ms. Bronnenberg seeks to proceed *in forma pauperis* in this action without the

prepayment of fees (Doc. 2), the litigation process generally begins with the Court

screening her amended complaint under 28 U.S.C. § 1915. *See Buchheit v. Green*, 705

F.3d 1157, 1161 (10th Cir. 2012) (noting that prompt screening, even for cases involving

non-prisoners, "may be a good thing and conserve the resources of defendants forced to

respond to baseless lawsuits"). Ms. Bronnenberg's original civil rights complaint was

dismissed without prejudice upon initial screening for failure to state a plausible claim

upon which relief could be granted.  (Doc. 5.)  She then sought and received leave to file this amended complaint (Docs. 6, 7), which the Court now screens.

## LAW

Section 1915(e)(2)(B) requires a district court to dismiss the case whenever the court determines the action "fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief."  *See Merryfield v. Jordan*, 584 F.3d 923, 926 (10th Cir. 2009).  For § 1915 screening purposes, the Court accepts the Plaintiff's allegations as true and construes all reasonable inferences drawn from those allegations in the light most favorable to the Plaintiff.  *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

## DISCUSSION

The underlying basis for Ms. Bronnenburg's amended civil rights complaint seems to be an allegation that Defendant Beau Eggar[1], a law enforcement officer at the relevant time, arrested her on January 31, 2017, on an invalid arrest warrant despite her attempts to explain to him why it was invalid.  (Doc. 9 at pp. 3-4.)  It appears she was released from detention less than an hour after being booked, ostensibly because the arrest warrant had indeed been canceled.  (*Id.*)  As for the other defendants, she alleges generally that they are somehow also responsible for her arrest and they conspired together to wrongfully arrest her.

1.    **Ms. Bronnenburg has stated a plausible § 1983 claim for false arrest/false imprisonment under the Fourth Amendment against Defendant Beau Egger.**

_____

[1] Ms. Bronnenburg also spells this defendant's name as "Egger" in her amended complaint.

Page 2 of 12

Officer Eggar "was relying on" an arrest warrant as his basis for arresting Ms.

Bronnenburg. (Doc. 9 at p. 3.) Attached as "Exhibit A" to her amended complaint is an

"Order Vacating Warrant and Resetting Previously Scheduled Hearing," entered by the

state district judge of the Fifth Judicial District of Wyoming. (Doc. 9 at p. 11.) It was

entered on January 17, 2017, and it ordered "that the Warrant issued January 9, 2017 in

this matter is vacated." (*Id.*) Ms. Bronnenburg alleges she showed this order to Officer

Eggar at the time he arrested her on January 31, 2017, to convince him not to execute the

arrest warrant, but he ignored her and arrested her anyway. (Doc. 9 at pp. 3-4, 5.)

Nowhere in her amended complaint does Ms. Bronnenburg suggest the arrest warrant on

which Officer Eggar relied was somehow invalid on its face (*see generally* Doc. 9), but

its facial validity can be reasonably questioned at this point, particularly considering that

the order vacating the warrant had been filed two weeks prior to Ms. Bronnenburg's

arrest.

Generally, an officer executing an arrest warrant that is valid on its face enjoys

absolute immunity (also known as "quasi-judicial immunity"). "Just as judges acting in

their judicial capacity are absolutely immune from liability under section 1983, official[s]

charged with the duty of executing a facially valid court order enjoy[] absolute immunity

from liability for damages in a suit challenging conduct prescribed by that order." *Moss*

*v. Kopp*, 559 F.3d 1155, 1163 (10th Cir. 2009) (alterations in original) (quoting *Turney v.*

*O'Toole*, 898 F.2d 1470, 1472 (10th Cir. 1990)). However, to be entitled to this absolute

immunity, "the judge issuing the disputed order must be immune from liability in his or

her own right, the officials executing the order must act within the scope of their own

jurisdiction, and the officials must only act as prescribed by the order in question." *Id.* The amended complaint does not suggest whether these absolute-immunity requirements are or are not met. But construing Ms. Bronnenburg's alleges as true and making all reasonable inferences in her favor, as the Court must do at this preliminary stage, the Court finds a plausible claim of false arrest/false imprisonment in violation of the Fourth Amendment has been stated in the amended complaint, and the question remains whether Officer Eggar is entitled to absolute immunity from that claim.

2.   **Ms. Bronnenburg has not stated any other plausible § 1983 claims against Officer Eggar or against any other defendant.**

Ms. Bronnenburg's "Cause of Action" section in her amended complaint attempts to assert several other claims against Officer Eggar and the other defendants, but those allegations do not create viable claims under 42 U.S.C. § 1983 for several reasons.

First, there is no due process claim stated in connection with her false arrest/false imprisonment because there is no allegation that legal process was ever instituted against Ms. Bronnenburg. Indeed, her amended complaint suggests she was released about an hour after booking and nothing more ever came of it. (Doc. 9 at pp. 3–4.) Thus, there is no due process violation stated in her amended complaint. *See Mondragon v. Thompson,* 519 F.3d 1078, 1083 (10th Cir. 2008) (explaining that a false arrest/false imprisonment claim under the Fourth Amendment accrues during "[t]he period of time between an unlawful arrest and the institution of legal process," whereas a due process claim under the Fourteenth Amendment accrues during "[t]he period of time between the institution of [legal] process and its favorable termination").

Second, as to her claims of Wyoming Constitution violations, 42 U.S.C. § 1983 "applies to federal constitutional violations and not to state constitutional violations." *Herrera v. Santa Fe Public Schools*, 41 F. Supp. 3d 1027, 1081 n.123 (D.N.M. 2014); *see also Davis v. Reynolds*, 890 F.2d 1105, 1109 n.3 (10th Cir. 1989) (describing a claim grounded in the state constitution as a state law claim) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1983)); *Brock v. Herbert*, 2012 WL 1029355, at *2 (D. Utah Mar. 26, 2012) (unpublished) (describing alleged violations of the Utah Constitution as "exclusively state law claims"). To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the U.S. Constitution or federal law, *West v. Atkins*, 487 U.S. 42, 48 (1988); an alleged violation of state law does not amount to a § 1983 claim. However, Ms. Bronnenburg relies on § 1983 as the basis for asserting all her claims, even naming her complaint "Amended 1983 Civil Rights Complaint Pursuant to 42 USCS §1983." (Doc. 9.) Section 1983 does not afford Ms. Bronnenburg the right to bring state law claims in federal court. This principle also precludes her claims alleging the defendants violated state criminal statutes and state rules of criminal procedure.

