UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| TAMI M. BRONNENBERG | ) |
| | ) |
| Plaintiff/Petitioner - Appellant | ) |
| | ) |
| V. | ) |
| | ) **APPELLANT/** |
| BEAU J. EGGAR, Arresting Officer; WILLIAM K. | ) **PETTIONER'S** |
| STRUEMKE, Attorney; SARA L. STRUEMKE, | ) **OPENING** |
| Secretary; SERVICM LEGAL SERVICES, LLC; | ) **BRIEF** |
| MARLIN D. RICHARDSON, DC; BIG HORN BASIN | ) |
| CHIROPRACTIC; CITY OF CODY; PARK COUNTY | ) |
| DETENTION CENTER; BOARD OF COUNTY | ) |
| COMMISSIONERS OF THE COUNTY OF PARK; | ) |
| | ) |
| Defendants/Respondent- Appellee | ) |

---

## 1. Statement of the case.

Tami M. Bronnenberg, in the above named case hereby appeals to the United States Court of Appeals for the 10th Circuit from the **JUDGMENT IN A CIVIL ACTION,** "**Order Granting Defendant's Motion for Summary Judgment,** entered in this action on August 5, 2019"; "Order on 28 U.S.C. §1915 Screening of Amended (1983 Civil Rights) Complaint." **IN PART, Ordered that all other claims alleged in the amended complaint are dismissed with prejudice under 28 U.S.C. §1915 (e) (2) (B) (ii),** entered in this action on February 25, 2019 in the United States District Court, District of Wyoming. Pursuant to the Letter dated September 09,

2019 NOTICE AND INSTRUCTIONS from Elisabeth A. Shumaker, Clerk

of Court Enclosed.

    2. Statement of Facts Relevant to the Issues Presented for Review.

    "Ms. Bronnenberg stated a plausible claim under 42 U.S.C. § 1983 for

false arrest/false imprisonment in violation of the Fourth Amendment

against Defendant Egger" See, ORDER GRANTING DEFENDANT'S

MOTION FOR SUMMARY JUDGMENT, 19-CV-21-SWS, page 2

    "The evidence submitted by the parties establishes that the warrant

had indeed been vacated by the state district judge, (entered  January 17,

2017) and Ms. Bronnenberg, was released from detention *** after being

booked into the local jail" ("A Willful Disregard of a Court Order",

IGNORED  14 days, January 31, 2017). See, ORDER GRANTING

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, 19-CV-21-

SWS, page 2; See also, Affidavit of Tami M. Bronnenberg. In Ker v.

California, 374 U.S. 23, 10 L. Ed. 2d 726 , 83 S. Ct. 1623 (1963), the court

held that the same probable cause standards were applicable to federal and

state warrants under the Fourth and Fourteenth Amendments. See, Ms.

Bronnenberg's Response to Defendant's Motion for Summary Judgment

pursuant to the ORDER CONVERTING DEFENDANT'S MOTION TO

DISSMISS TO MOTION FOR SUMMARY JUDGMENT, Page 5.

"Officer Egger IGNORED, ("A Willful Disregard of a Court Order"),
Ms. Bronnenberg's court order entered January 17, 2017 and arrested her
anyway" which by the way Officer Egger is a reasonable person would have
known. See, Harlow v. Fitzgerald, 457 U.S. 300, 818 (1982); ORDER
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
19-CV-21-SWS, page 4. An arrest is a "seizure" 4th Amendment U.S. v.
Watson, 423 U.S. 411, 428 (1976), 96 S. Ct. 1117. Severe restriction upon
plaintiff's personal mobility, can only be justified by probable cause. Illinois
v. Gates, 462 U.S. 213, (1983), 103 S. Ct. 2317, 76 L. Ed. 2d 527. See, Ms.
Bronnenberg's Response to Defendant's Motion for Summary Judgment
pursuant to the ORDER CONVERTING DEFENDANT'S MOTION TO
DISSMISS TO MOTION FOR SUMMARY JUDGMENT, Page 5.

