NO. 19-8055

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

| | |
|---|---|
| TAMI M. BRONNENBERG, | ) |
| | ) |
| Appellant-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BEAU J. EGGAR, Arresting Officer; WILLIAM | ) |
| K. STRUEMKE, Attorney; SARA L. STRUEMKE, | ) |
| Secretary; SERVICE LEGAL SERVICES, LLC; | ) |
| MARLIN D. RICHARDSON, DC; BIG HORN | ) |
| BASIN CHIROPRACTIC; CITY OF CODY; | ) |
| PARK COUNTY DETENTION CENTER; | ) |
| BOARD OF COUNTY COMMISSIONERS OF THE | ) |
| COUNTY OF PARK; | ) |
| | ) |
| Appellee-Defendants. | ) |

_____

On Appeal from the United States District Court for the District of Wyoming
The Honorable Judge Scott W. Skavdahl
Docket 19-CV-21-SWS

---

## BRIEF OF APPELLEES

---

| | |
|---|---|
| Michael J. McGrady | Adrian Kowalski |
| Deputy Attorney General | Assistant Attorney General |
| Wyoming State Bar No. 6-4099 | Wyoming State Bar No. 7-6125 |
| | 2320 Capitol Avenue |
| | Cheyenne, Wyoming 82002 |
| | (307) 777-7580 |
| | *Attorneys for Appellee-Defendant* |
| | *Beau J. Egger* |

**ORAL ARGUMENT NOT REQUESTED**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................... iii

JURISDICTIONAL STATEMENT ............................................................ 1

PRIOR OR RELATED APPEALS............................................................. 1

ISSUES PRESENTED FOR REVIEW ...................................................... 2

STATEMENT OF THE CASE.................................................................... 3

   I.   Nature of the case ........................................................................... 3

   II.   Relevant Facts ................................................................................ 4

          A. Source of factual allegations ........................................... 4

          B. Encounter between Bronnenberg and Officer Egger ...................... 4

   III.   Relevant Procedural History ........................................................ 6

          A. The district court's screening order ................................. 6

          B. Conversion of motion to dismiss into motion for summary
             judgment........................................................................... 8

          C. Officer Egger's arguments on summary judgment ......................... 9

          D. Bronnenberg's response .................................................. 9

          E. Bronnenberg's other motions ........................................ 12

          F. The district court's order granting summary judgment in favor
             of Officer Egger .............................................................. 13

SUMMARY OF THE ARGUMENT ........................................................ 16

ARGUMENT ........................................................................................... 18

i

I.    The district court properly granted summary judgment in favor of Officer
      Egger on the basis of qualified immunity ......................................................18

      A. Standard of Review ...................................................................................18

      B. Bronnenberg did not establish the violation of a constitutional right
         by Officer Egger .....................................................................................18

      C. Bronnenberg failed to show any clearly established law protected
         against a good-faith arrest under a facially valid arrest warrant
         verified through routine police procedure ................................................21

 II.   The Court should decline to consider any issue beyond the grant of
       summary judgment because Bronnenberg has failed to develop any other
       issues .........................................................................................................23

CONCLUSION ..................................................................................................25

ORAL ARGUMENT STATEMENT ....................................................................26

CERTIFICATE OF COMPLIANCE....................................................................27

CERTIFICATES OF SERVICE, DIGITAL SUMBISSIONS AND PRIVACY
REDACTIONS ...................................................................................................27

CERTIFICATE OF SERVICE ............................................................................28

DISTRICT COURT ORDER APPEALED FROM ..........................ADDENDUM

# TABLE OF AUTHORITIES

## Cases

*Baker v. McCollan*,
   443 U.S. 137 (1979) ...........................................................................19

*Birch v. Polaris Indus.*,
   812 F.3d 1238 (10th Cir. 2015) .........................................................18

*Brown v. Montoya*,
   662 F.3d 1152 (10th Cir. 2011) .........................................................24

*Calbart v. Sauer*,
   504 F. App'x 778 (10th Cir. 2012).......................................................8

*Castillo v. Day*,
   790 F.3d 1013 (10th Cir. 2015) ....................................................9, 18

*Chytka v. Wright Tree Serv.*,
   617 F. App'x 841 (10th Cir. 2015)....................................................23

*City of Escondido, Cal. v. Emmons*,
   --- U.S. ---, 139 S. Ct. 500 (2019) .......................................15, 16, 21

*Doe v. Woodard*,
   912 F.3d 1278 (10th Cir. 2019) .........................................................11

*Goddard v. State*,
   481 P.2d 343 (Wyo. 1971) ................................................................22

*Hill v. Bogans*,
   735 F.2d 391 (10th Cir. 1984).........................................13, 15, 19, 20

*Lassiter v. Topeka Unified Sch. Dist. No. 501*,
   347 F. Supp. 2d 1033, 1040 (D. Kan. 2004) ....................................25

*McBride v. Citgo Petroleum Corp.*,
   281 F.3d 1099 (10th Cir. 2002) .........................................................24

*Moss v. Kopp*,
  559F.3d 1155 (10th Cir. 2009) ........................................................... 13

*Nardone v. United States*,
  308 U.S. 338 (1939) ........................................................................... 22

*Pahls v. Thomas*,
  718 F.3d 1210 (10th Cir. 2013) ........................................................... 18

*Paul v. Davis*,
  424 U.S. 693 (1976) ........................................................................... 24

*Smyth v. City of Lakewood*,
  1996 U.S. App. Lexis 8773, No. 95-1481 (10th Cir. Apr. 19, 1996) ............... 15

*Specht v. Jensen*,
  832 F.2d 1516 (10th Cir. 1987) ........................................................... 12

*Taylor v. Burd*,
  No. 15 CV 642 JAP/LAM, 2016 U.S. Dist. LEXIS 168498
  (D.N.M. Dec. 5, 2016) ........................................................................ 10

*Turney v. O'Toole*,
  898 F.2d 1470 (10th Cir. 1990) ........................................................... 22

*United States v. Johnson*,
  731 F. App'x 638 (10th Cir. 2018) ........................................................ 23, 24

*United States v. Wooten*,
  377 F.3d 1134 (10th Cir. 2004) ........................................................... 23

*Whiteley v. Warden of Wyo. Penitentiary*,
  401 U.S. 560 (1971) ........................................................................... 21

*Williams v. Wilkinson*,
  645 F. App'x 692 (10th Cir. 2016) ........................................................ 23

*Yousuf v. Cohlmia*,
  741 F.3d 31 (10th Cir. 2014) .............................................................. 18

## Statutes

28 U.S.C. § 1291 ...................................................................................1

28 U.S.C. § 1331 ...................................................................................1

28 U.S.C. § 1915 ...........................................................................1, 7, 24

42 U.S.C. § 1983 ............................................................1, 3, 13, 14, 25

## Rules

Fed. R. Civ. P. 12 ..........................................................................4, 8, 12

10th Cir. R. 10.1 ...................................................................................4

10th Cir. R. 30.2(A)(1) ..........................................................................4

## Other Authorities

20 James Wm. Moore et al., *Moore's Federal Practice and Procedure*
    ¶ 303.21[3][c][iii] (3d ed. 2001) .......................................................24

## JURISDICTIONAL STATEMENT

The United States District Court for the District of Wyoming had jurisdiction under 28 U.S.C. § 1331 because Tami Bronnenberg brought claims for relief arising under federal law, specifically claims under 42 U.S.C. § 1983. The district court granted judgment against Bronnenberg on August 5, 2019. (ROA at 6). Bronnenberg filed a timely notice of appeal on September 3, 2019, (*id*.), giving this Court jurisdiction under 28 U.S.C. § 1291.