Third, as to her claims alleging violations of federal criminal statutes (such as kidnapping and conspiracy to kidnap in violation of 18 U.S.C. § 1201), "a plaintiff may not recover civil damages for an alleged violation of a criminal statute." *Shaw v. Niece*, 727 F.2d 947, 949 (10th Cir. 1984). Criminal statutes "do not provide for a private civil cause of action." *Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2002) (unpublished) (stating that 18 U.S.C. §§ 241 and 242 do not create a private civil cause of action); *see also Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (holding that

private citizens cannot compel enforcement of criminal law); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) ("criminal statutes that do not provide for a private right of action [] are [] not enforceable through a civil action"). Ms. Bronnenburg's claims that the defendants violated certain criminal statutes are not viable causes of action in this civil lawsuit.

Fourth, her claims alleging the defendants violated the Federal Rules of Criminal Procedure are also incognizable because "rules governing procedure in the federal courts do not give rise to private causes of action." *Good v. Khosrowshahi*, 296 F. App'x 676, 680 (10th Cir. 2008) (unpublished); *see also Duncan v. Jackson Energy Auth.*, No. 1:15-CV-1238-JDB-EGB, 2016 WL 4079033, at *2 (W.D. Tenn. June 28, 2016) (unpublished), *report and recommendation adopted*, No. 15-1238, 2016 WL 4074482 (W.D. Tenn. July 29, 2016) (unpublished) (stating that "[n]either the Federal Rules of Civil Procedure nor the Federal Rules of Criminal Procedure provides" a plaintiff with a private cause of action against a defendant); *Heiken v. Meeks*, No. 2:17-CV-304-WKW, 2018 WL 1163467, at *3 (M.D. Ala. Feb. 12, 2018) (unpublished), *report and recommendation adopted*, No. 2:17-CV-304-WKW, 2018 WL 1157550 (M.D. Ala. Mar. 5, 2018) (unpublished) (holding that a state's rules of criminal procedure "do not create a private right of action for violations of the rules"). Ms. Bronnenburg's claims that the defendants violated certain rules of criminal procedure are not viable causes of action in this civil lawsuit.

Fifth, as to all defendants except Officer Eggar, Ms. Bronnenburg's claims of a mass conspiracy to kidnap or falsely arrest her fail to state a plausible claim upon which

relief can be granted. Under the U.S. Supreme Court's decisions in *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), federal

pleading "demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." *Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010) (internal quotation

marks omitted). "[A] complaint must contain sufficient factual matter, accepted as true,

to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal

quotation marks omitted). "In § 1983 cases, defendants often include the government

agency and a number of government actors sued in their individual capacities. Therefore

it is particularly important in such circumstances that the complaint make clear exactly

*who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as

to the basis of the claims against him or her, as distinguished from collective allegations

against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008)

(emphasis in original) (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1970-71

n.10 (2007)). Ms. Bronnenburg's amended complaint, however, entirely fails to set forth

any factual allegations in support of her claims against the remaining defendants. Ms.

Bronnenburg's bald assertions, *e.g.*, that a local attorney and a local chiropractor

conspired to have Ms. Bronnenburg falsely arrested so they could hold her "for

collections (ransom)" (Doc. 9 at p. 5), are untethered to any supporting factual allegations

and constitute no more than speculation and conjecture, which fails to state a plausible

claim on which relief can be granted. "Conclusory allegations of conspiracy are

insufficient to state a valid § 1983 claim." *Durre v. Dempsey*, 869 F.2d 543, 545 (10th

Cir. 1989); *see also Fuller v. Davis*, 594 F. App'x 935, 939 (10th Cir. 2014)

(unpublished) (affirming the trial court's dismissal of a § 1983 claim of conspiracy because the "plaintiff's conjecture that [a defendant] conspired with other defendants to create an unenforceable no-contact order is too speculative and conclusory" to state a plausible claim for relief).  Indeed, most of Ms. Bronnenburg's allegations against the remaining defendants consist of assertions that the defendants have certain duties, *e.g.*, that the local attorney is bound by Wyoming's attorney oath, but never actually alleges those duties were breached (let alone how they were breached).  (*See* Doc. 9 at pp. 6-8.) A cause of action unsupported by factual allegations must be dismissed for failure to state a claim on which relief may be granted.

Sixth, concerning the § 1983 claims against the governmental entities (here, the City of Cody, the Park County Detention Center, and the Park County Board of County Commissioners), Ms. Bronnenburg has not identified any policy, custom, or practice as the driving force behind the alleged constitutional violation.  Section 1983 does not allow governmental entities to be held vicariously liable for the unlawful acts of their employees under *respondeat superior* principles.  *See Monell v. Department of Social Servs.*, 436 U.S. 658, 691 (1978).  That is, they cannot be liable solely because they employed a liable employee.  Instead, governmental entities may only be liable under § 1983 for their own unconstitutional conduct, specifically where constitutional deprivation is inflicted pursuant to the governmental entity's policy, custom, or practice.  *Monell*, at 690–91, 694.  "Locating a policy ensures that a municipality [or other governmental entity] is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those

of the municipality." *Board of County Commissioners of Bryan County, Okl. v. Brown,*
520 U.S. 397, 403–04 (1997).

Here, Ms. Bronnenburg did not identify any policy from the Park County
Detention Center or the Board of County Commissioners, let alone a policy that caused
her alleged constitutional deprivation. (*See* Doc. 9 at p. 8.) As to the City of Cody, Ms.
Bronnenburg identified a city policy that prohibits its employees from discriminating
against or harassing others. (Doc. 9 at p. 7.) She did not explain how this policy caused
her alleged constitutional deprivation. (*See id.*) In fact, it seems she has asserted the
defendants *violated* this policy and their policy violation led to her alleged constitutional
deprivation. (*See id.*) This is no basis for municipal liability under § 1983, though. As
noted above, the City of Cody cannot be held liable under § 1983 for the illegal conduct
of its employees unless the city caused such illegal conduct through a city policy, custom,
or practice. Ms. Bronnenburg's allegation here is that one or more city employees caused
her alleged constitutional violation because they failed to follow the city's non-
discrimination/non-harassment policy, but this is the exact opposite of the municipal
liability allowed under § 1983.

Seventh and finally, Ms. Bronnenburg sued each defendant "Individually,
Personally, City AND County Officially" (sic). (Doc. 9 at pp. 1–3 (emphasis in
original).) It is reasonable to construe this language as Ms. Bronnenburg's attempt to sue
the defendants in both their individual and official capacities. However, official-capacity
suits "generally represent only another way of pleading an action against an entity of
which an officer is an agent." *Kentucky v. Graham,* 473 U.S. 159, 165–66 (1985)

(quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n.55 (1978)). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." *Id.* at 166 (internal citation omitted). Because the Court determined above that Ms. Bronnenburg failed to state plausible claims against the governmental entities, the official-capacity claims must be dismissed along with those governmental-entity claims because they are one and the same.