The evidence the district judge failed to consider are pages 8 through
17 in Ms. Bronnenberg's Response to Defendant's Motion for Summary
Judgment pursuant to the ORDER CONVERTING DEFENDANT'S
MOTION TO DISSMISS TO MOTION FOR SUMMARY JUDGMENT,
(Notice: First Motion for Summary Judgment, Second Summary Judgment
Motion should not be considered.).

"The RIMS computer system, (regulation, custom, or usage having a
force of law), of the Park County Sheriff's Office violated the 5th
Amendment, "due process of law", 4th Amendment, "unreasonable search
and seizure" and 14th Amendment Due Process of Law and Equal Protection

of Law a clearly established law. The RIMS computer system is a
Regulation, Custom or Usage having the force of law, a settled practice; it is
the State that has commanded the result by its law. Cf., Gamer v. Louisiana,
368 U.S. 157, 176-185 (Douglas, J., Concurring) (1961); Wright v. Georgia,
373 U.S. 284 (1963); Baldwin v. Morgan, 287 F. 2d 750, 754 (C.A. 5th Cir.
1961); Adickes v. Kress & Co. 398 U.S. 144, at 168, 169, 171, 90 S. Ct.
1598, 26 L. Ed. 2d 142 (1970). See, Amended Complaint, A. Jurisdiction,
11, Page 3, filed March 12, 2019." **Id., On Page 8**. **Infra**, page 9 number 5.

3. Statement of Issues:

a. First Issue:

Whether it is not the federal court's duty to decide a controverted

question of state law first, Siler v. Louisville & Nashville R, Co. (1909) 213

U.S. 175, 29 S.Ct. 451, 455, 53 S.Ct. 451,455, 53 L. Ed. 653; Delaware v.

Van Arsdall, 475 U.S. 175, 707, 106 S.Ct. 1431, 1450, 89 L.Ed. 2d (1986);

Ellis v. City of La Mesa 990 F2d 1518 (9th Cir.1993); Seals v. Quarterly

County Court, 562 F2d 390, 392 (6th Cir. 1977); Johnson v. State of

Wyoming Hearing Examiner's Office, 838 P. 2d 158 (Wyo. 1992).

Describing *Rodrigue*'s analy-sis, we explained that where "there exists a

substantial 'gap' in federal law," "state law remedies are not 'incon-sistent'

with applicable federal law." 404 U. S., at 101. We highlighted that "state

law was needed" as surrogate federal law because federal law alone did not

provide "'a complete body of law,' " which is why "Congress specified that

a comprehensive body of state law should be adopted by the federal courts in

the absence of existing federal law." *Id.*, at 103–104); PARKER DRILLING

4

MANAGEMENT SERVICES, LTD. *v.* NEWTON, (Slip Opinion) 587 U. S.

_____ (2019) at page 12.

b. Second Issue:

Whether non-compliance with Wyoming legal decisions, ORDER

VACATING WARRANT AND RESETTING PREVIOUSLY

SCHEDULED HEARING, In the fifth Judicial District Court, Civil Action

No. 28047, filed January 17, 2017, marked Exhibit –A- to Amended

Complaint, ("A Willful disregard of a Court Order"); Whiteley v. Warden of

Wyoming Penitentiary, 401 U.S. 560, 28 L. Ed. 2d 306, 91 S. ct. 1031

(1971), was sufficient to show that Bronnenberg's arrest and imprisonment

was not consistent with the United States Constitution of America,

Amendment 4.

c. Third Issue:

Whether non-compliance with Wyoming legal decisions, ORDER

VACATING WARRANT AND RESETTING PREVIOUSLY

SCHEDULED HEARING, In the fifth Judicial District Court, Civil Action

No. 28047, filed January 17, 2017, marked Exhibit –A- to Amended

Complaint, ("A Willful disregard of a Court Order"); Whiteley v. Warden of

Wyoming Penitentiary, 401 U.S. 560, 28 L. Ed. 2d 306, 91 S. Ct. 1031

(1971) was sufficient to show that Bronnenberg's arrest and imprisonment

was denial of Due process of law and the Equal Protection of the Laws

pursuant to the United States Constitution of America, Amendment 5,

Amendment 14.

d. Fourth Issue:

Whether Defendants: William K. Struemke, Attorney; Sara L.