## PRIOR OR RELATED APPEALS

There is one prior related appeal, Case No. 19-8026. On March 26, 2019, Bronnenberg appealed from the district court's order that screened out several of her claims under 28 U.S.C. § 1915. (ROA at 6). Bronnenberg, however, voluntarily moved to dismiss this prior appeal a week later. (*Id*. at 109).

## ISSUES PRESENTED FOR REVIEW

I.    Did the district court properly grant summary judgment in favor of Officer Egger where Bronnenberg failed to establish a plausible Fourth Amendment false arrest claim and failed to identify clearly established case law holding that officers acting in similar circumstances violated federal law?

II.   Did Bronnenberg present any other issues for appeal by making only passing references and single-sentence conclusory statements without any meaningful argument?

## STATEMENT OF THE CASE

### I.     Nature of the case

This is a civil-rights case stemming from the arrest of Tami Bronnenberg under a facially valid arrest warrant. Bronnenberg alleges that Officer Beau Egger[1] arrested her even though she showed him a copy of a state court order vacating the warrant. She ultimately spent less than one hour in jail before being released. Bronnenberg then brought this civil-rights action under 42 U.S.C. § 1983 against nine different defendants. After screening Bronnenberg's complaint, the district court found that she had stated a plausible false-arrest claim against Officer Egger. It dismissed all other claims. Officer Egger then moved for, and was ultimately granted, summary judgment on qualified-immunity grounds.

Qualified immunity is a defense that may be raised on summary judgment. When it is, a presumption of immunity is triggered, and the burden shifts to the plaintiff to demonstrate the defendant violated clearly established federal law such that liability is beyond debate. In Bronnenberg's case, the district court found that she failed to rebut the officers' presumption of immunity because she did not identify analogous precedent showing that her right to avoid arrest under the circumstances was beyond debate.

---

[1] The court's caption incorrectly spells Officer Beau Egger's last name as Eggar.

This appeal calls for a *de novo* review of whether Bronnenberg met her qualified-immunity burden by: (1) showing the facts supported a plausible constitutional violation, and (2) presenting sufficiently analogous case law showing that Officer Egger violated clearly established law.

## II.    Relevant Facts

### A. Source of factual allegations

As an initial matter, the district court converted Officer Egger's motion to dismiss to a motion for summary judgment under Federal Rule of Civil Procedure 12(c) prior to dismissing the case. The factual allegations below are derived from the Amended Complaint, attachments to the Amended Complaint, and the exhibits attached to Officer Egger's motion to dismiss.[2]

### B. Encounter between Bronnenberg and Officer Egger

Bronnenberg alleges that Officer Egger arrested her on the morning of January 31, 2017, based on an outdated warrant for her arrest. (ROA at 41-42) (Amended Compl.); (ROA at 127) (Police Narrative). She does not elaborate on this assertion other than alleging that she "kept telling the Defendant, arresting officer Beau J. Egger that the warrant he was relying on, issued January 9, 2017 in this matter, was

---

[2] Bronnenberg is pursuing this appeal *pro se*. The district court accordingly "prepare[d] and docket[ed] a record on appeal." *See* 10th Cir. R. 10.1. Officer Egger does not believe that the record omits any items that should be included and therefore does not file a supplemental appendix. 10th Cir. R. 30.2(A)(1).

vacated," and alleging that she "show[ed] him the court order vacating the warrant." (ROA at 41)

Before arresting her, Officer Egger checked whether the warrant was still active and outstanding by calling the Park County Dispatch. (ROA at 129-31) (Egger Aff.). Dispatch checked its RIMS Computer Aided Dispatch System (RIMS) which, at the time of the arrest, marked the warrant as active and outstanding. (ROA at 132-34) (RIMS records). It was not until **after** the arrest, intake, and ultimate release of Bronnenberg that the order vacating the arrest was input into the RIMS system. (*Id.*) (indicating that order vacating warrant was entered into system on January 31, 2017, at 11:13:46); *see* (ROA at 41-42) (alleging that Bronnenberg was booked on January 31, 2017, at 10:19:40 and released fifty minutes later, at 11:10:58). Officer Egger possessed no independent knowledge to otherwise question on the validity of the warrant. (ROA at 129-31).

Bronnenberg does not describe why the warrant was issued or why it was ultimately vacated. And, as the district court noted in its screening order, she makes no factual allegation suggesting "the arrest warrant on which Officer Eggar [sic] relied was somehow invalid on its face." (ROA at 59) (second screening order). The arrest warrant contains no discrepancy or indication that it was somehow invalid. (*Id*. at 135) (warrant).

Bronnenberg alleges that Officer Egger arrested her and drove her to the Park County Detention Center. (ROA at 41-42). She was booked and then released from jail after about fifty minutes. (*Id*.). Bronnenberg also alleges that "the next stop with the court order would be the Park County Prosecuting Attorney's Office[.]" (*Id*.). There is, however, no explanation of what this means, what the purpose of any visit to the Prosecuting Attorney's Office was, or even what actually happened after she was released from the Detention Center.

## III.    Relevant Procedural History

### A. The district court's screening order

Bronnenberg initially filed a complaint that was screened and dismissed in its entirety. (ROA at 31-33). The district court, however, permitted her to file an amended complaint. (*Id*.). She did so. (*Id*. at 39-55).

In her amended complaint, Bronnenberg brought claims against Officer Egger, the arresting officer; Serviam Legal Services, a private law firm;[3] William K. Struemke, the founding attorney of the law firm; Sara L. Streumke, his secretary; Marlin. D. Richardson, DC and Big Horn Basin Chiropractic, the clients who apparently retained Serviam to collect from Bronnenberg; and three municipal entities—the City of Cody, the Board of County Commissioners of the County of Park, and the Park County Detention Center. (ROA at 43-46). Bronnenberg alleged

---

[3] The Court's caption spells this incorrectly as "Servicm."