### 3.  All claims except for false arrest/false imprisonment against Defendant Eggar are dismissed with prejudice because further amendment would be futile.

When dismissing *pro se* claims for failure to state a plausible claim upon which relief can be granted, "the district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim." *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001). "Pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

The Court dismisses with prejudice all claims except the false arrest/false imprisonment claim against Defendant Eggar because Ms. Bronnenburg was previously provided an opportunity to amend her complaint to state plausible claims for relief. (*See* Doc. 5 (dismissing without prejudice the original complaint); Doc. 7 (granting request for leave to amend the original complaint).) Ms. Bronnenburg was provided the opportunity to cure the deficiencies in her original complaint and did so with regard to her false

arrest/false imprisonment claim under the Fourth Amendment against Defendant Eggar. She has not cured her other pleading deficiencies, though, and after two bites at the same apple, the Court finds her repeated failures to plausibly state her other claims do not warrant additional amendment. Consequently, the Court concludes allowing further amendment would be futile.

## ORDER

**IT IS THEREFORE ORDERED** that the amended complaint (Doc. 9) states a plausible claim upon which relief can be granted against Defendant Beau J. Eggar in his individual/personal capacity for false arrest/false imprisonment in violation of the Fourth Amendment.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve Defendant Beau J. Eggar, in his individual/personal capacity, as follows:

1. The Clerk shall send Defendant Eggar a copy of the complaint, a notice of lawsuit, and a copy of this Order on 28 U.S.C. § 1915 Screening of Amended Complaint, and the Clerk shall request Defendant Eggar to waive service of a summons in the manner set forth in Fed. R. Civ. P. 4(d); and

2. If Defendant Eggar fails to return a waiver of service within thirty (30) days from the date on which the request for waiver was sent, the Clerk of Court shall issue a summons for Defendant Eggar and shall deliver the summons (along with a copy of the complaint and this Order) to the United States Marshal for service on Defendant Eggar pursuant to Fed. R. Civ. P. 4(c)(3).

**IT IS FURTHER ORDERED** that Defendant Eggar shall serve an answer within twenty-one (21) days of being served the summons and complaint, or, if service of the summons is timely waived under Fed. R. Civ. P. 4(d), then within sixty (60) days after the date when the request for waiver was sent.

**IT IS FURTHER ORDERED** that all other claims alleged in the amended complaint are **dismissed with prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** that Ms. Bronnenburg's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **granted** under 28 U.S.C. § (a). However, "like any *ifp* litigant, [Ms. Bronnenburg] remains liable for the full amount of the filing fee." *Brown v. Eppler,* 725 F.3d 1221, 1231 (10th Cir. 2013); *see also Robbins v. Switzer,* 104 F.3d 895, 898 (7th Cir. 1997) ("[A]ll § 1915(a) does for any litigant is excuse the pre-payment of fees. Unsuccessful litigants are liable for fees and costs and must pay when they are able.").

**IT IS FINALLY ORDERED** that Ms. Bronnenburg's "Motion to Reconsideration" (Doc. 8) is **denied as moot** because the Court has herein screened anew her amended complaint.

**DATED:** February 25th, 2019.

Scott W. Skavdahl
United States District Judge

Tami M. Bronnenberg, Pro-se
P.O. Box 802
Cody, Wyoming 82414
(307) 899-2150

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 MAR 12 AM 11: 42

STEPHAN HARRIS, CLERK
CASPER

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TAMI M. BRONNENBERG | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 19-CV-021-S |
| BEAU J. EGGAR, Arresting Officer; WILLIAM K. STRUEMKE, Attorney; SARA L. STRUEMKE, Secretary; SERVICM LEGAL SERVICES, LLC; MARLIN D. RICHARDSON, DC; BIG HORN BASIN CHIROPRACTIC; CITY OF CODY; PARK COUNTY DETENTION CENTER; BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF PARK; | ) ) ) ) ) **AMENDED** 1983 CIVIL RIGHT COMPLAINT PURSUANT TO 42 USCS §1983 |
| Defendants. | ) |

### OBJECTION.

Comes now the plaintiff above mentioned, Ms. Bronnenberg, pro-se, and

respectfully objects, pursuant to **Federal Rules of Civil Procedure, Rule 12 (a) (1) (C);**

**Federal Rules of Evidence, Rules 103 (a) (1); 402,** in part, to the Order on 28

U.S.C. §1915 Screening of Amended Complaint as follows:

Ms. Bronnenberg is not a prisoner within the meaning of the Prison Litigation

Reform Act of 1995 (PLRA), see 28 U.S.C. §1915(h). See also, Merryfield v. Jordan, 584

F.3d 923 (10th Cir. 2009). The screening requirement of 28 U.S.C. §1915A (a) applies

only to prisoner complaints against government officials. "It simply does not require

district courts to review the merits of every claim that comes before them in an IFP (in

1

forma pauperis status) motion, and **we decline to read in such an extensive duty absent statutory language to that effect.**" See Buchheit v. Green, 705 F3d 1157 at 1161 (10th Cir. 2012). We think an affidavit is sufficient which states that one cannot because of his poverty 'pay or give security for the costs * * * and still be able to provide' himself and dependents 'with the necessities of life.' To say that no persons are entitled to the statute's benefits until they have sworn to contribute to payment of costs, the last dollar they have or can get, and thus make themselves and their dependents wholly destitute, would be to construe the statute in a way that would throw its beneficiaries into the category of public charges. **Adkins v. E. I. du Pont De Nemours & Co.** 335 U.S. 331 at 339, 69S. Ct.85, 93 L. Ed. 43 **(1948).** "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991); see also, e.g. Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003).

**Federal Rule of Civil Procedure, Rule 8(a) (2)** provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Derived from Conley v. Gibson: "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his (her) claim which would entitle him (her) to relief." 355 U.S. 41, 45-46, 78 S. Ct. 99, 21 L.Ed.2d 80 (1957) (emphasis added); see e.g. Kikumura v. Osagie, 461 F.3d 1269, 1294 (10th Cir. 2006).