Struemke, Secretary; Servicm Legal Services, LLC; Marlin D. Richardson,

D.C; Big Horn Basin Chiropractic; City of Cody; Park County Detention

Center; Board of County Commissioners of the County of Park should not

be dismissed with prejudice from the case at hand. They are equally

responsible for Federal Constitutional violations for **False Arrest/False**

**imprisonment), under the Fourth Amendment, Due Process Clause of**

**the Fourteenth Amendment of the United States Constitution, and those**

**rights were clearly established at the time.** See, Exhibits -A- through -F-

attached to the Amended 1983 Civil Rights Complaint; Order on 28 U.S.C.

§1915 Screening of Amended Complaint p. 7. (". . . local attorney and local

chiropractor conspired to have Ms. Bronnenberg falsely arrested . . .") (Doc.

9 at p. 5). See, Tower v. Grover, 467 U.S. 914, 104 S. Ct. 2820, 81 L. Ed 2d

758 (1984); Polk County v. Dodson, 454 U.S. 312, 102 S. Ct. 445, 70 L. Ed.

2d 509 (1981); Dennis v. Sparks, 449 US 24 at Pp. 919-920, 101 S. Ct. 183,

66 L. Ed. 2d 185 (1980); Adickes v. Kress & Co, 398 U.S. 144, 90 S. Ct.

1598, 26 L. Ed 2d 142 (1970). **Supra**, **pages 8 through 17** in Ms.

Bronnenberg's Response to Defendant's Motion for Summary Judgment

pursuant to the ORDER CONVERTING DEFENDANT'S MOTION TO

DISSMISS TO MOTION FOR SUMMARY.

e. Fifth Issue:

Whether the text and structure of Statute **28 U.S.C. §1915** is

unconstitutional because it discriminates against Ms. Bronnenberg as an

"indigent person", (a class of indigent people) the word indigent has been

removed from **28 U.S.C. §1915**. Ms. Bronnenberg has been included with

the (class of indigent prisoners). Which I believe to be discriminatory

towards Ms. Bronnenberg. Depriving a "person" of his or her "liberty, (of

being included with a class of criminals) . . . without due process of law." Is

in violation of the United States Constitution, Amendment 5. I do believe

defamation is considered to be a civil wrong. The United States District

Court of Wyoming lacks jurisdiction on this issue because the Court

exercised its statutory authority in an unreasonable fashion. See, **(Act of**

**Congress providing for equal rights of citizens 28 USC §1343(3)).** The "

'cardinal principle' of interpretation that courts 'must give effect, if possible,

to every clause and word of a statute.' " *Loughrin* v. *United States*, 573 U. S.

351, 358 (2014). *** This approach ensures "that no area however small

7

will be without a developed legal system for private rights," while
simultaneously retaining the primacy of federal law and requiring future
statutory changes to be made by Congress. *Sadrakula*, *supra*, at 100; *United
States* v. *Tax Comm'n of Miss.*, 412 U. S. 363, 370, n. 12 (1973); PARKER
DRILLING MANAGEMENT SERVICES, LTD. *v.* NEWTON, (Slip
Opinion)  587 U. S. _____ (2019) at page 9. **See also**, Judicial Notice of
Notice of Unconstitutional Federal Statute, Filed April 3, 2019.