6

that Officer Egger "knowingly and unlawfully restrained the plaintiff" by arresting her. (*Id*. at 41-43). The claims against all other parties generally allege "a mass conspiracy to kidnap or falsely arrest her." (*Id*. at 43-48, 62).

The district court screened the amended complaint under 28 U.S.C. § 1915, and ultimately dismissed with prejudice all claims except the Fourth Amendment claim against Officer Egger. (ROA at 66-67). No claims survived against Serviam Legal Services, William K. Struemke, Sara L. Streumke, Marlin D. Richardson, DC, Big Horn Chiropractic, the City of Cody, the Board of County Commissioners of the County of Park, and the Park County Detention Center (hereinafter, the already-dismissed defendants). The district court also denied the appointment of counsel for Bronnenberg. (*Id*. at 98).

Bronnenberg objected to the court's screening and denial of her motion seeking the appointment of counsel. (ROA at 74-87). In response to the screening, she asserted that the screening requirements only applied to "prisoner complaints against government officials." (*Id*. at 74-83). In response to the denial of appointment of counsel, she appeared to challenge the screening statute, 28 U.S.C. § 1915, in its entirety. (ROA at 87); *see also* (ROA at 96) (Pl's notice of Unconstitutional Statute). These objections also elaborated on her claims against the already-dismissed defendants, but these added assertions do not establish a plausible conspiracy claim against them or Officer Egger. (ROA at 87, 96).

Bronnenberg then filed a premature appeal with the Tenth Circuit Court of Appeals over the screening order. (ROA at 105). She voluntarily dismissed this prior appeal, presumably when she became aware that the Court lacked jurisdiction. (*Id*. at 109).

**B. Conversion of motion to dismiss to a motion for summary Judgment**

Officer Egger asserted the defense of qualified immunity in response to the claim against him and moved to dismiss on that basis under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ROA at 118). Even though Officer Egger filed the motion under Rule 12(b)(6), the district court converted it to one for summary judgment, as permitted under Rule 12(d), and gave notice to Bronnenberg of the conversion. (*Id*. at 116, 148); *Calbart v. Sauer*, 504 F. App'x 778, 781 (10th Cir. 2012) (citation omitted) ("Before treating a motion to dismiss as a summary judgment motion, a district court must give notice to the parties 'to prevent unfair surprise.'").

By converting the motion, the district court could consider the exhibits which Officer Egger submitted with his motion to dismiss along with the allegations in the amended complaint. *See* Fed. R. Civ. P. 12(d). Officer Egger submitted the following four exhibits: (1) a narrative from the arrest; (2) his notarized affidavit; (3) screenshots of the County's RIMS electronic records system showing the time stamp of when the warrant was vacated in the computer system; and (4) the executed

warrant. (ROA at 127-35). Bronnenberg's amended complaint also included: (1) the order vacating warrant; (2) an intake receipt from the Park County Detention Center; and (3) a release receipt from the Park County Detention Center.[4] (*Id*. at 49-56).

### C. Officer Egger's arguments on summary judgment

On summary judgment, Officer Egger argued that qualified immunity barred any Fourth Amendment claim against him. (ROA at 118). To overcome qualified immunity, a plaintiff must prove "that (1) the defendant violated her constitutional or statutory rights, and (2) the right was clearly established at the time of the alleged unlawful activity." *Castillo v. Day*, 790 F.3d 1013, 1019 (10th Cir. 2015). Officer Egger argued that Bronnenberg failed to overcome either prong because the exhibits established that Officer Egger executed a facially valid warrant in good faith and the good-faith execution of a facially valid warrant does not violate a constitutional right. (ROA at 118). ).

Once Officer Egger raised qualified immunity, it was then Bronnenberg's burden to overcome the officers' presumption of immunity. Her effort to do so is the subject of this appeal.

### D. Bronnenberg's response

Bronnenberg did respond to Officer Egger's motion for summary judgment.

---

[4] Bronnenberg also included bail, intake, and release receipts for an unrelated stay in the Park County Detention Center that took place in 2014. (ROA at 49-56). These documents appear to have no relevance to any factual allegation.

However, her response appeared to be largely directed at her already-dismissed claims against the other defendants. (ROA at 157-66) (discussing whether RIMS system is a regulation, custom, or usage, such that a claim could be brought against Park County Sheriff's Office).

To the extent Bronnenberg addressed the arguments within Officer Egger's motion for summary judgment, her response did not dispute the facial validity of the warrant in question or Officer Egger's good-faith execution of the warrant. These facts, as the district court later recognized, were therefore not in dispute. (ROA at 362). Rather, Bronnenberg's response focused on two different arguments.

First, Bronnenberg attempted to overcome the clearly-established prong of qualified immunity by discussing Fourth Amendment probable-cause requirements. (ROA at 154-56). It is somewhat difficult to parse out the precise nature of her arguments, but it appears she was arguing that Officer Egger lacked probable cause to arrest her and that he did so in violation of clearly established law, as established in the cases she relied upon. (*Id.* at 154).

Officer Egger's reply first addressed this argument by explaining that qualified immunity barred the claim against him because he had, at the very least, arguable probable cause to arrest her due to his belief that there was an outstanding warrant for her arrest. (ROA at 195) (citing *Taylor v. Burd*, No. 15 CV 642 JAP/LAM, 2016 U.S. Dist. LEXIS 168498, at *11 (D.N.M. Dec. 5, 2016) ("a state

law enforcement officer is entitled to qualified immunity if a reasonable officer **could have believed** that probable cause to arrest existed at the moment the arrest was made"). Officer Egger's reply also went through Bronnenberg's cited cases and explained how those cases could not constitute clearly established law because they were either far too general to provide adequate warning, or simply shared no analogous facts to those in the present case. (ROA at 195-97) (citing *Doe v. Woodard*, 912 F.3d 1278, 1289 (10th Cir. 2019) ("[I]t is a 'longstanding principle that clearly established law should not be defined at a high level of generality[,]'").

Second, Bronnenberg's response also included her own affidavit describing an incident in which she claims that another officer pulled her over to execute the same warrant two weeks before Officer Egger arrested her. (ROA at 167-71). Bronnenberg states that this other officer did not arrest her, but rather allowed her to call the court to confirm whether the warrant remained outstanding. (*Id*. at 167-68). The court subsequently informed this other officer that it would vacate the warrant. (*Id*.).

Officer Egger's reply, however, explained how this interaction was immaterial to the qualified immunity analysis. (ROA at 193-94). First, there was no connection between this interaction and Officer Egger's arrest of Bronnenberg. Bronnenberg did not suggest that Officer Egger somehow had any knowledge of this previous interaction. Indeed, Officer Egger was not aware that the warrant was

11

vacated or otherwise not outstanding. (*Id*. at 127, 129-31). Second, Bronnenberg did not suggest this prior interaction was routine police procedure for the Cody Police Department that Officer Egger should have followed.