The new formulation is less then pellucid referring to the "Conflicting signals" calling the opinion "confusing" The opinion seeks to find a middle ground between "heightened fact pleading," which is expressly rejected, Twombly,127 S. Ct. at 1974; see also id. At 1964 (a complaint "does not need detailed factual allegations"). The most difficult question in interpreting Twombly is what the Court means by "plausibility" See Robbins v. Oklahoma, 519 F.3 1242 at 1247 (10th Cir. 2008).

2

This short essay examines the seemingly contradictory definitions and associations of the word "plausibility" which the Supreme Court unexpectedly elevated to a key gate keeping role for all of federal civil litigation in its rulings altering the pleading standard in Twombly and Iqbal, [Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868, 2009 U.S. Lexis 3472 (2009). Justices, judges and commentators have not focused on what "plausibility" means, for some good reasons; it carries with it connotations of the "reasonable" and "fair" but also "superficial," "often specious" and "pretext." I can offer only a plausibility defense of the seemingly contradictory meanings of this word deployed to regulate allegations in federal complaints, for which the transparency of its vice is, for better and for worse, its main virtue. By Garrett, Brandon L., Applause for the Plausible **February 14, 2014**). University of Pennsylvania Law Review Online, **2014**; Virginia Public Law and Legal Theory Research Paper No. 2014-17. Available at SSRN: https://ssrn.com/abstract-2395912

"A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Twombly at 1965 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L.Ed.2d 90 (1974). See, Robbins v. Oklahoma, 519 F.3d 1242 at 1247 (10th Cir. 2008).

**"Plausibility" is ambiguous, open to more than one interpretation; having a double meaning.** All defendants, above mentioned, violated Ms. Bronnenberg's constitutional rights (False Arrest/False imprisonment), under the Forth, Equal Protection Clause and Due Process Clause of the Fourteenth Amendment of the United States Constitution, and those rights were clearly established at the time.

The Supreme Court in **Dunaway v. New York**, 442 U.S. 200 at 216, 99 S. Ct. 224, 860 L. Ed. 2d 824 **(1979)** stated, "We accordingly hold that the Rochester police violated the Fourth and Fourteenth Amendments when, without probable cause, they seized petitioner and transported him to the police station for interrogation."

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." This provision binds the state and its officers, including local police. See, **Wolf v. Colorado**, 338 U.S. 25, 69 S. Ct. 1359, 93 L. Ed. 1782 **(1949)**. The Fourth Amendment requires that

3

warrants issue "upon probable cause, supported by Oath or affirmation." The significance

of the oath requirement is **"that someone must take the responsibility for the facts**

**alleged, giving rise to the probable cause for the issuance of a warrant."** United

States ex rel. Pugh v. Pate, 401 F.2d 6 (7th Cir. 1968); See also Frazier v. Roberts, 441

F.2d 1224 (8th Cir. 1971). To effect an arrest there must be actual or constructive seizure

or detention of the person arrested, or his voluntary submission to custody, and the

restraint must be under real or pretended legal authority. Neilson v. State, 599 P.2d 1326,

1979 Wyo. LEXIS 447 (Wyo. 1979), **cert. denied,** 444 U.S. 1079, 100 S. Ct. 1031, 62 L.

Ed. 2d 763, 1980 U.S. LEXIS 755 (U.S. 1980). Where the claim is that the police have

improperly searched or seized something, the claimant must have had a legitimate

expectation of privacy as to that thing. Factors to be considered in making this

determination include: (1) the precautions taken in order to maintain one's privacy; (2)

the likely intent of the drafters of the United States and Wyoming constitutions; (3) the

property rights the claimant possessed in the invaded area; and (4) the legitimacy of the

individual's possession of or presence in the property which was searched or seized.

Parkhurst v. State, 628 P.2d 1369, 1981 Wyo. LEXIS 347 (Wyo.), **cert. denied,** 454 U.S.

899, 102 S. Ct. 402, 70 L. Ed. 2d 216, 1981 U.S. LEXIS 3986 (U.S. 1981). **42 U.S.C. §**

**1983,** which provides that every "person" who, under color of any statute, ordinance,

regulation, custom, or usage of any State subjects, or "causes to be subjected," any person

to the deprivation of any federally protected rights, privileges, or immunities shall be

civilly liable to the injured party.

    Parties can sue a municipality that has violated their constitutional rights "under

color of any statute, ordinance, regulation, custom, or usage." 42 U.S.C. § 1983 **(2015);**

4

see also **Monell**, 436 U.S. at 690 (holding that municipalities are "persons" for purposes of § 1983). A governmental entity, such as the Mansfield I.S.D., can be sued and subjected to monetary damages and injunctive relief under 42 U.S.C. § 1983 only if its official policy or custom causes a person to be deprived of a federally protected right. Board of the Cty. Comm'rs of Bryan Cty, v. Brown, 520 U.S. 397, 403 (1997); **Monell**, 436 U. S. at 694. See, **Bailey v. Mansfield Independent School District; Dr. Jim Vaszauskas; and Dr. Kimberly Cantu, Civil Action No. 3:18-CV-1161-L.,** United States District Court, N.D. Texas, Dallas Division. **January 10, 2019.**

**Monell v. Department of Social Services of the city of New Your et al.,** 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 **(1978) Held:** 2. Local governing bodies (and local officials sued in their official capacities) can, therefore, be sued directly under § 1983 for monetary, declaratory, and injunctive relief in those situations where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by those whose edicts or acts may fairly be said to represent official policy. In addition, local governments, like every other § 1983 "person," may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such custom has not received formal approval through the government's official decision making channels. **Pp. 436 U.S. 690-691.** 4. (c) In addition, municipalities cannot have arranged their affairs on an assumption that they can violate constitutional rights for an indefinite period; accordingly, municipalities have no reliance interest that would support an absolute immunity. **Pp. 436 U.S. 699-700.** 5. Local governments sued under § 1983 cannot be entitled to an absolute immunity, lest today's decision "be drained of meaning," Scheuer

5

v. Rhodes, 416 U.S. 232, 416 U.S. 248. **P. 436 U.S. 701. Owen v. City of**

**Independence**, 445 U.S. 622 **(1980)** Held: A municipality has no immunity from liability

under § 1983 flowing from its constitutional violations, and may not assert the good faith

of its officers as a defense to such liability. **Pp. 445 U.S.635-658**. Since a municipality

has no "discretion" to violate the Federal Constitution. **Pp.445 U.S. 644-650**.