4. Do you think the district court applied the wrong law? If so, what
law do you want applied?

YES.  The district court applied the wrong law. Judicial Conduct and
Ethics, Rules 1.1 Compliance with the law; 2.1 Giving Precedence to the
Duties of Judicial Office, 2.2 Impartially and Fairness, 2.3 Bias, Prejudice,
and Harassment; Federal Rules of Evidence, Rules 102, These rules should
be construed so as to administer every proceeding fairly, eliminate
unjustifiable expense and delay, and promote the development of evidence
law, to the end of ascertaining the truth and securing a just determination;
201(d), The court may take judicial notice at any stage of the proceeding;
302, In a civil case, state law governs the effect of a presumption regarding a
claim or defense for which state law supplies the rule of decision; 501 The
common law — as interpreted by United States courts in the light of reason

and experience — governs a claim of privilege unless any of the following

provides otherwise:

The United States Constitution; a federal statute; or rules prescribed

by the Supreme Court. But in a civil case, state law governs privilege

regarding a claim or defense for which state law supplies the rule of

decision; ORDER VACATING WARRANT AND RESETTING

PREVIOUSLY SCHEDULED HEARING, In the fifth Judicial District

Court, Civil Action No. 28047, filed January 17, 2017, marked Exhibit –A-

to Amended Complaint, ("A Willful disregard of a Court Order"); Whiteley

v. Warden of Wyoming Penitentiary, 401 U.S. 560, 28 L. Ed. 2d 306, 91 S.

ct. 1031 (1971); Siler v. Louisville & Nashville R, Co. (1909) 213 U.S. 175,

29 S.Ct. 451, 455, 53 S.Ct. 451,455, 53 L. Ed. 653; Delaware v. Van

Arsdall, 475 U.S. 175, 707, 106 S.Ct. 1431, 1450, 89 L.Ed. 2d (1986); Ellis

v. City of La Mesa 990 F2d 1518 (9th Cir.1993); Seals v. Quarterly County

Court, 562 F2d 390, 392 (6th Cir. 1977); Johnson v. State of Wyoming

Hearing Examiner's Office, 838 P. 2d 158 (Wyo. 1992).

Congress enacted § 1983 " 'to enforce provisions of the Fourteenth

Amendment against those who carry a badge of authority of a State and

represent it in some capacity, **whether they act in accordance with their**

**authority or misuse it**.'" Scheuer v. Rhodes, 416 U.S. 232, 243, 94 S. Ct.

1683, 1689, 40 L.Ed.2d 90 (1974) (quoting Monroe v. Pape, supra, 365 U.S.,

at 171-172, 81 S.Ct.., at 475-476). (Hafer v. Melo, et al), **Id., 502 U.S. at 28**.

See, Ojection to the Order on 28 U.S.C.§1915 Screening of Amended

Complaint. Page 7; The United States Constitution among other things,

places substantial limitations upon state action, and the cause of action

provided in 42 U.S.C. 1983 is fundamentally one for "[m]isuse of power,

possessed by virtue of state law and made possible only because the

wrongdoer is clothed with the authority of state law." United States v.

Classic, 313 U.S. 299, 326 (1941). See, Ms. Bronnenberg's Response to

Defendant's Motion for Summary Judgment pursuant to the ORDER

CONVERTING DEFENDANT'S MOTION TO DISSMISS TO MOTION

FOR SUMMARY JUDGMENT (Notice: First Motion for Summary

Judgment, Second Summary Judgment Motion was also objected too.). **The**

**public interest demands strict adherence to judicial decree.**  Page 7.

5. Did the district court incorrectly decide the facts? If so, what facts?

YES. The district court incorrectly decided the facts. The evidence the

district judge failed to consider are **pages 8 through 17** Response to

Defendant's Motion for Summary Judgment pursuant to the ORDER

CONVERTING DEFENDANT'S MOTION TO DISSMISS TO MOTION

FOR SUMMARY JUDGMENT, Defendants first Motion for Summary

Judgment, specifically addressing the RIMS computer system.

"REGULATION, CUSTOM, OR USAGE.
2.   The second question here is whether the RIMS computer system,
(regulation, custom, or usage having a force of law), of the Park County
Sheriff's Office violated the 5th Amendment, "due process of law", 4th
Amendment, "unreasonable search and seizure" and 14th Amendment Due
Process of Law and Equal Protection of Law a clearly established law. The
RIMS computer system is a Regulation, Custom or Usage having the force
of law, a settled practice; it is the State that has commanded the result by its
law. Cf., Gamer v. Louisiana, 368 U.S. 157, 176-185 (Douglas, J.,
Concurring) (1961); Wright v. Georgia, 373 U.S. 284 (1963); Baldwin v.
Morgan, 287 F. 2d 750, 754 (C.A. 5th Cir. 1961); Adickes v. Kress & Co.
398 U.S. 144, at 168, 169, 171, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). See,
Amended Complaint, A. Jurisdiction, 11, Page 3, filed March 12, 2019." **Id.,
On Page 8**.