### E. Bronnenberg's other motions

Bronnenberg also filed two other motions, a motion for declaratory judgment and a motion for summary judgment. (ROA at 203, 207-11). Bronnenberg's motion for declaratory judgment raised no new arguments and did not appear to be directed against Officer Egger. (*Id*. at 203, 244). Bronnenberg's motion for summary judgment raises largely the same arguments as her response to Officer Egger's motion for summary judgment. (*Id*. at 207-11).

In her motion for summary judgment, Bronnenberg again argued that Officer Egger arrested her without probable cause. (ROA at 208-10). In support of her position, she cited cases which considered the probable cause of warrantless searches and arrests. *See e.g. Specht v. Jensen*, 832 F.2d 1516, 1522-23 (10th Cir. 1987) ("In sum, a Fourth Amendment violation occurs when police engage in a **warrantless** search and no exception to the warrant requirement applies, or when police search pursuant to a warrant not based on probable cause.") (emphasis added). These cases again shared virtually no factual similarities to the facts in this case, and Officer Egger again went through these cases to demonstrate that they could not serve as clearly-established law. (ROA at 267).

Officer Egger also responded by re-emphasizing that the warrant itself was enough to establish probable cause for the arrest. (ROA at 268). Officer Egger again argued that the existence of the facially valid warrant constitutes an absolute bar to damages from an arrest under that warrant. (ROA at 268). The analysis of this defense is independent from the analysis for probable cause and revolves around the good-faith execution of the arrest warrant in question. (*Id.*); *see e.g. Hill v. Bogans*. 735 F.2d 391, 393 (10th Cir. 1984).

### F. The district court's order granting summary judgment in favor of Officer Egger

Based on the arguments and evidence described above, the district court ultimately agreed with Officer Egger and granted summary judgment against Bronnenberg. (ROA at 334). In the same order, the district court also dismissed Bronnenberg's other motions. (*Id.*).

The district court concluded that Bronnenberg failed to overcome either prong of qualified immunity. (ROA at 337). It applied absolute immunity to Officer Egger, after recognizing that "[j]ust as judges acting in their judicial capacity are absolutely immune from liability under section 1983, [']official[s] charged with the duty of executing a facially valid court order enjoy[] absolute immunity from liability for damages in a suit challenging conduct prescribed by that order.[']" (*Id.* at 337-38) (quoting *Moss v. Kopp*, 559 F.3d 1155, 1163 (10th Cir. 2009) (alterations in original)).

The district court also concluded that "Bronnenberg [had] not established Officer Egger violated her constitutional rights," as "[t]he affidavit from Defendant Egger establishes that a facially-valid warrant for Ms. Bronnenberg's arrest existed at the time he arrested her, that he called into dispatch to confirm the validity of the arrest warrant, and that dispatch affirmed through the 'RIMS Computer Aided Dispatch System' the arrest warrant was still active." (ROA at 337). The district court recognized that "Bronnenberg did not dispute the above facts"; she instead only contended that the arrest was unconstitutional because she showed Officer Egger an order vacating the warrant in question at the time of the arrest. (*Id*.).

The district court found that this allegation did not create a genuine issue of material fact which precluded judgment in favor of Officer Egger. The undisputed evidence established the existence of a facially valid arrest warrant. (ROA at 338). Officer Egger acted within the scope of his jurisdiction by executing "what appeared to be a valid arrest warrant" and acting in conformity with said arrest warrant. (*Id*.). It accordingly concluded that "all requirements for absolute (or quasi-judicial) immunity are met here, and Officer Egger is immune from liability under § 1983." (*Id*.).

The district court additionally concluded that Officer Egger "acted reasonably" in arresting Bronnenberg. (ROA at 121). It noted that this Court "considered similar situations on multiple occasions" and compared the facts here

to those cases. (ROA at 339). It specifically compared the facts to *Hill v. Bogans*, 735 F.2d 391, 393 (10th Cir. 1984), where "the plaintiff asserted the officer violated the plaintiffs civil rights 'by failing to check the validity of the warrant when requested to do so.'" (ROA at 339). In *Bogans*, this Court recognized that "[u]nless a warrant is facially invalid an officer has no constitutional duty to independently determine its validity." (*Id.*).

In light of the above precedent, the district court concluded that "even in the face of Ms. Bronnenberg's protests, Officer Egger's actions were constitutionally reasonable because an officer 'is not required by the Fourth Amendment to obtain a copy of the warrant, research supporting documentation, or go behind the facial validity of a warrant before making the arrest.'" (ROA at 339) (quoting *Smyth v. City of Lakewood*, 1996 U.S. App. Lexis 8773, No. 95-1481, at *11 (10th Cir. Apr. 19, 1996)). In sum, the district court found that Bronnenberg could not establish any constitutional violation. (ROA at 339-41).

On the second element of qualified immunity, the district court concluded that "Ms. Bronnenberg has not set forth a clearly-established right that Officer Eggers allegedly violated." (ROA at 341) "At best, Ms. Bronnenberg relie[d] upon general Fourth Amendment principles in alleging Officer Eggers violated her constitutional rights, but the U.S. Supreme Court demands that 'the clearly established right must be defined with specificity.'" (*Id.*) (quoting *City of Escondido, Cal. v. Emmons*, ---

U.S. ---, 139 S. Ct. 500, 503 (2019) (per curiam)). The district court ultimately could not "conclude that 'every reasonable official would have understood' that Officer Egger's conduct here was unreasonable and in violation of the Fourth Amendment," and found against Bronnenberg on this prong as well. (ROA at 341).

This appeal followed.

## SUMMARY OF THE ARGUMENT

The district court was correct when it determined Bronnenberg failed to carry her burden of overcoming Officer Egger's presumption of qualified immunity. Once Officer Egger raised this defense, it became Bronnenberg's burden to show that he violated constitutional rights so clearly established that reasonable officers would have known that their actions were illegal.

This first required Bronnenberg to show that the evidence established a constitutional violation. She failed to do so. The undisputed evidence established that Officer Egger, in good faith, executed a facially valid, albeit invalidated, arrest warrant which he verified through routine police procedures. She never disputed these facts, which alone precludes her from establishing that Officer Egger violated any constitutional right. On appeal, Bronnenberg again does not dispute these facts but rather insists that Officer Egger should have not arrested her because she showed him the court order vacating the warrant. This contention, however, is not enough to overcome qualified immunity.

Qualified immunity requires Bronnenberg to identify case law clearly showing Officer Egger's conduct was unreasonable and in violation of the Fourth Amendment. She failed to carry burden this as well. At most, she cited to cases that laid out the general principles of Fourth-Amendment law, which is insufficient to clearly establish a right protecting against the good-faith execution of facially-valid, albeit invalidated, arrest warrants. Her reliance on such cases is unsurprising, as factually analogous case law largely cuts against her argument and finds in favor of officers in similar situations.