The Supreme Court, in **Hafer v. Melo, et al.**, 502 U.S. 21, 112 S.Ct. 358, 116

L.Ed.2d 301 **(1991)**. Justice O'Conner, held that: (1) state officers may be personally

liable for damages under § 1983 based upon actions taken in their official capacities; (2)

officers' potential liability is not limited to acts under color of state law that are outside

their authority or not essential to operation of state government, but also extends to acts

within their authority and necessary to performance of governmental functions; and (3)

Eleventh Amendment does not erect barrier against suits to impose individual and

personal liability on state officers under § 1983. Because the real party in interest in an

official-capacity suit is the governmental entity and not the named official, "the entity's

'policy or custom' must have played a part in the violation of federal law." *** Personal-

capacity suits seek to impose individual liability upon a government officer for actions

taken under color of state law. Thus, "on the merits, to establish personal liability in a §

1983 action, it is enough to show that the official, acting under color of state law, caused

the deprivation of a federal right." Id., at 166, 105 S.Ct., at 3105. While the plaintiff in a

personal-capacity suit need not establish a connection to governmental "policy or

custom," **Id., 502 U.S. at 25**. ("A state official in his or her official capacity, when sued

for injunctive relief, would be a person under § 1983 because 'official-capacity actions

for prospective relief are not treated as actions against the State'") (quoting Graham, 473

6

U.S., at 167, n. 14, 105 S.Ct., at 3106, n. 14). **Id., 502 U.S. at 27.** Congress enacted §
1983 " 'to enforce provisions of the Fourteenth Amendment against those who carry a
badge of authority of a State and represent it in some capacity, whether they act in
accordance with their authority or misuse it.' " Scheuer v. Rhodes, 416 U.S. 232, 243, 94
S. Ct. 1683, 1689, 40 L.Ed.2d 90 (1974) (quoting Monroe v. Pape, supra, 365 U.S., at
171-172, 81 S.Ct., at 475-476). **Id., 502 U.S. at 28.** "Since Ex parte Young, 209 U.S.
123 28 S.Ct. 441, 52 L.Ed. 714 (1908)," we said, "it has been settled that the Eleventh
Amendment provides no shield for a state official confronted by a claim that he had
deprived another of a federal right under the color of state law." Scheuer, 416 U.S., at
237, 94 S.Ct., at 1687. While the doctrine of Ex parte Young does not apply where a
plaintiff seeks damages from the public treasury, damages awards against individual
defendants in federal courts "are a permissible remedy in some circumstances
notwithstanding the fact that they hold public office." 416 U.S., at 238, 94 S.Ct., at 1687.
That is, the Eleventh Amendment does not erect a barrier against suits to impose
"individual and personal liability" on state officials under § 1983. Ibid. **Id., 502 U.S. at
30, 31.** We hold that state officials, sued in their individual capacities, are "persons"
within the meaning of § 1983. The Eleventh Amendment does not bar such suits, nor are
state officers absolutely immune from personal liability under § 1983 solely by virtue of
the "official" nature of their acts. **Id., 502 U.S. at 31.**

Marlin D. Richardson; Big Horn Basin Chiropractic,  made a contract or
agreement to hiring William K. Struemke, Attorney; Servicm Legal Services, LLC, to use
the judicial process to make a collection from Ms. Bronnenberg. See, **Amended 1983
Civil Rights Complaint Exhibit –A-,** (Caption of the Order Vacating Warrant And

7

Resetting Previously Scheduled Hearing) which crossed the line and violated Federal

Constitutional Rights, **(False Arrest/False imprisonment), under the Forth, Equal**

**Protection Clause and Due Process Clause of the Fourteenth Amendment of the**

**United States Constitution, and those rights were clearly established at the time.**

And violated **Park County Policy Manual, (July 1, 2017)** Chapter 4, page 4-1, which

states in part, ***. Park County is an equal opportunity employer: Pursuant to Title VI of

the Civil Rights Act of 1964 Park County prohibits discrimination. And **City of Cody,**

**Personnel and Policy** Manual, Section 3. **See, Amended 1983 Civil Rights Complaint**

**C. Cause of Action, a) Count 1, Paragraph 10, Page 7.**

Officer Beau Egger used City and County Property, his patrol car and the Park

County Detention Center as City and County jail and administrative office facilities to

violate Federal Constitutional Rights, **(False Arrest/False imprisonment), under the**

**Forth, Equal Protection Clause and Due Process Clause of the Fourteenth**

**Amendment of the United States Constitution, and those rights were clearly**

**established at the time.** I believe there is a contract or agreement between the City of

Cody and Park County to jointly establish and operate, police protection agency facilities

and jail and administrative office facilities or any combination thereof. See, W.S. 18-2-

108). **See, Amended 1983 Civil Rights Complaint, C. Cause of Action, Paragraph 12,**

**Page 8.** Officer Egger used a two weeks old Vacated Warrant drafted by William K.

Struemke, Attorney, Servicm Legal Services, LLC, to violate Federal Constitutional

Rights, **(False Arrest/False imprisonment), under the Forth, Equal Protection Clause**

**and Due Process Clause of the Fourteenth Amendment of the United States**

**Constitution, and those rights were clearly established at the time,** instead of giving

8

notice of the vacated order to Officer Beau Egger or the City or County Law

Enforcement Center. See, **Exhibit –A-,** lower left hand side where it states Copies to:

William K. Struemke.

**"A lawyer shall not: (a) unlawfully obstruct \*\*\* or conceal a document \*\*\*".
See, Rules of Professional Conduct, Rule 3.4 (a). It is professional misconduct for a
lawyer to: (a)** violate or attempt to violate the Rules of Professional Conduct; knowingly
assist or induce another to do so, or do so through the acts of another.**(b)** commit a
criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as
a lawyer in other respects; **(c)** engage in conduct involving dishonesty, fraud, deceit or
misrepresentation; **(d)** engage in conduct that is prejudicial to the administration of
justice; **(e)** state or imply an ability to influence improperly a government agency or
official or achieve results by means that violate the Rules of Professional Conduct or
other law; **Id., Rule 8.4.**

**Federal Rules of Civil Procedure, Rule 17 (b)** CAPACITY TO SUE OR BE
SUED. Capacity to sue or be sued is determined as follows: (1) for an individual who is
not acting in a representative capacity, by the law of the individual's domicile; (2) for a
corporation, by the law under which it was organized; and (3) for all other parties, by the
law of the state where the court is located, except that: (A) a partnership or other
unincorporated association with no such capacity under that state's law may sue or be
sued in its common name to enforce a substantive right existing under the United States
Constitution or laws; and (B) 28 U.S.C. §§754 and 959(a) govern the capacity of a
receiver appointed by a United States court to sue or be sued in a United States court.