Officer Egger specifically **IGNORED** a court order entered January

17, 2017 and arrested her anyway" on a 14 days old invalid court order

which by the way Officer Egger is a reasonable person who would have

known the validity of a court order which it turned out it was valid. He knew

he did wrong. The Federal and State government on the other hand is not

excepting a valid court order and Wyoming case law in this case. Cf. If the

initial search is held improper, not only the evidence obtained by such search

but everything which becomes accessible to the prosecution by reason of the

initial search would be inadmissible as "a fruit of the poisonous tree.

Goddard v. State, 481 P. 2d 343 at 345; Nardone v. United States, 308 U.S.

338, 60 S. Ct. 266, 84 L. Ed. 307; and Annotation 50 A.L.R. 2d 531, 569;

Definition of **Caselaw**: "The Law to be found in the collection of reported cases that form all or part of the body of law within a given jurisdiction." See, Black's Law Dictionary, 8th ed. 2004).

Definition of **Order**: "An order is the mandate or determination of the court upon some subsidiary or collateral matter arising in an action, not disposing of the merits, but adjudicating a preliminary point or directing some step in the proceedings." 1 Henry Campbell Black, A Treatise on the Law of Judgments § 1at 5 (2nd ed. 1902).

"While an order may under some circumstances amount to a judgment, they must be distinguished, owing to the different consequences flowing from them, not only in the matter of enforcement and appeal but in other respects, as, for instance, the time within which proceedings to annul them must be taken. Rulings on motions are ordinarily orders rather than judgments. The class of judgments and of decrees formerly called interlocutory is included in the definition given in [modern codes] of the word: 'order'" 1 A.C. Freeman, A Treaties of the Law of Judgments § 19, at 28 (Edward W. Tuttle ed., 5th ed 1925). See, Black's Law Dictionary, 8th ed. 2004).

Definition of **Invalid**: 1. Not legally binding; 2. Without basis in fact. See, Black's Law Dictionary, 8th ed. 2004).

6. Did the district court fail to consider important grounds for relief? If so, what grounds?

YES. The district court did fail to consider important grounds for relief.

"It is unfortunate that the state court judge's order vacating the arrest was not registered into the RIMS computer system. The disruption to Ms. Bronnenberg's life, though relatively brief, was significant and should not be **IGNORED**." See, Order Granting Defendant's Motion for Summary Judgment, page 7. See also, Ms. Bronnenberg's Response to Defendant's

Motion for Summary Judgment pursuant to the ORDER CONVERTING

DEFENDANT'S MOTION TO DISSMISS TO MOTION FOR

SUMMARY JUDGMENT, pages 8 through 17, specifically addressing the

RIMS computer system.

"REGULATION, CUSTOM, OR USAGE.

2.  The second question here is whether the RIMS computer system, (regulation, custom, or usage having a force of law), of the Park County Sheriff's Office violated the 5th Amendment, "due process of law", 4th Amendment, "unreasonable search and seizure" and 14th Amendment Due Process of Law and Equal Protection of Law a clearly established law. The RIMS computer system is a Regulation, Custom or Usage having the force of law, a settled practice; it is the State that has commanded the result by its law. Cf., Gamer v. Louisiana, 368 U.S. 157, 176-185 (Douglas, J., Concurring) (1961); Wright v. Georgia, 373 U.S. 284 (1963); Baldwin v. Morgan, 287 F. 2d 750, 754 (C.A. 5th Cir. 1961); Adickes v. Kress & Co. 398 U.S. 144, at 168, 169, 171, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). See, Amended Complaint, A. Jurisdiction, 11, Page 3, filed March 12, 2019." **Id., On Page 8**; **Supra**, page 9, 5. Did the district court incorrectly decide the facts? If so, what facts?