Bronnenberg raises other arguments as well, but these other arguments are largely directed against the already-dismissed defendants. These arguments are also devoid of any supporting authority and meaningful or cogent argument, and are, thus, "perfunctory challenges" which the Court should decline to consider.

## ARGUMENT

### I.  The district court properly granted summary judgment in favor of Officer Egger on the basis of qualified immunity.

Bronnenberg challenges the district court's grant of summary judgment in favor of Officer Egger. Bronnenberg falls short of overcoming the defense of qualified immunity because Officer Egger relied upon a facially valid arrest warrant.

### A. Standard of Review

The Court "review[s] a grant of summary judgment de novo, drawing all reasonable inferences and resolving all factual disputes in favor of the non-moving party." *Birch v. Polaris Indus.*, 812 F.3d 1238, 1251 (10th Cir. 2015) (quoting *Yousuf v. Cohlmia*, 741 F.3d 31, 37 (10th Cir. 2014)).

### B. Bronnenberg did not establish the violation of a constitutional right by Officer Egger.

The district court granted summary judgment on qualified immunity grounds. Qualified immunity differs from typical defenses in that "officials enjoy a presumption of immunity when the defense of qualified immunity is raised." *Pahls v. Thomas*, 718 F.3d 1210, 1227 (10th Cir. 2013). To overcome this presumption, a plaintiff must prove "that (1) the defendant violated her constitutional or statutory rights, and (2) the right was clearly established at the time of the alleged unlawful activity." *Castillo* , 790 F.3d at 1019.

The district court properly concluded that Bronnenberg failed to establish the violation of a constitutional right. Bronnenberg's brief generally contends that there was a genuine issue of material fact because "Officer Egger specifically **IGNORED** a court order entered January 17, 2017 and arrested her anyway." (Appellant's Br. at 11) (emphasis in original). Bronnenberg also contends that a "reasonable person would have known the validity of the court order," presumably the court order vacating the warrant. (*Id*.). Bronnenberg further insists that the court order vacating the warrant in question was valid, and that "strict adherence" was necessary once she showed the court order to Officer Egger. (*Id*. at 9). Bronnenberg otherwise does not challenge the facial validity of the warrant.

Even assuming the facts above as true, Bronnenberg fails to establish a constitutional claim against Officer Egger. Courts have consistently held that "[u]nless a warrant is facially invalid an officer has no constitutional duty to independently determine its validity." *Bogans*, 735 F.2d at 393; *see also Baker v. McCollan*, 443 U.S. 137, 145-46 (1979) ("[the Supreme Court does] not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence").

In fact, an officer's conduct in similar circumstances was found constitutional by this Court. *See Hill v. Bogans*. 735 F.2d 391. In *Bogans*, a plaintiff arrestee sued a defendant police officer for arresting him on an outstanding bench warrant. *Id*. at

19

393. At the time of the arrest, the plaintiff "told Bogans [the officer] that he had cleared the speeding charge that was the subject of the warrant and asked Bogans to verify the validity of the warrant." *Id*. Bogans did so, by "verif[ying] the warrant over the police radio and again upon arrival at the warrant desk." *Id*. Despite these attempts, Bogans did not learn that the warrant was in fact withdrawn, although "presumably Bogans would have learned the fact if he had contacted the county court." *Id*. The plaintiff later sued, arguing that Bogans "violated his civil rights" by not contacting the county court before arresting him on the otherwise facially valid warrant. *Id*. This Court rejected the argument concluding that "[u]nless a warrant is facially invalid an officer has no constitutional duty to independently determine its validity" and that Bogans "acted reasonably in relying on routine police procedures for establishing the existence of an outstanding warrant." *Id*.

As the district court concluded below, Officer Egger likewise properly relied on routine police procedures for establishing the existence of the outstanding warrant and is entitled to absolute immunity for enforcing a facially valid warrant. (ROA at 364). Bronnenberg does not dispute that Officer Egger verified the validity of the arrest warrant by calling dispatch which confirmed that the police department's computer system still showed that the warrant was valid and outstanding. Officer Egger was not required to do more.

20

**C. Bronnenberg failed to show any clearly established law protected against a good-faith arrest under a facially valid arrest warrant verified through routine police procedure.**

Bronnenberg also appears to challenge the district court's finding against her on the second prong of qualified immunity. She does not explicitly challenge the Order Granting Summary Judgment, but rather cites to three cases to support her reiteration of general probable-cause requirements, presumably in an attempt to argue that Officer Egger lacked probable cause to arrest her. (*See* Appellant Br. at 3).

These three cases also do not serve as clearly established law in this case. These cases, like the cases cited to her response to Officer Egger's motion for summary judgment, generally share no facts with the present case and do not clearly establish anything but general Fourth Amendment principles. *See Emmons*, 139 S. Ct. at 503 (a "clearly established right must be defined with specificity").

Bronnenberg, for example, cites to *Whiteley v. Warden of Wyoming Penitentiary*, 401 U.S. 560, 577 (1971). *Whitely* is a case where a prisoner challenged the legality of his arrest by attacking both the probable cause for issuance of the arrest warrant against him and for the officer arresting him in the absence of that warrant. *Id*. at 577-78. The Supreme Court agreed with the prisoner after concluding that the arrest warrant itself lacked probable cause and that the officer lacked independent knowledge to support an arrest in the absence of that warrant.

*Id*. The officer lacked "factual data tending to corroborate the informer's tip" that the prisoner committed a crime. *Id*.

This case is not applicable because Bronnenberg makes no challenge to the legality of the original arrest warrant and otherwise provides no evidence to suggest that the original arrest warrant lacked probable cause. (*See* ROA at 366). Even if she made such a challenge, it would not support liability against Officer Egger; as the district court below recognized, officers should "'not be called upon to answer for the legality of decisions which they are powerless to control.'" *Turney v. O'Toole*, 898 F.2d 1470, 1473 (10th Cir. 1990). Further, "[e]ven assuming that the order was infirm as a matter of state law, it was facially valid," which Bronnenberg does not appear to dispute. *Id*.

The other two cases she cites are even more attenuated. The first, *Goddard v. State*, is a Wyoming Supreme Court case where officers improperly entered an apartment without the consent of the tenants or a search warrant, and "no reason to suspect that a crime had been committed." *Goddard v. State*, 481 P.2d 343, 344-45 (Wyo. 1971). The officers found "two small marijuana plants" and returned to seize said plants after procuring an after-the-fact search warrant. *Id*. The second, *Nardone v. United States*, likewise only dealt with the use of wrongfully-obtained evidence in a criminal trial. *Nardone v. United States,* 308 U.S. 338, 339 (1939). In sum, Bronnenberg has not pointed to case law with any relevance to the present appeal

and has therefore not come forth with clearly established law sufficient to overcome the second prong of qualified immunity. Accordingly, the Court should affirm the district court's grant of summary judgment to Officer Egger.