**Federal Rules of Evidence, Rules 301** provides, for **presumptions in civil cases
only**. A presumption imposes on the party against whom it is directed the burden of going

forward with evidence to rebut or meet the presumption. F.R.E., Rule 302 provides, "a

presumption respecting a fact which is an element of a claim or defense as to which state

law provides the rule of decision is determined in accordance with state law." The **Eric v.**

**Thompson doctrine,** 304 U.S. 64 **(1938)** of applying state law where it provides a rule of

decision applies to presumptions. However, only where the issue or claim "has its source

in state law" (Maternity Yours, Inc v. Your Maternity Shop, Inc., 234 F.2d 538 **(1956).**

F.R.E., Rule 501 provides that, "in a civil case, **state law governs privilege regarding**

**a claim** or defense for which state law supplies the rule of decision." **"These rules shall**

9

be construed to secure fairness in administration, elimination of unjustifiable expense

and delay, and **promotion of growth and development of the law of evidence to the**

**end that the truth may be ascertained and proceedings justly determined."** See,

**Federal Rules of Evidence, Rule 102.** The relevant question, to be answered under state

law, is whether a particular official is a policy maker to whom the local government has

delegated policy-decision making authority.

"This court has the same right, and can, if it deem it proper, decide the local questions only, and omit to decide the federal questions, or decide them adversely to the party claiming their benefit. Horner v. United States, 143 U.S. 570, 576, 36 S. L. ed. 266, 268, 12 Sup. Ct. Rep. 522; Fallbrook Irrig. Dist. v. Bradley, 164 U.S. 112, 154, 41 S. L. ed. 369, 387, 17 Sup. Ct. Rep. 56; Penn Mut. L. Ins. Co. v. Austin, 168 U.S. 685, 694, 42 S. L. ed. 626, 630, 18 Sup. Ct. Rep. 223; Burton v. United States, 196 U.S. 283, 295, 49 S. L. ed. 482, 485, 25 Sup. Ct. Rep. 243; Williamson v. United States, 207 U.S. 425, 52 L. ed. 278, 28 Sup. Ct. Rep. 163; People's Sav. Bank v. Layman, 134 Fed. 635; Michigan R. Tax Cases, 138 Fed. 223." **See, Siler v. Louisville & N. R. CO. (1909) 213 U.S. 175, at 191.**

## CONCLUSION.

The claims against the other defendants mentioned above should not be dismissed

with prejudice under 28 U.S.C. §1915(e) (2) (B) (ii).

~~DATED~~ this 9th day of March 2019.

Tami M. Bronnenberg, Pro-se
P.O. Box 802
Cody, Wyoming 82414

## CERTIFICATE OF SERVICE.

I, Tami M. Bronnenberg, Pro-se, swear and certify that I mailed this true and correct original copy of the above Objection for the Court, (a copy for Ms. Bronnenberg's stamped copy with a pre-paid stamped self addressed envelope to be mailed to her), pursuant to **Federal Rules of Civil Procedure, Rule 12 (a) (1) (C); Federal Rules of Evidence, Rules 103 (a) (1); 402** to the United States District Court Clerk's Office, 111 S. Wolcott, Room 121, Casper, Wyoming 82601 on this day of March 9th, 2019.

Tami M. Bronnenberg, Pro-Se

10

# UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 FEB 28  AM 9:00

STEPHAN HARRIS, CLERK
CASPER

TAMI MAE BRONNENBERG,

    Plaintiff,

    v.

BEAU J. EGGAR, Arresting Officer; WILLIAM K.
STRUEMKE, Attorney; SARA L. STRUEMKE,
Secretary; SERVICM LEGAL SERVICES, LLC;
MARLIN D. RICHARDSON, DC; BIG HORN BASIN
CHIROPRACTIC; CITY OF CODY; PARK COUNTY
DETENTION CENTER; BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF PARK;

    Defendants.

Case No. 19-CV-21-SWS

---

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

---

This matter comes before the Court on the Plaintiff's Motion for Appointment of Counsel (Doc. 3).

"There is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). The United States Code, however, permits the Court to "request an attorney to represent" an indigent party in a civil case where appropriate. 28 U.S.C. § 1915(e)(1). Section 1915(e)(1) does not create any right to counsel, and it does not allow the Court to "appoint" counsel because it "merely empowers a court to *request* an attorney to represent a litigant proceeding *in forma pauperis*." *Mallard v. U.S. Dist. Ct. S. Dist. Iowa*, 490 U.S. 296, 301-02 (1989) (emphasis in original) (addressing former § 1915(d), which is the predecessor to current §

1915(e)(1)); *see also Amin v. Voigtsberger*, 560 F. App'x 780, 786 (10th Cir. 2014) (unpublished) ("Under 28 U.S.C. § 1915(e)(1), the district court lacked authority to appoint an attorney.... Instead, the court could simply request an attorney to take the case.").

Plaintiff was previously permitted to proceed *in forma pauperis* in this matter. The Tenth Circuit has "directed district courts to evaluate, in connection with a request to appoint counsel under § 1915, the merits of a [plaintiff's] claims, the nature and complexity of the factual and legal issues, and the [plaintiff's] ability to investigate the facts and present his claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)

There are no unusual or exceptional circumstances that would warrant the appointment of counsel for Plaintiff in this case. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Specifically, the Court finds that the instant matter is not so factually or legally complex as to demand a request for counsel. The totality of the circumstances here do not support requesting an attorney to represent Plaintiff.

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion for Appointment of Counsel (Doc. 3) is **DENIED**.

DATED: February 27th, 2019.

Scott W. Skavdahl
United States District Judge

Page 2 of 2

Tami M. Bronnenberg, Pro-se
P.O. Box 802
Cody, Wyoming 82414
(307) 899-2150

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| TAMI M. BRONNENBERG | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 19-CV-021-S |
| | ) | |
| BEAU J. EGGAR, Arresting Officer; WILLIAM K. | ) | |
| STRUEMKE, Attorney; SARA L. STRUEMKE, | ) | |
| Secretary; SERVICM LEGAL SERVICES, LLC; | ) | |
| MARLIN D. RICHARDSON, DC; BIG HORN BASIN | ) | **AMENDED** |
| CHIROPRACTIC; CITY OF CODY; PARK COUNTY | ) | 1983 CIVIL RIGHT |
| DETENTION CENTER; BOARD OF COUNTY | ) | COMPLAINT PURSUANT |
| COMMISSIONERS OF THE COUNTY OF PARK; | ) | TO 42 USCS §1983 |
| | ) | |
| Defendants. | ) | |

## OBJECTION.

Comes now the plaintiff above mentioned, Ms. Bronnenberg, pro-se, and respectfully objects, pursuant to **Federal Rules of Civil Procedure, Rule 12 (a) (1) (C);** **Federal Rules of Evidence, Rules 103 (a) (1); 402.**

28 U.S.C. §1915, Proceedings in forma pauperis, provides in part, **(b)** any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets ***.