Congress did enacted § 1983 " 'to enforce provisions of the

Fourteenth Amendment against those who carry a badge of authority of a

State and represent it in some capacity, **whether they act in accordance**

**with their authority or misuse it**.'" <u>**Supra**</u>, p. 8, Scheuer v. Rhodes, 416

U.S. 232, 243, 94 S. Ct. 1683, 1689, 40 L.Ed.2d 90 (1974) (quoting Monroe

v. Pape, supra, 365 U.S., at 171-172, 81 S.Ct.., at 475-476). Hafer v. Melo,

et al,  **Id., 502 U.S. at 28**. See, Ojection to the Order on 28 U.S.C.§1915

Screening of Amended Complaint. Page 7.Cf. A Judge has no immunity

from civil action for abuse of process. Hoppe v. Klapperich, 28 N. W. 2d
780 (Minn. 1947); City of Independence, 402 P.2d 91 (Or.1965); Judicial
Conduct and Ethics, 5th Ed 2013, §13.04 n. 98. Officer Eggar is not immune
for abuse of process of a court order.

    7. Do you feel that there are any other reasons why the district court's
judgment was wrong? If so, what?

    YES. There are other reasons why the district court's judgment was
wrong. Ms. Bronnenberg is being denied the Fourth Amendment, Due
Process of law and the Equal Protection of the Laws pursuant to the United
States Constitution of America, Amendment 4, Amendment 5, and
Amendment 14.

    8. What action do you want this court to take in your case?

    Enforce the Fourth Amendment, Due Process of Law and Equal
Protection of the Laws guaranteed to Ms. Bronnenberg pursuant to the
United States Constitution of America, Amendment 4, Amendment 5 and
Amendment 14. Grant Ms. Bronnenberg relief from the defendants named
above requested in the Amended 1983 Civil Rights Complaint, pages 8-10.
And/Or grant Ms. Bronnenberg legal representation as requested for
protection of her civil right under the United States Constitution of America,
Federal Law and State Law.

9. Do you think the court should hear oral argument in this case? If so, why?

YES. The court should hear oral argument in this case if the court needs an explanation on the confusion as to the authority of a valid court order filed January 17, 2017 compared to an invalid court order filed January 9, 2017.

Dated: 10/15/2019

Tami M. Bronnenberg

## CERTIFICATE OF SERVICE

**I hereby certify that on** _10/15/ 2019_ **I sent a copy of**
(date)

**the Appellant/Petitioner's Opening Brief to** _Adrian K._

_Kowalski_ **, at** _2320 Capitol Avenue_
(Opposing Party or Attorney)

_Cheyenne, Wyoming 82002_ **, the last known address/email**

**address, by** _U.S. Mail_ **.**
(state method of service)

_10/15/2019_
Date                 Signature

---

## CERTIFICATE OF COMPLIANCE

**I certify that the total number of pages I am submitting as my
Appellant/Petitioner's Opening Brief is 30 pages or less or alternatively, if the total
number of pages exceeds 30, I certify that I have counted the number of words and
the total is** _____ **, which is less than 13,000.   I understand that if my
Appellant/Petitioner's Opening Brief exceeds 13,000 words, my brief may be
stricken and the appeal dismissed.**

_10/15/2019_
Date                 Signature

A-12  Appellant/Petitioner's Opening Brief – 12/16           Page 5

TAMI MAE BRONNENBERG, PRO-SE
(307) 899-2150
P.O. BOX 802
CODY WY 82414-3940

1 LBS    1 OF 1
SHP WT: 1 LBS
DATE: 15 OCT 2019

SHIP 10TH DIST CT - CLERKS OFC. APPEALS
TO:  BYRON WHITE US COURTHOUSE
    1823 STOUT ST

**DENVER CO 80257-0001**



**CO 802 9-50**

**UPS GROUND**
TRACKING #: 1Z V03 823 03 0603 4495



BILLING: P/P

ISH 13.00N ZZP 450 15.5V 07/2019