## II. The Court should decline to consider any issue beyond the grant of summary judgment because Bronnenberg has failed to develop any other issues.

Bronnenberg purports to raise a multitude of additional concerns against the already dismissed defendants, and other entities and persons not a party to the case. (ROA at 4, 6-8, 14). However, Bronnenberg's concerns about matters beyond her challenge to the court's grant of summary judgment lack any cogent legal argument and thus fail to develop to "an issue sufficient to invoke appellate review." *United States v. Johnson*, 731 F. App'x 638, 658 n.16 (10th Cir. 2018). While the Court "liberally construe[s] pro se pleadings," it does "not undertake the role of a pro se litigant's advocate." *Williams v. Wilkinson*, 645 F. App'x 692, 694 n.2 (10th Cir. 2016). Accordingly, although the Court "construe[s] [] pro se filings liberally, the failure to 'advanc[e] [any] reasoned argument as to the grounds for the appeal,' is insufficient appellate argument." *Chytka v. Wright Tree Serv.*, 617 F. App'x 841, 844 (10th Cir. 2015) (citation omitted). Officer Egger accordingly asks that the Court decline to consider any argument beyond the challenge to the grant of summary judgment. *See also United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004).

The closest Bronnenberg comes to making any other argument is her purported challenge to 28 U.S.C. § 1915. To clarify, Bronnenberg was not denied *in forma pauperis* status. (ROA at 68). It appears that Bronnenberg is instead challenging her classification as an "indigent" person. (Appellant's Br. at 7) ("Ms. Bronnenberg has been included with the (class of indigent prisoners). . . . I do believe defamation is considered to be a civil wrong.").

This challenge, however, is a perfunctory challenge, because Bronnenberg "neither articulates" any legal argument beyond the conclusory statements above, "nor makes any meaningful argument" on her classification as an "indigent" person. (Appellant's Br. at 7-8); *see Johnson*, 731 F. App'x at 646. Even if she did, this claim of defamation (presumably against the district court for declaring her "indigent") would be unsuccessful because this Court has held "that stigma or defamatory harm to reputation in itself was insufficient to create a liberty interest."[5] *Brown v. Montoya*, 662 F.3d 1152, 1167 (10th Cir. 2011) (citing *Paul v. Davis*, 424 U.S. 693, 709 (1976)). Therefore, because it does not implicate a liberty interest, it

---

[5] This issue suffers from a more fundamental defect as it is not a proper ground for appeal. This issue, as argued by Bronnenberg, appears to be an independent civil-rights claim against the presiding judge in the lower trial, not a question implicated in "[a]n appeal from a final judgment," which "usually draws into question all prior non final orders and all rulings **which produced the judgement**." *McBride v. Citgo Petroleum Corp.*, 281 F.3d 1099, 1104 (10th Cir. 2002) (quoting 20 James Wm. Moore et al., *Moore's Federal Practice and Procedure* ¶ 303.21[3][c][iii] (3d ed. 2001))(emphasis added).

is not a recoverable claim under § 1983. *See Lassiter v. Topeka Unified Sch. Dist. No. 501*, 347 F. Supp. 2d 1033, 1040 (D. Kan. 2004) (finding that "plaintiff[']s complaint fail[ed] to state a claim upon which relief [could] be granted under § 1983 because it fail[ed] to allege a property interest or liberty interest . . . ").

All other purported arguments are even less developed and fail for different reasons. (*See e.g.* Appellant's Br. at 3-4, 11, 13) (repeatedly referring to the RIMS computer system throughout her brief, asserting that it is a "regulation, custom, or usage," presumably to open the door to make a claim against the "Park County Sheriff's Office," which is not a party to this appeal). The Court should therefore decline to consider them as well.

## CONCLUSION

For the foregoing reasons, this Court should affirm the district court's judgment.

## ORAL ARGUMENT STATEMENT

Defendant Egger does not request oral argument. Oral argument is not necessary to assist the Court in understanding the factual issues and legal theories of the case.

**DATED** this 14th day of November 2019.

/s/ Adrian Kowalski
ADRIAN KOWALSKI (Wyo. Bar No. 7-6125)
MICHAEL J. MCGRADY (Wyo. Bar No. 6-4099)
Wyoming Attorney General's Office
2320 Capitol Avenue
Cheyenne, WY 82002
307-777-7580
adrian.kowalski@wyo.gov
mike.mcgrady1@wyo.gov

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief is double-spaced and utilizes a proportionally spaced 14-point Times New Roman typeface. The brief comprises a total of 6,412 words.

DATED this 14 day of November 2019.

/s/ Adrian Kowalski
ADRIAN KOWALSKI
Assistant Attorney General

## CERTIFICATES OF SERVICE, DIGITAL SUBMISSIONS AND PRIVACY REDACTIONS

I hereby certify that on this 14th day of November, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit via the appellate CM/ECF system. The parties in this case will be served electronically by that system.

I hereby certify that all required privacy redactions have been made pursuant to 10th Cir. R. 25.5; that the ECF submission is an exact copy of the hard copies filed with the Clerk; and that the digital submissions have been scanned for viruses by the State of Wyoming's Department of Enterprise Technology Services using the CrowdStrike Antivirus program which runs at all times on all state systems and according to the program, is free of viruses.

/s/ Jessica Curless
JESSICA CURLESS, Paralegal
Office of the Wyoming Attorney General

27

## CERTIFICATE OF SERVICE

I do hereby certify that I have filed a copy of the foregoing, on this 14th day of November 2019, and a copy was sent to the following individuals:

Tami M. Bronnenberg                                 [✔] U.S. Mail
P.O. Box 802
Cody, WY 82414


/s/ Jessica Curless
JESSICA CURLESS, Paralegal
Office of the Wyoming Attorney General

# ADDENDUM

# UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 AUG -5  AM 8: 51

STEPHAN HARRIS, CLERK
CASPER

TAMI MAE BRONNENBERG,

      Plaintiff,

    v.

BEAU J. EGGER, Arresting Officer,

      Defendant.

Case No. 19-CV-21-SWS

---

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

This case comes before the Court on the following motions:

(1)    Defendant Egger's Motion to Dismiss Plaintiff's Complaint (Doc. 28), which was converted into a motion for summary judgment under Fed. R. Civ. P. 12(d) (Doc. 30). Plaintiff filed an opposition (Doc. 33), and Defendant replied (Doc. 35).

(2)    Plaintiff's Motion for Declaratory Judgment (Doc. 36), Defendant's opposition (Doc. 39), and Plaintiff's reply (Doc. 41).

(3)    Plaintiff's Motion for Summary Judgment (Doc. 38), Defendant's opposition (Doc. 40), and Plaintiff's reply (Doc. 44).