1

**(c)** Upon the filing of an affidavit in accordance with *** subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636 (b) of this title or under section 3401 (b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636 (c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

**(d)** The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases. **(e) (1)** the court may request an attorney to represent any person unable to afford counsel.

[See, 42 U.S.C. 2000a-3 (a) (appoint; complainant seeking injunction under civil rights laws). These federal statutes empowering courts to assign or appoint counsel were all passed well after 1915 attained its present broad coverage. See Act of Aug. 10, 1956, Pub. L. 1028, 827, 70A Stat. 46, 10 U.S.C. 827; Pub. L. 88-455, 78 Stat. 552 (1964), 18 U.S.C. 3006A; Pub. L. 91-452, 84 Stat. 934 (1970), 18 U.S.C. 3503(c); Pub. L. 95-144, 91 Stat. 1218 (1977), 18 U.S.C. 4109; Pub. L. 95-608, 92 Stat. 3071 (1978), 25 U.S.C. 1912 (b); Pub. L. 88-352, 78 Stat. 241 (1964), 42 U.S.C. 1971 (f); Pub. L. 88-352, 78 Stat. 244 (1964), 42 U.S.C. 2000 a-3 (a); Pub. L. 88-352, 78 Stat. 259 (1964), 42 U.S.C. 2000e-5 (f) (1); Pub. L. 89-793, 80 Stat. 1445 (1966), 42 U.S.C. 3413 (1). See, Mallard v. U.S. Dist. Ct. S. Dist. Iowa, 490 U.S. 296, at 306, 307 (1989). Footnote 7.]

**(h)** As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

Interpretation of a statute must begin with the statute's language E. g., United

States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241 (1989); Landreth Timber Co. v.

Landreth, 471 U.S. 681, 685 (1985); Mallard v. U.S. Dist. Ct. S. Dist. Iowa, 490 U.S.

296, at 300, 301 **(1989)**.

Ms. Bronnenberg is not a prisoner within the meaning of the Prison Litigation

Reform Act of 1995 (PLRA), see 28 U.S.C. §1915 (h). See also, Merryfield v. Jordan,

584 F.3d 923 (10th Cir. 2009). The screening requirement of 28 U.S.C. §1915A (a)

applies only to prisoner complaints against government officials. "It simply does not

require district courts to review the merits of every claim that comes before them in an

IFP (in forma pauperis status) motion, and **we decline to read in such an extensive duty**

**absent statutory language to that effect.**" See Buchheit v. Green, 705 F3d 1157 at 1161

(10th Cir. 2012). We think an affidavit is sufficient which states that one cannot because

of his poverty 'pay or give security for the costs * * * and still be able to provide' himself

and dependents 'with the necessities of life.' To say that no persons are entitled to the

statute's benefits until they have sworn to contribute to payment of costs, the last dollar

they have or can get, and thus make themselves and their dependents wholly destitute,

would be to construe the statute in a way that would throw its beneficiaries into the

category of public charges. Adkins v. E. I. du Pont De Nemours & Co. 335 U.S. 331 at

339 (1948).

Report of the House Judiciary Committee states that the bill containing 1915(d)

was designed to enable persons unable to afford legal representation to avail themselves

of the courts, as "[m]any humane and enlightened States" that had similar laws allowed

them to do. H. R. Rep. No. 1079, 52d Cong., 1st Sess., 2 (1892). See, Mallard v. U.S.

Dist. Ct. S. Dist. Iowa, 490 U.S. 296, at 302 (1989).

Some state statutes providing assignment or appointment of counsel are Ark. Stat. 1053 (1884) (assign); Ill. Rev. Stat., ch. 26, 3 (1845) (assign); Ind. Rev. Stat., Vol. 2, pt. 2, ch. 1, Art. 2, 15 (1852) (assign); Ky. Stat. 884 (1915) (Act of May 27, 1892) (assign); Mo. Rev. Stat. 2918 (1889) (assign); N. J. Gen. Stat., Vol. 2, Practice 369, p. 2598 (1896) (enacted 1799) (assign); 1876 N. Y. Laws, ch. 448, Art. 3, 460 (assign); 1869 N.C. Pub. Laws, ch. 96, 2 (assign); Tenn. Code 3980 (1858) (appoint and assign); Tex. Rev. Stat., Art. 1125 (1879) (enacted 1846) (appoint); Va. Code Ann. 3538 (1904) (appeared in 1849 Code) (assign); W. Va. Code, ch. 138, 1 (1891) (assign). Cf. N. Mex. Comp. Laws 2289 (1884) (judge may appoint attorney to represent Territory if Territory's attorneys are unable to attend by reason of sickness or inability); Nev. Comp. Laws 3126 (1900) (court may appoint attorney to appear on behalf of absent defendant in certain contract actions). See, Mallard v. U.S. Dist. Ct. S. Dist. Iowa, 490 U.S. 296, at 303 (1989).

28 U.S.C. 1915 (a), as originally drafted it apparently applied only to suits

commenced by an indigent person. Act of July 20, 1892, ch. 209, 1, 27 Stat. 252. ***

And the floor debate in the House speaks only of poor persons suing as plaintiffs. See 23

Cong. Rec. 5199 (1892).  See, Mallard v. U.S. Dist. Ct. S. Dist. Iowa, 490 U.S. 296, at

306 (1989). Footnote 5.

These federal statutes empowering courts to assign or appoint counsel were all passed well after 1915 attained its present broad coverage. See Act of Aug. 10, 1956, Pub. L. 1028, 827, 70A Stat. 46, 10 U.S.C. 827; Pub. L. 88-455, 78 Stat. 552 (1964), 18 U.S.C. 3006A; Pub. L. 91-452, 84 Stat. 934 (1970), 18 U.S.C. 3503(c); Pub. L. 95-144, 91 Stat. 1218 (1977), 18 U.S.C. 4109; Pub. L. 95-608, 92 Stat. 3071 (1978), 25 U.S.C. 1912(b); Pub. L. 88-352, 78 Stat. 241 (1964), 42 U.S.C. 1971(f); Pub. L. 88-352, 78 Stat. 244 (1964), 42 U.S.C. 2000a-3(a); Pub. L. 88-352, 78 Stat. 259 (1964), 42 U.S.C. 2000e-5(f)(1); Pub. L. 89-793, 80 Stat. 1445 (1966), 42 U.S.C. 3413(1). See, Mallard v. U.S. Dist. Ct. S. Dist. Iowa, 490 U.S. 296, at 307 (1989). Footnote 7.