Having considered the parties' arguments, the record herein, and being otherwise fully advised, the Court finds Defendant Egger is entitled to qualified immunity in this action. Consequently, Defendant's motion for summary judgment must be granted and Plaintiff's opposing motions denied.

## BACKGROUND

Plaintiff Tami Bronnenberg proceeds pro se without the aid of a lawyer in this matter. Therefore, her "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," but the Court cannot "assume the role of advocate." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

After screening Ms. Bronnenberg's amended civil rights complaint (Doc. 9), the Court found she had stated a plausible claim under 42 U.S.C. § 1983 for false arrest/false imprisonment in violation of the Fourth Amendment against Defendant Egger.[1] (Doc. 10.) More specifically, she contends Defendant Egger, a law enforcement officer working for the City of Cody, Wyoming, at the relevant time, arrested her on January 31, 2017, on an invalid arrest warrant despite her attempts to explain to him why it was invalid and showing him a court order canceling the warrant. (Doc. 9 at pp. 3-4.) The evidence submitted by the parties establishes that the warrant had indeed been vacated by the state district court judge, and Ms. Bronnenberg was released from detention less than an hour after being booked into the local jail. (*See* Doc. 9 at pp. 11-13; Doc. 29-2 at pp. 2-3.) The Court determines the dispositive question is whether Officer Egger is protected by qualified immunity in relation to arresting Ms. Bronnenberg.

## SUMMARY JUDGMENT AND QUALIFIED IMMUNITY

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

---

[1] The remainder of Ms. Bronnenberg's claims were dismissed in screening under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted. (Doc. 10.)

of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if there is sufficient evidence on

each side so that a rational trier of fact could resolve the issue either way," and it is

material "if under the substantive law it is essential to the proper disposition of the

claim." *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013) (internal quotation

marks omitted). "The district court must draw all reasonable inferences in favor of the

nonmoving party." *Pioneer Centres Holding Co. Employee Stock Ownership Plan & Tr.*

*v. Alerus Fin., N.A.*, 858 F.3d 1324, 1334 (10th Cir. 2017).

Qualified immunity protects government officials "from liability for civil damages

insofar as their conduct does not violate clearly established statutory or constitutional

rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S.

800, 818 (1982).

> When a defendant asserts qualified immunity at summary judgment, the
> burden shifts to the *plaintiff*, who must clear two hurdles in order to defeat
> the defendant's motion. The plaintiff must demonstrate on the facts alleged
> both that the defendant violated his constitutional or statutory rights, and
> that the right was clearly established at the time of the alleged unlawful
> activity.

*Cox v. Glanz*, 800 F.3d 1231, 1245 (10th Cir. 2015) (emphasis in original) (quoting

*Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009)). Though the Court must still

view the evidence in the light most favorable to the non-moving party, the "record must

clearly demonstrate the plaintiff has satisfied his heavy two-part burden; otherwise, the

defendants are entitled to qualified immunity." *Felders ex rel. Smedley v. Malcom*, 755

F.3d 870, 878 (10th Cir. 2014) (quoting *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir.

2001)).

## DISCUSSION

Examining the first step of the qualified-immunity analysis, Ms. Bronnenberg has not established Officer Egger violated her constitutional rights. The affidavit from Defendant Egger establishes that a facially-valid warrant for Ms. Bronnenberg's arrest existed at the time he arrested her, that he called into dispatch to confirm the validity of the arrest warrant, and that dispatch affirmed through the "RIMS Computer Aided Dispatch System" the arrest warrant was still active. (Doc. 29-2 at pp. 1-3; *see also* Doc. 29-1 at p. 2; Doc. 29-3 at pp. 1-2; Doc. 29-4.) Ms. Bronnenberg does not dispute these material facts, but essentially contends Officer Egger's actions were unconstitutional anyway. She asserts Officer Egger "was relying on" an arrest warrant as his basis for arresting Ms. Bronnenburg. (Doc. 9 at p. 3.) Attached as "Exhibit A" to her amended complaint is an "Order Vacating Warrant and Resetting Previously Scheduled Hearing," entered by the state district judge of the Fifth Judicial District of Wyoming. (Doc. 9 at p. 11.) It was entered on January 17, 2017, and it ordered "that the Warrant issued January 9, 2017 in this matter is vacated." (*Id.*) Ms. Bronnenburg alleges she showed this order to Officer Egger at the time he arrested her on January 31, 2017, to convince him not to execute the arrest warrant, but he ignored her and arrested her anyway. (Doc. 9 at pp. 3-4, 5.)

Generally, an officer executing an arrest warrant that is valid on its face enjoys absolute immunity (also known as "quasi-judicial immunity"). "Just as judges acting in their judicial capacity are absolutely immune from liability under section 1983, official[s] charged with the duty of executing a facially valid court order enjoy[] absolute immunity

from liability for damages in a suit challenging conduct prescribed by that order." *Moss v. Kopp*, 559 F.3d 1155, 1163 (10th Cir. 2009) (alterations in original) (quoting *Turney v. O'Toole*, 898 F.2d 1470, 1472 (10th Cir. 1990)). And "[f]acially valid does not mean lawful. An erroneous order can be valid." *Turney*, 898 F.2d at 1473 (internal quotation marks omitted) (citing *Baker v. McCollan*, 443 U.S. 137, 143–44 (1979)). To be entitled to absolute immunity, "the judge issuing the disputed order must be immune from liability in his or her own right, the officials executing the order must act within the scope of their own jurisdiction, and the officials must only act as prescribed by the order in question." *Moss*, 559 F.3d at 1163.

The undisputed evidence presented by the parties in their competing summary judgment motions establishes the state district court judge issued the arrest warrant due to Ms. Bronnenberg's earlier failure to appear on a show cause order (Doc. 29-4), and there is no suggestion the state judge lacked this authority. Next, the undisputed evidence shows Officer Egger, a police officer for the City of Cody, Wyoming, acted within the scope of his jurisdiction as he executed what appeared to be a valid arrest warrant within the city limits of Cody, Wyoming. (Doc. 29-2 at p. 1.) Finally, the undisputed evidence demonstrates Officer Egger acted in conformity with the arrest warrant and not beyond it by arresting Ms. Bronnenberg and immediately transporting her to the local detention center. (Doc. 29-1 at p. 2.) Consequently, all requirements for absolute (or quasi-judicial) immunity are met here, and Officer Egger is immune from liability under § 1983.