The fact that a court's power to require a lawyer to render assistance to the indigent is firmly rooted in the authority to define the terms and conditions upon which members are admitted to the bar, Frazier v. Heebe, 482 U.S. 641 (1987); United States v. Hvass, 355 U.S. 570 (1958), 3 and to exercise "those powers necessary to protect the functioning of its own processes." Young v. United States ex rel. Vuitton et Fils S. A., 481 U.S. 787, 821 (1987) (SCALIA, J., concurring in judgment). Cf. Sparks v. Parker, 368 So.2d 528 (Ala.) (rejecting constitutional challenges to compelled representation of indigent defendants), appeal dism'd, 444 U.S. 803 (1979). The lawyer's duty to provide professional assistance to the poor is part of the ancient traditions of the bar long

4

recognized by this Court and the courts of the several States. *** "Attorneys are officers of the court, and are bound to render service when required by such an appointment." Powell v. Alabama, 287 U.S. 45, 73 (1932). *** Congress intended to "open the United States courts" to impoverished litigants and "to keep pace" with the laws of these "[m]any humane and enlightened States." H. R. Rep. No. 1079, 52d Cong., 1st Sess., 1-2 (1892). *** To be faithful to the congressional design of ensuring the poor litigant equal justice whether the suit is prosecuted in federal or state court, the statute should be construed to require counsel to serve, absent good reason, when requested to do so by the court. See, Mallard v. U.S. Dist. Ct. S. Dist. Iowa, 490 U.S. 296, at 312, 313-315 (**dissenting**) (1989).

"An Act providing when plaintiff may sue as a poor person and when counsel shall be assigned by the court." Ch. 209, 27 Stat. 252. Every contemporary decision uses the word "assign" to describe the judge's authority to secure counsel for parties under 1915(d). See Boyle v. Great Northern R. Co., 63 F. 539 (CC Wash. 1894); Whelan v. Manhattan R. Co., 86 F. 219, 220-221 (CC SDNY 1898); Brinkley v. Louisville & N. R. Co., 95 F. 345, 353 (CC WD Tenn. 1899); Phillips v. Louisville & N. R. Co., 153 F. 795 (CC ND Ala. 1907), aff'd, 164 F. 1022 (CA5 1908); United States ex rel. Randolph v. Ross, 298 F. 64 (CA6 1924). It is evident that the drafters of this statute understood these terms to impose similar obligations and simply assumed that members of our profession would perform their assigned tasks when requested to do so by the court. See, Mallard v. U.S. Dist. Ct. S. Dist. Iowa, 490 U.S. 296, at 312, 316 (**dissenting**) (1989).

Because plaintiff is preceding pro se, this court will liberally construe her pleadings. **Cf.**, Haines V. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595, 30 L. Ed.2d 652 **(1972).** Durre v. Dempsey, 869 F.2d 543 at 545 **(10th Cir. 1989).** Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. **Cf.**, Haines, 404 U.S. at 520, 92 S. Ct. at 595. Durre v. Dempsey, 869 F.2d 543 at 547 **(10th Cir. 1989);** Hall v. Bellmon, 935 F.2d 1106, 1110 **(10th Cir. 1991);** see also, e.g. Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 **(10th Cir. 2003).**

We have previously directed district courts to evaluate, in connection with a request to appoint counsel under § 1915, *** the nature and complexity of the factual and legal issues. Rucks v. Boergermann, 57 F.3d 978 at 979 **(10th Cir. 1995);** see also, Macline v. Freake, 650 F.2d 885, 887-89 (7th Cir.1981). **Cf.,** Hill V. SmithKline Beecham Corp., 393 F.3d 1111, at 1115 **(10th Cir. 2004).** In order to be liable pursuant to

5

§ 1983, a defendant must have personally participated in the alleged deprivation. Meade

v. Grubbs, 841 F. 2d 1512 at 1527-58 (10th Cir. 1988); Durre v. Dempsey, 869 F.2d 543

at 548 (10th Cir. 1989). See, Amended 1983 Civil Rights Complaint Exhibits –A- thru –F.

I believe the statute has become unconstitutional by removing "indigent person" from the

statute in violation of the Equal Protection Clause and Due Process Clause of the 14th

Amendment see Buchheit v. Green, **Supra**, 705 F3d 1157 at 1161 (10th Cir. 2012). **"We**

**decline to read in such an extensive duty absent statutory language to that effect."**

Report of the House Judiciary Committee states that the bill containing 1915(d) was

designed to enable persons unable to afford legal representation to avail themselves of the

courts, as "[m]any humane and enlightened States" that had similar laws allowed them to

do. H. R. Rep. No. 1079, 52d Cong., 1st Sess., 2 (1892). See, **Supra,** Mallard v. U.S.

Dist. Ct. S. Dist. Iowa, 490 U.S. 296, at 302 **(1989).**

## CONCLUSION.

Plaintiff's Motion for Appointment of Counsel should not be dismissed.

DATED this _12_ th day of March 2019.

Tami M. Bronnenberg, Pro-se
P.O. Box 802
Cody, Wyoming 82414

## CERTIFICATE OF SERVICE.

I, Tami M. Bronnenberg, Pro-se, swear and certify that I mailed this true and
correct original copy of the above Objection for the Court, (a copy for Ms. Bronnenberg's
stamped copy with a pre-paid stamped self addressed envelope to be mailed to her),
pursuant to **Federal Rules of Civil Procedure, Rule 12 (a) (1) (C); Federal Rules of
Evidence, Rules 103 (a) (1); 402** to the United States District Court Clerk's Office, 111
S. Wolcott, Room 121, Casper, Wyoming 82601 on this day of March _12_ th, 2019.

Tami M. Bronnenberg, Pro-Se

6



U.S. District Court Clerk's Office
111 S. Wolcott, Room 121
Casper, Wy. 82[]

Tami M. Bronnenberg
P.O. Box 802
Cody, Wyo. 82414

TAMI BRONNENBERG
(307) 888-2150
PO BOX 802
CODY WY 82414

SHIP ATTN CLERK OF COURT
TO: (307) 232-2620
U.S. DISTRICT COURT CLERK'S OFFICE
RM 121
111 S WOLCOTT ST
CASPER WY 82601-2534

WY 826 9-01

UPS GROUND
TRACKING #: 1Z V83 823 03 0495 2354

BILLING: P-P

2 LBS    1 OF 1
SHP WT: 2 LBS
DATE: 30 AUG 2019