The Tenth Circuit has considered similar situations on multiple occasions. For example, in *Hill v. Bogans*, 735 F.2d 391 (10th Cir. 1984), the plaintiff asserted the officer violated the plaintiff's civil rights "by failing to check the validity of the warrant when requested to do so." 735 F.2d at 393. The Tenth Circuit disagreed, saying, "Unless a warrant is facially invalid an officer has no constitutional duty to independently determine its validity." *Id.* (citing *Baker*, 443 U.S. at 145-46). The court held the police officers "acted reasonably in relying on routine police procedures [i.e., calling the police station] for establishing the existence of an outstanding warrant." *Id.*; *see also Smith v. City of Lakewood*, 83 F.3d 433 (10th Cir. 1996) (unpublished table decision) (stating that a facially-valid arrest warrant "unquestionably justified Smyth's arrest by Kuebler"); *Taylor v. Robinson*, 2016 WL 9488864, at *4 (D.N.M. Dec. 5, 2016) ("Because dispatch informed Burd that there was an active warrant for Plaintiff's arrest, the Court finds that it was reasonable for Burd to rely on this information.").

Here, Officer Egger acted reasonably when arresting Ms. Bronnenberg. He relied on routine police procedures to determine the arrest warrant's continuing validity by calling into dispatch, which checked the RIMS computer system and informed Officer Egger the arrest warrant was still active. Based on that information, Officer Egger executed the facially-valid arrest warrant. Even in the face of Ms. Bronnenberg's protests, Officer Egger's actions were constitutionally reasonable because an officer "is not required by the Fourth Amendment to obtain a copy of the warrant, research supporting documentation, or go behind the facial validity of a warrant before making the arrest." *Smyth*, 83 F.3d 433; *see also Lauer v. Dahlberg*, 717 F. Supp. 612, 614 (N.D. Ill.

1989) (determining that an officer was not required to further investigate the arrest warrant's validity even where, like alleged here, the officer was presented with "an uncertified copy of the [warrant] recall order").

It is unfortunate that the state court judge's order vacating the arrest warrant was not timely registered into the RIMS computer system.   The disruption to Ms. Bronnenberg's life, though relatively brief, was significant and should not be ignored. However, it's not appropriate to make Officer Egger answer for that mistake when there's no evidence to suggest it was his doing. "Simple fairness requires that state officers 'not be called upon to answer for the legality of decisions which they are powerless to control.'" *Turney v. O'Toole*, 898 F.2d 1470, 1473 (10th Cir. 1990) (quoting *Valdez v. City & County of Denver*, 878 F.2d 1285, 1289 (10th Cir. 1989)).   The undisputed evidence presented by the parties' summary judgment motions shows Officer Egger did not violate Ms. Bronnenberg's constitutional rights when he arrested her pursuant to the facially-valid warrant because he acted as a reasonable officer in doing so and is protected by absolute (quasi-judicial) immunity.

Turning now to the second prong of the qualified immunity analysis, Ms. Bronnenberg has also failed to show the alleged right was clearly established at the time of the alleged unlawful activity.   It is difficult to isolate exactly what right she contends was violated by Officer Eggers.   (*See* Doc. 33.) For example, she discussed the need for an arrest warrant or search warrant to be supported by probable cause (Doc. 33 at pp. 4-5), which is an accurate reflection of the Fourth Amendment.   However, there's no evidence to suggest the state court judge's arrest warrant was not supported by probable

cause. (Doc. 29-4 (stating the arrest warrant was issued due to Ms. Bronnenberg's failure to appear for a prior show cause hearing).) And even if the arrest warrant did lack supporting probable cause when it was issued, that would not demand money damages against Officer Eggers for executing the facially-valid warrant. *Turney*, 898 F.2d at 1473 (officers should "not be called upon to answer for the legality of decisions which they are powerless to control").

At best, Ms. Bronnenberg relies upon general Fourth Amendment principles in alleging Officer Eggers violated her constitutional rights, but the U.S. Supreme Court demands that "the clearly established right must be defined with specificity." *City of Escondido, Cal. v. Emmons*, 139 S. Ct. 500, 503 (2019) (per curiam). The Supreme Court "has repeatedly told courts ... not to define clearly established law at a high level of generality." *Id.* (quoting *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (per curiam)). Ms. Bronnenberg has not set forth a clearly-established right that Officer Eggers allegedly violated. "[T]here is no clearly established law to the effect that an arrest based on execution of a court's bench warrant may constitute false arrest." *Zamora v. City of Belen*, 383 F. Supp. 2d 1315, 1338 (D.N.M. 2005). The Court cannot conclude that "every reasonable official would have understood" that Officer Egger's conduct here was unreasonable and in violation of the Fourth Amendment. *Aschcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

## **CONCLUSION AND ORDER**

Based on the undisputed evidence presented by the parties, Ms. Bronnenberg has not overcome either prong of the qualified immunity defense. Consequently, Officer

Eggers is entitled to qualified immunity, which protects him against liability for civil damages.

Ms. Bronnenberg's request for a declaratory judgment (*see* Doc. 9 at p. 9) must be denied because it seeks a declaration aimed at past conduct, but the "Eleventh Amendment does not permit judgments against state officers declaring that they violated federal law in the past." *Johns v. Stewart*, 57 F.3d 1544, 1553 (10th Cir. 1995). Finally, Ms. Bronnenberg's request for an injunction against any future constitutional deprivations (*see* Doc. 9 at p. 9) must also be denied because "the complaint alleged no threatened violations other those specifically charged," yet "the necessary determination [for an injunction to issue] is that there exists some cognizable danger of recurrent violation." *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953).

**IT IS THEREFORE ORDERED** that Defendant Egger's Motion to Dismiss Plaintiff's Complaint (Doc. 28) is **GRANTED**. Officer Egger is entitled to qualified immunity.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Declaratory Judgment (Doc. 36) and Plaintiff's Motion for Summary Judgment (Doc. 38) are **DENIED**. Final judgment in Defendants' favor and against Plaintiff shall be entered in this matter and the case will be closed.

**DATED:** July 31st, 2019.

Scott W. Skavdahl
United States District Judge



FILED

9:21 am, 8/5/19
**Stephan Harris**
**Clerk of Court**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

TAMI MAE BRONNENBERG

                                    Plaintiff

vs                                                  Case Number:  19-CV-21-SWS

BEAU J. EGGER, Arresting Officer

                                    Defendant

## JUDGMENT IN A CIVIL ACTION

This matter comes before the Court on  Defendants' Motion to Dismiss which was converted into a motion for Summary Judgment  (ECF No. 28) and Plaintiff's Motions for Declaratory Judgment (ECF No. 36) and for Summary Judgment (ECF No. 38). Pursuant to the Order  entered August 5, 2019, incorporated by reference herein,  GRANTING Defendant's Motion for Summary Judgment and Denying Plaintiff's Motions for Declaratory Judgment and for Summary Judgment,

IT IS HEREBY ORDERED AND ADJUDGED that a Judgment be entered on behalf of the Defendants and the matter is dismissed.

Dated this 5th day of August, 2019.

                                    Stephan Harris
                                    Clerk of Court

                                    By Crystal Toner
                                    Deputy Clerk

WY 37                                                                  Rev. 10/30/2017

343